MUSICK, PEELER & GARRETT LLP
LAWRENCE A. TABB (State Bar No. 141471)
l.tabb@musickpeeler.com
333 South Hope Street
Suite 2900
Los Angeles, CA 90071
Telephone: 213.629.7797

CHOATE, HALL & STEWART LLP
Robert Kole *(pro hac vice forthcoming)*
Caroline Trusty *(pro hac vice forthcoming)*
rkole@choate.com
ctrusty@choate.com
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000

*Attorneys for Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.),<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs Liberty Mutual Fire Insurance Company ("LM Fire") and Liberty Insurance Corporation ("LIC" and, along with LM Fire, "Liberty"), by and through their undersigned attorneys, hereby submit this Complaint for Declaratory Judgment against Defendant LX Hausys America, Inc., formerly known as LG Hausys America, Inc. ("Hausys"), and allege as follows:

## NATURE OF THE ACTION

1. Hausys is a manufacturer of stone products, including granite, natural stone and artificial stone, that contain silica and other contaminants.

2. Hausys has been sued, along with a number of other defendants, in more than 100 lawsuits, most of which are in California, brought by individuals alleging that they suffer from silicosis and other related bodily injuries as a result of having inhaled or ingested silica, either alone or in combination with other substances, generated during the fabrication of defendants' stone products (collectively, the "Silica Lawsuits"). A list of the Silica Lawsuits asserted against Hausys is attached hereto as Appendix 1.

3. Hausys tendered the Silica Lawsuits to Liberty, seeking defense and indemnity under a number of primary and umbrella policies issued by Liberty to Hausys, covering the period from August 1, 2009 to August 1, 2017 (collectively, the "Liberty Policies").

4. Liberty denied coverage for the Silica Lawsuits under the Liberty Policies. Among the policy provisions on which Liberty relied in its denial was a silica exclusion contained in each of the Liberty Policies (the "Silica Exclusion"). Although the precise language of the Silica Exclusion differs depending on the subject policy, each iteration broadly excludes injuries or damage caused or allegedly caused by silica, either alone or in combination with other substances. The Silica Lawsuits fall squarely within the language of the Silica Exclusions, as every one of the Silica Lawsuits alleges injuries caused by exposure to silica, either alone or in combination with other substances. That conclusion was confirmed by a very

**COMPLAINT FOR DECLARATORY JUDGMENT**
2

3729358.1

recent federal court decision involving one of Hausys's co-defendants in the Silica Litigation. *See Hanover Amer. Ins. Co. et al. v. Francini, Inc.*, Case No. 2:23-cv-10047, 2025 U.S. Dist. LEXIS 70996 (C.D. Cal. March 27, 2025).

5. All but one of the Liberty Policies also contain a pollution exclusion (the "Pollution Exclusion"), which excludes bodily injury "which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." "Pollutants" is defined as: "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Plaintiffs in the Silica Lawsuits allege that they suffered "bodily injury" due to the discharge, dispersal, release and/or escape of silica and other contaminants from Hausys's stone products, which plaintiffs inhaled or ingested. The Pollution Exclusion therefore also bars coverage for the Silica Lawsuits. *See, e.g., American States Ins. v. Zippro*, 216 Ga. App. 499 (Ga. App. 1995).

6. Hausys has continued to seek defense and indemnity from Liberty despite Liberty's coverage denials and the unambiguous language of the Silica Exclusion and Pollution Exclusion contained in Liberty's Policies, such that an actual controversy exists as to whether the Liberty Policies provide coverage to Hausys for the Silica Lawsuits.

7. As described further below, Liberty owes no coverage obligations with respect to the Silica Lawsuits. In light of this pending controversy, Liberty seeks a declaration that it is not obligated to defend or indemnify Hausys in connection with the Silica Lawsuits.

**PARTIES**

8. Plaintiff Liberty Mutual Fire Insurance Company is organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts.

9. Plaintiff Liberty Insurance Corporation is organized under the laws of Illinois with its principal place of business in Boston, Massachusetts.

10. On information and belief, Defendant LX Hausys America, Inc. is organized under the laws of New Jersey with its principal place of business in Adairsville, Georgia.

**VENUE & JURISDICTION**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this District because (a) this action concerns coverage for multiple lawsuits filed and/or pending in the state courts located in this District and other Districts in the State of California in which Hausys is a defendant (*see* Appendix 1); (b) Hausys does business in this District; and (c) the insurance policies at issue in this coverage dispute contain multiple California-specific endorsements, including a California-specific Silica Exclusion endorsement.

13. This Court has personal jurisdiction over Hausys because Hausys does business in this District and this action concerns coverage for multiple lawsuits filed and/or pending in state courts located in this District and in the State of California.

14. This Court has authority to grant the relief requested herein with respect to the controversy between Liberty and Hausys, in accordance with the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**FACTUAL ALLEGATIONS**

**I.    The Liberty Policies.**

   *A.    The LM Fire Policies.*

15. LM Fire issued the following commercial general liability policies to LG Hausys America, Inc., true and correct copies of which are attached hereto as Exhibits A and B, respectively (the "LM Fire Primary Policies"):

   a. TB2-651-289517-029, with a policy period of August 1, 2009 to August 1, 2010.

   b. TB2-651-289517-020, with a policy period of August 1, 2010 to August 1, 2011.

**COMPLAINT FOR DECLARATORY JUDGMENT**
4

3729358.1

16. The LM Fire Primary Policies contain a Commercial General Liability Coverage Form (CG 00 01 12 07) that states, in relevant part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**….

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" and "property damage" occurs during the policy period…

17. Each of the LM Fire Primary Policies contains a Silica Exclusion Endorsement, via Endorsement LC 21 02 06 05, which states, in relevant part, as follows:

**SILICA EXCLUSION ENDORSEMENT**

This insurance does not apply to any liability, damages, loss, injury, demand, claim or "suit" any part of which is caused by, or allegedly caused by, silica, either alone or in combination with other substances or factors, whether included in a product or otherwise.

18. Each of the LM Fire Primary Policies also contains a Total Pollution Exclusion With A Hostile Fire Exception, via Endorsement CG 21 55 09 99, which states, in relevant part, as follows:

**TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION**

This insurance does not apply to:

**f. Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

**(a)** At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

**(b)** At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants"….

B. *The LIC Umbrella Policies.*

19. LIC issued the following umbrella excess liability policies to LG Hausys America, Inc., true and correct copies of which are attached hereto as Exhibits C-J (the "LIC Umbrella Policies"):

    a. TH2-651-289517-019, with a policy period of August 1, 2009 to August 1, 2010 (Exhibit C).

    b. TH2-651-289517-010, with a policy period of August 1, 2010 to August 1, 2011 (Exhibit D).

    c. TH7-651-289517-011, with a policy period of August 1, 2011 to August 1, 2012 (Exhibit E).

    d. TH7-651-289517-012, with a policy period of August 1, 2012 to August 1, 2013 (Exhibit F).

    e. TH7-651-289517-013, with a policy period of August 1, 2013 to August 1, 2014 (Exhibit G).

    f. TH7-651-289517-014, with a policy period of August 1, 2014 to August 1, 2015 (Exhibit H).

    g. TH7-651-289517-015, with a policy period of August 1, 2015 to August 1, 2016 (Exhibit I).

    h. TH7-651-289517-016, with a policy period of August 1, 2016 to August 1, 2017 (Exhibit J).

20. The Insuring Agreement of the LIC Umbrella Policies provides, in relevant part, as follows:

# INSURING AGREEMENTS[1]

**SECTION I – COVERAGES**

**1. Insuring Agreement**

 a. We will pay on behalf of the insured those sums in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of:

  **(1)** "Bodily injury";

  **(2)** "Property damage"; or

  **(3)** "Personal and advertising injury:'

  to which this insurance applies. The amount we will pay for damages is limited as described in SECTION III – LIMITS OF INSURANCE.

 …

 c. This insurance applies only if:

  **(1)** The "bodily injury" or "property damage" occurs during the policy period, or the "personal and advertising injury" is caused by an offense arising out of your business but only if the offense was committed during the policy period;

  **(2)** The "bodily injury", "property damage" or "personal and advertising injury" is caused by an "occurrence" that takes place anywhere…

 …

This insurance does not apply to:

---

[1] The LIC Umbrella Policies effective during the period 8/1/2011-8/1/2017 are written on Form LCU 00 01 11 10, which is quoted above. The LIC Umbrella Policies effective during the period 8/1/2009-8/1/2011 are written on form GPO 4072 TH R2, which contains substantively similar language.

i. **Pollution**[2]

**(1)** "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time, whether included in a product or otherwise.

Paragraph (1) of this exclusion does not apply to coverage described in (a) through (e) below if the "bodily injury" or "property damage" is covered by "underlying insurance". Coverage will follow the terms, definitions, conditions and exclusions of "underlying insurance", subject to the policy period, limits of insurance, premium and all other terms, definitions, conditions and exclusions of this policy, except that coverage provided will be no broader than the coverage provided by the "underlying insurance".

**(a)** "Bodily injury" if sustained within a building which is or was at any time owned, or occupied by, or rented or loaned to any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(b)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"…

**(c)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids that are needed to perform normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment"….

**(d)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or

---

[2] This Pollution Exclusion is contained in the LIC Umbrella Policies issued for the policy periods of 8/1/2011-8/1/2017.

**COMPLAINT FOR DECLARATORY JUDGMENT**
9

3729358.1

vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

**(e)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of a "covered auto" or its parts…

**(2)** "Pollution cost or expense".

This exclusion i. applies regardless of whether such discharge, dispersal, seepage, migration, release or escape occurs inside or outside a building or whether such "pollutant" has any function in your business, operations, premises, site or location.

21. Each of the LIC Umbrella Polices contains one or more Silica Exclusions. The LIC Umbrella Policies effective during the period August 1, 2011 to August 1, 2017 include a Silica or Silica-Related Dust Exclusion, via Endorsement LCU 21 19 11 10, which provides, in relevant part, as follows:

**SILICA OR SILICA-RELATED DUST EXCLUSION**

**A.** The following exclusion is added to Paragraph **2. Exclusions of SECTION I - COVERAGES**:

**2. Exclusions**

This insurance does not apply to:

**Silica or Silica-Related Dust**

**(1)** "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust"

…

B. The following definitions are added to **SECTION V – DEFINITIONS**:

**COMPLAINT FOR DECLARATORY JUDGMENT**
10

3729358.1

a. "Silica" means silicon dioxide (occurring in crystalline, amorphous, and impure forms), silica particles, silica dust or silica compounds.

b. "Silica-related dust" means a mixture or combination of silica and other dust or particles.

22. The LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011, include a Silica Exclusion Endorsement, via Endorsement LG 3133 TH 07 03, which provides, in relevant part, as follows:

**SILICA EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

UMBRELLA EXCESS LIABILITY POLICY

This insurance does not apply to **bodily injury**, **property damage**, **personal injury** or **advertising injury** any part of which is caused by, or allegedly caused by, silica, in any form or any substance containing silica, either alone, or in combination with other substances or factors, whether included in a product or otherwise.

23. The LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011 also contain a California Silica Exclusion Endorsement, via Endorsement LG 3125 TH 07 03, which provides, in relevant part, as follows:

**CALIFORNIA - SILICA EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

UMBRELLA EXCESS LIABILITY POLICY

This insurance does not apply to **bodily injury**, **property damage**, **personal injury** or **advertising injury** any part of which is caused by, or allegedly caused by, the inhalation of or exposure to silica at any time, in any form or any substance containing silica, either alone, or in combination with other substances or factors, whether included in a product or otherwise.

24. The LIC Umbrella Policy effective August 1, 2009 to August 1, 2010 contains a Total Pollution Exclusion With A Hostile Fire Exception, via Endorsement TH 26 03 01 07, that provides, in relevant part, as follows:

COMPLAINT FOR DECLARATORY JUDGMENT
11

3729358.1

## TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION

This endorsement modifies insurance provided under the following:

**UMBRELLA EXCESS LIABILITY POLICY**

A. Exclusion d of Section I – Coverage – Excess Liability is replaced by the following:

   i. Pollution

      (1). **Bodily injury**, **property damage**, **personal injury** and **advertising injury** which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time, whether included in a product or otherwise.

      This paragraph (1) does not apply to **bodily injury** or **property damage** arising out of heat, smoke or fumes from a **hostile fire** unless that **hostile fire** occurred or originated:

         (a) At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste…

Except with respect to the **hostile fire** exception described above, this exclusion applies regardless of whether such discharge, dispersal, seepage, migration, release or escape occurs inside or outside a building or whether such **pollutant** has any function in your business, operations, premises, site or location.

B. The following Definition is added to the Definitions Section:

**Hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

   25.   The Liberty Policies contain provisions in addition to those quoted above which may be relevant to the relief sought by Liberty in this Complaint.

Liberty reserves the right to rely on any such contractual provisions as appropriate, including but not limited to the following:

    a.    The Liberty Policies only cover "bodily injury" if it is caused by an "occurrence," defined, in relevant part, as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

    b.    Each of the Liberty Policies only covers "bodily injury" that takes place during the policy period of such policy.

    c.    The LM Fire Primary Policies exclude "bodily injury" expected or intended from the standpoint of the insured.

    d.    The LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011 exclude "bodily injury" expected or intended from the standpoint of the insured.

    e.    The LIC Umbrella Policies effective during the period August 1, 2011 to August 1, 2017 exclude "bodily injury" arising out of an act that is intended by the insured or would be expected from the standpoint of a reasonable person in the circumstances of the insured to cause "bodily injury", even if the actual "bodily injury" is of a different degree or type than intended or expected.

    f.    Each of the LIC Umbrella Policies excludes "bodily injury" within the products-completed operations hazard if the injury or damage first occurred prior to the effective date of such policy.

## II.   The Silica Lawsuits.

26.    Hausys has been named as one of a number of defendants in more than 100 Silica Lawsuits brought by plaintiffs alleging exposure to silica and other contaminants contained in defendants' -- including Hausys's -- stone products. The complaints in the Silica Lawsuits are public court records subject to judicial notice and are incorporated by reference herein. Most of the Silica Lawsuits contain similar, if not identical, allegations. Additionally, most of the Silica Lawsuits were filed and are pending in state courts in California.

27. The Silica Lawsuits allege injuries, including principally silicosis, caused by plaintiffs' exposure to the defendants' silica-containing stone products. The complaints in the Silica Lawsuits contain numerous specific allegations relating to the dangers of silica, the defendants' knowledge of the dangers of silica, and the defendants' use of silica-containing products despite such knowledge. In short, the Silica Lawsuits all allege bodily injury that was caused by exposure to silica, either alone or in combination with other substances. The Silica Lawsuits also allege bodily injury that would not have occurred, in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," including silica and other contaminants contained in Hausys's stone products, that were then ingested or inhaled by plaintiffs.

28. Attached as Exhibit K is a complaint (the "Gonzales Quiroz Complaint") filed against Hausys and others by a plaintiff in one of the Silica Lawsuits. See *Cesar Manuel Gonzales Quiroz v. American Marble & Onyx Co., Inc.*, No. 24STCV01477 (Los Angeles Sup. Ct.) (the "Cesar Manuel Gonzales Quiroz Action"). The Gonzales Quiroz Complaint was filed by the Metzger Law Group, the law firm that has filed the vast majority of Silica Lawsuits against Hausys. It therefore serves as a good exemplar complaint for the Silica Lawsuits.

29. The allegations of the Gonzales Quiroz Complaint fall squarely within the Silica and Pollution Exclusions. The complaint includes a section entitled "Stone Slab Products And Their Toxic Constituents," which describes the contaminants contained in the defendants' products, with a heavy focus on crystalline silica. *Id*., ¶¶ 75-85. It details plaintiffs' injuries caused by "exposure to silica, metals and other toxins," resulting in "silica-related diseases." *Id*., ¶¶ 98-99. It includes dozens of paragraphs describing the dangers of silica, the stone industry's knowledge of those dangers, and the stone industry's use of silica-containing stone products despite that knowledge. *Id*., ¶¶ 111-192. The remainder of the Gonzales Quiroz Complaint describes in detail each defendant's use of "artificial stone products

containing approximately 95% crystalline silica that caused or contributed to Plaintiff's silicosis, pulmonary fibrosis, progressive massive fibrosis, and other injuries." *Id.*, ¶¶ 193-1073.  As with the other defendants, the section addressed to Hausys focuses on its use of, and knowledge of the dangers of, crystalline silica.  *Id.*, ¶¶ 819-828.

### III.  Hausys's Request For Coverage From Liberty.

30.  Hausys has sought defense and/or indemnity from Liberty for all of the Silica Lawsuits identified in Appendix 1.  Hausys first sought coverage from Liberty for the Silica Lawsuits in late 2024.

31.  By letter dated November 8, 2024, Liberty denied coverage for the first group of Silica Lawsuits submitted by Hausys, relying principally on the Silica Exclusion and the Pollution Exclusion in the Liberty Policies.  Hausys did not object or otherwise respond to Liberty's coverage denial at that time.

32.  On March 18, 2025, Liberty sent a supplemental denial letter to Hausys addressing additional Silica Lawsuits that were sent by Hausys to Liberty after Liberty's November 8, 2024 coverage denial.  The Silica Lawsuits addressed in Liberty's March 18, 2025 supplemental denial letter were not substantively different from the Silica Lawsuits that Liberty had already denied.  As a result, Liberty reiterated its prior denial based principally on the Silica Exclusion and the Pollution Exclusion.

33.  On March 17, 2025, Hausys, via a letter from its outside counsel, Eric Little, demanded that Liberty fund the settlement of one of the Silica Lawsuits.  Although the letter mistakenly referenced two different Silica Lawsuits, it appears to have intended to apply to the Cesar Manuel Gonzales Quiroz Action.

34.  On March 21, 2025, Liberty's counsel responded to Mr. Little's letter, and reiterated Liberty's denial.  Liberty's counsel also requested any additional information that Hausys believed was pertinent to its coverage position and offered to review it.

35. On March 27, 2025, in a separate case, this Court found that two insurance companies did not have a duty to defend an insured in underlying silica lawsuits because the commercial general liability insurance policies at issue in that case contained silica exclusions. *See Hanover Am. Ins. Co. v. Francini Inc.*, No. 2:23-cv-10047-MRA-MAA, 2025 U.S. Dist. LEXIS 70996, at *5 (C.D. Cal. Mar. 27, 2025) (the "*Francini* Litigation").

36. On June 19, 2025, Mr. Little wrote to Liberty again, continuing to dispute Liberty's coverage position. Mr. Little's letter did not acknowledge or reference this Court's decision in the *Francini* Litigation.

## COUNT I
**(Declaratory Judgment – No Duty to Defend Hausys in the Silica Lawsuits)**

37. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of this Complaint as though fully alleged herein.

38. As described above, Liberty has denied that it owes Hausys a duty to defend in connection with the Silica Lawsuits under the Liberty Policies, and Hausys has disputed Liberty's position.

39. There exists an actual, ripe, and justiciable controversy between the parties concerning the question of whether Liberty owes a duty to defend Hausys in the Silica Lawsuits.

40. Liberty seeks and is entitled to a declaration that, under the terms, conditions, and exclusions of the Liberty Policies, Liberty has no duty to defend Hausys or to pay for Hausys's defense costs with respect to the Silica Lawsuits.

## COUNT II
**(Declaratory Judgment – No Duty to Indemnify Hausys for the Silica Lawsuits)**

41. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of this Complaint as though fully alleged herein.

42. As described above, Hausys has sought indemnity from Liberty under the Liberty Policies for the Silica Lawsuits, both generally and specifically with respect to the Cesar Manuel Gonzales Quiroz Action.

43. Liberty disputes that it could owe any indemnification obligation to Hausys under any of the Liberty Policies for the Silica Lawsuits generally or the Cesar Manuel Gonzales Quiroz Action specifically.

44. There exists an actual, ripe, and justiciable controversy between the parties concerning the question whether Liberty owes, or could owe, any duty to indemnify Hausys in connection with the Silica Lawsuits generally or the Cesar Manuel Gonzales Quiroz Action specifically.

45. Because the duty to defend is broader than the duty to indemnify, Liberty seeks and is entitled to a declaration that Liberty has no duty to indemnify Hausys for the Silica Lawsuits generally or the Cesar Manuel Gonzales Quiroz Action specifically.

**PRAYER FOR RELIEF**

WHEREFORE, Liberty respectfully prays for judgment as follows:

   a. A declaration that Liberty is not obligated to defend Hausys or pay for Hausys's defense with respect to the Silica Lawsuits under any of the Liberty Policies;

   b. A declaration that Liberty is not obligated to indemnify Hausys with respect to the Silica Lawsuits under any of the Liberty Policies;

   c. A declaration that Liberty is not obligated to indemnify Hausys with respect to the Cesar Manuel Gonzales Quiroz Action under any of the Liberty Policies; and

   d. Such other and further relief as this Court deems just and proper.

///

| | | |
|---|---|---|
| 1 | Dated: August 4, 2025 | Respectfully submitted, |
| 2 | | MUSICK, PEELER & GARRETT LLP |

/s/ Lawrence A. Tabb
Lawrence A. Tabb
l.tabb@musickpeeler.com
333 South Hope Street
Suite 2900
Los Angeles, CA 90071
Telephone:     213.629.7797

– and –

CHOATE, HALL & STEWART LLP
Robert Kole
Caroline Trusty
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
rkole@choate.com
ctrusty@choate.com
*Attorneys for Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation*

3729358.1

**COMPLAINT FOR DECLARATORY JUDGMENT**