MUSICK, PEELER & GARRETT LLP
LAWRENCE A. TABB (State Bar No. 141471)
*l.tabb@musickpeeler.com*
DANICA LAM (State Bar No. 266710)
*d.lam@musickpeeler.com*
333 South Hope Street
Suite 2900
Los Angeles, CA 90071
Telephone: (213) 629-7797


– and –

CHOATE, HALL & STEWART LLP
Robert Kole *(pro hac vice)*
Caroline Trusty *(pro hac vice)*
rkole@choate.com
ctrusty@choate.com
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
*Counsel for Liberty Mutual Fire Insurance
Company and Liberty Insurance Corporation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.), <br><br> Defendant. | Case No.: 2:25-cv-07207-CAS-KS <br><br> **PLAINTIFFS LIBERTY MUTUAL FIRE INSURANCE COMPANY AND LIBERTY INSURANCE CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
1

## COUNTERCLAIM

Plaintiffs and Counterclaim Defendants Liberty Mutual Fire Insurance Company ("LM Fire") and Liberty Insurance Corporation ("LIC" and, along with LM Fire, "Liberty"), by and through their undersigned attorneys, hereby answer the Counterclaim (the "Counterclaim") filed by Defendant and Counterclaimant LX Hausys America, Inc., formerly known as LG Hausys America, Inc. ("Hausys"), and allege as follows:

## NATURE OF ACTION

1. Liberty admits that Hausys has been named as a defendant in certain lawsuits alleging silica-related injuries ("Underlying Lawsuits"). Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 1 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

2. Liberty denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, and that many of the Underlying Lawsuits are pending in state court in various California counties, including Los Angeles, San Francisco, and Orange. Answering further, Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 3 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

4. Paragraph 4 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty admits that LM Fire and LIC issued CGL policies to Hausys (the "LM Fire Policies" and the "LIC Policies," and collectively, the "Liberty Policies") and that the Liberty Policies speak for themselves. Liberty denies that Hausys accurately or completely describes the Liberty Policies and refers to the Liberty Policies for a complete and accurate statement of their contents. Liberty also admits that Hausys

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

has provided notice to Liberty of certain Underlying Lawsuits, and that the parties have corresponded regarding those lawsuits, which correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence and refers to the correspondence for a complete and accurate statement of its contents.

5.      Liberty admits that it has denied coverage for the Underlying Lawsuits and that Hausys and Liberty have corresponded regarding those lawsuits, which correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence, including any coverage position letters, for a complete and accurate statement of its contents.

6.      Liberty admits that it has denied coverage for the Underlying Lawsuits and that Hausys and Liberty corresponded regarding certain silica-related lawsuits, which correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence, including any coverage position letters, for a complete and accurate statement of its contents.

7.      Liberty admits that it has denied coverage for the Underlying Lawsuits and that Hausys and Liberty corresponded regarding those lawsuits, which correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence, including any coverage position letters, for a complete and accurate statement of its contents. Liberty further admits that it filed this action against Hausys to resolve the parties' coverage dispute.

8.      Paragraph 8 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 8.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

9. Paragraph 9 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 9.

10. Paragraph 10 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 10.

11. Paragraph 11 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 11.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Counterclaim contains conclusions and contentions of law to which no response is required.

13. Paragraph 13 of the Counterclaim contains conclusions and contentions of law to which no response is required.

## PARTIES

14. Upon information and belief, Liberty admits the allegations in paragraph 14.

15. Liberty admits that LM Fire is a corporation organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts.

16. Liberty admits that LIC is organized under the laws of Illinois with its principal place of business in Boston, Massachusetts.

## GENERAL ALLEGATIONS

**IV. The Underlying Bodily Injury Lawsuits**

17. Liberty admits, upon information and belief, that Hausys has been named as a defendant in the Underlying Lawsuits, including those identified on Exhibit 1.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 17 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
4

18.    Paragraph 18 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent an answer is required, Liberty denies the allegations in paragraph 18.

19.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 19 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

20.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, including *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Co. Inc., et al.*, No. 24STCV01477 ("*Quiroz*"), which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits or *Quiroz* in paragraph 20 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

21.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, including *Quiroz,* which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 21 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

22.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, including *Quiroz*, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 22 and refers to the lawsuits for a complete and accurate statement of their contents.

23.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, including *Quiroz*, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 23 and refers to the lawsuits for a complete and accurate statement of their contents.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
5

24.     Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, including *Quiroz,* which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 24 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.  Answering further, Liberty admits that the Liberty Policies were issued to Hausys.  Liberty states that the Liberty Policies speak for themselves.  Liberty denies that Hausys accurately or completely describes the Liberty Policies in paragraph 24 and refers to the Liberty Policies for a complete and accurate statement of their contents.

25.     Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 25 and refers to the lawsuits for a complete and accurate statement of their contents.

26.     Upon information and belief and based on publicly available information, Liberty admits the allegations in paragraph 26.

27.     Liberty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Paragraph 28 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 28 as they relate to Liberty.  Liberty denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

**V.     The Commercial General Liability Policies At Issue**

29.     Liberty admits that the Liberty Policies identified in paragraph 29 were issued to Hausys, which speak for themselves, including any premiums, policy numbers, policy periods, or general aggregate limits related to the Liberty Policies.  Liberty denies that Hausys accurately describes the Liberty Policies, including any premiums, policy numbers, policy periods or general aggregate

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
6

limits related to the Liberty Policies, and refers to the Liberty Policies for a complete and accurate statement of their contents.

30. Paragraph 30 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 30.

31. Paragraph 31 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, upon information and belief, Liberty admits the allegations in paragraph 31.

32. Paragraph 32 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty admits that the Liberty Policies were issued to Hausys, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Liberty Policies and refers to the Liberty Policies for a complete and accurate statement of their contents.

33. Paragraph 33 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty admits that the Liberty Policies were issued to Hausys, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Liberty Policies and refers to the Liberty Policies for a complete and accurate statement of their contents.

34. Liberty admits that the Liberty Policies were issued to Hausys, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Liberty Policies and refers to the Liberty Policies for a complete and accurate statement of their contents.

35. Liberty denies the allegations in paragraph 35.

36. Liberty admits that the Liberty Policies contain silica exclusions, which speak for themselves.  Liberty denies that Hausys accurately or completely

describes the Liberty Policies and refers to the Liberty Policies for a complete and accurate statement of their contents.  Answering further, each of the LM Fire Policies contains a Silica Exclusion Endorsement, via Endorsement LC 21 02 06 05, which states, in relevant part, "[t]his insurance does not apply to any liability, damages, loss, injury, demand, claim or 'suit' any part of which is caused by, or allegedly caused by, silica in any form or any substance containing silica, either alone or in combination with other substances or factors, whether included in a product or otherwise."  Answering further, the LIC Policies effective during the period August 1, 2011 to August 1, 2017 include a Silica or Silica-Related Dust Exclusion, via Endorsement LCU 21 19 11 10, which states, in relevant part, "[t]his insurance does not apply to…'[b]odily injury arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust.'"  Answering further, the LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011, include a Silica Exclusion Endorsement, via Endorsement LG 3133 TH 07 03, which states, in relevant part, "[t]his insurance does not apply to bodily injury, property damage, personal injury or advertising injury any part of which is caused by, or allegedly caused by, silica in any form or any substance containing silica, either alone, or in combination with other substances or factors, whether included in a product or otherwise."

37.    Paragraph 37 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 37.

38.    Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 38 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

39.     Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 39 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.

40.     Paragraph 40 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty admits that Hausys has been named as a defendant in the Underlying Lawsuits.  Liberty denies that Hausys accurately or completely describes the Underlying Lawsuits in paragraph 40 and refers to the pleadings in the lawsuits for a complete and accurate statement of their contents.  Answering further, Liberty denies that Hausys accurately or completely describes the opinion in *Am. Zurich Ins. Co. v. James N. Gray Co.*, No. SACV 13-1966 AG (JPRx), 2014 WL 11430928 (C.D. Cal. July 25, 2014) and refers to that decision for a complete and accurate representation of its contents.

41.     Paragraph 41 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 41.

42.     Liberty admits that the Liberty Policies were issued to Hausys, which speak for themselves.  Liberty denies that Hausys accurately or completely describes the Liberty Policies in paragraph 42 and refers to the Liberty Policies for a complete and accurate statement of their contents.

43.     Paragraph 43 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 43.

44.     Paragraph 44 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 44.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

## VI.  Standards Applicable to Liberty's Handling of Insurance Claims

45.  Paragraph 45 of the Counterclaim contains conclusions and contentions of law to which no response is required.

46.  Paragraph 46 of the Counterclaim contains conclusions and contentions of law to which no response is required.

47.  Paragraph 47 of the Counterclaim contains conclusions and contentions of law to which no response is required.

48.  Paragraph 48 of the Counterclaim contains conclusions and contentions of law to which no response is required.

49.  Paragraph 49 of the Counterclaim contains conclusions and contentions of law to which no response is required.

50.  Paragraph 50 of the Counterclaim contains conclusions and contentions of law to which no response is required.

51.  Paragraph 51 of the Counterclaim contains conclusions and contentions of law to which no response is required.

52.  Liberty admits that the parties dispute whether Liberty has any obligations under the Liberty Policies with respect to the Underlying Lawsuits. Answering further, Liberty denies that it has any obligation to defend or indemnify Hausys under the Liberty Policies with respect to the Underlying Lawsuits. Liberty denies the remaining allegations in paragraph 52.

## VII.  Liberty Breached Its Coverage Obligations

53.  Paragraph 53 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 53.

54.  Paragraph 54 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty upon information and belief admits the allegations in paragraph 54.

---

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

55. Paragraph 55 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty admits that Hausys has provided notice to Liberty of certain Underlying Lawsuits, and that Hausys and Liberty corresponded regarding those lawsuits, which correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to that correspondence for a complete and accurate statement of its contents.

56. Paragraph 56 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 56.

57. Paragraph 57 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 57.

58. Liberty admits that Hausys and Liberty corresponded regarding the Underlying Lawsuits, including via a letter from Hausys' counsel dated October 25, 2024, and that correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence for a complete and accurate statement of their contents.

59. Liberty admits that it denied coverage for Hausys in connection with the Underlying Lawsuits under the Liberty Policies, including via a letter from its counsel dated November 8, 2024. Answering further, Liberty refers to the correspondence, including any coverage position letters, between Liberty and Hausys for a complete and accurate statement of its contents.

60. Liberty admits that Hausys and Liberty corresponded regarding the Underlying Lawsuits, including via email dated November 15, 2024, and that correspondence speaks for itself. Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence for a complete and accurate statement of its contents.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
11

61.     Liberty admits that Hausys and Liberty corresponded regarding the Underlying Lawsuits, including via letters dated January 15, 2025 and March 4, 2025,  and that correspondence speaks for itself.  Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence for a complete and accurate statement of its contents.

62.     Liberty admits that Hausys and Liberty corresponded regarding the Underlying Lawsuits, including via letter dated March 17, 2025, and that correspondence speaks for itself.  Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence for a complete and accurate statement of its contents.

63.     Liberty admits that it denied coverage for Hausys in connection with the Underlying Lawsuits under the Liberty Policies, including via letter dated March 18, 2025.  Liberty refers to the correspondence, including any coverage position letters, between Liberty and Hausys for a complete and accurate statement of its contents.

64.     Liberty admits that it denied coverage for Hausys in connection with the Underlying Lawsuits under the Liberty Policies, including via letter dated March 21, 2025.  Liberty refers to the correspondence, including any coverage position letters, between Liberty and Hausys for a complete and accurate statement of its contents.

65.     Liberty admits that Hausys and Liberty corresponded regarding the Underlying Lawsuits, including via letter dated June 19, 2025, and that correspondence speaks for itself.  Liberty denies that Hausys accurately or completely describes the correspondence with Liberty and refers to the correspondence for a complete and accurate statement of its contents.  Answering further, Liberty denies that it has any duty to defend or indemnify Hausys in connection with the Underlying Lawsuits under the Liberty Policies.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
12

66.     Liberty admits that it denied coverage for Hausys in connection with the Underlying Lawsuits under the Liberty Policies, including via letter dated August 5, 2025.  Liberty refers to the correspondence, including any coverage position letters, between Liberty and Hausys for a complete and accurate statement of its contents.  Answering further, Liberty admits that it initiated a declaratory judgment action against Hausys, captioned *Liberty Mutual Fire Insurance Company et al v. LX Hausys America, Inc.* on August 5, 2025.  Liberty refers to the complaint filed by Liberty in this action for a complete and accurate statement of its contents.

67.     Paragraph 67 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 67.

68.     Paragraph 68 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 68.

69.     Paragraph 69 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Liberty admits that it denied coverage for Hausys in connection with the Underlying Lawsuits under the Liberty Policies.  Liberty denies the remaining allegations in paragraph 70.

### FIRST COUNTERCLAIM
### (Declaratory Relief – Duty to Defend)

71.     Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of these Counterclaims as though fully alleged herein.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

72. Paragraph 72 of the Counterclaim contains conclusions and contentions of law to which no response is required.

73. Paragraph 73 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 73.

74. Paragraph 74 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 74.

75. Paragraph 75 of the Counterclaim contains conclusions and contentions of law to which no response is required.

76. Paragraph 76 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty admits that Hausys seeks a judicial declaration from the Court. Liberty denies the remaining allegations in paragraph 76.

77. Paragraph 77 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 77.

**SECOND COUNTERCLAIM**

**(Declaratory Relief – Duty to Indemnify)**

78. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of these Counterclaims as though fully alleged herein.

79. Paragraph 79 of the Counterclaim contains conclusions and contentions of law to which no response is required.

80. Paragraph 80 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 80.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

14

81. Paragraph 81 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 81.

82. Paragraph 82 of the Counterclaim contains conclusions and contentions of law to which no response is required.

83. Paragraph 83 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty admits that Hausys seeks a judicial declaration from the Court. Liberty denies the remaining allegations in paragraph 83.

84. Paragraph 84 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 84.

## THIRD COUNTERCLAIM

### (Breach of Contract – Duty to Defend)

85. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of these Counterclaims as though fully alleged herein.

86. Paragraph 86 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 86.

87. Paragraph 87 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 87.

88. Paragraph 88 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 88.

89. Paragraph 89 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 89.

90. Paragraph 90 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 90.

91. Paragraph 91 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 91.

92. Paragraph 92 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 92.

**FOURTH COUNTERCLAIM**

**(Breach of Contract – Duty to Indemnify)**

93. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of these Counterclaims as though fully alleged herein.

94. Paragraph 94 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 94.

95. Paragraph 95 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 95.

96. Paragraph 96 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 96.

97. Paragraph 97 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 97.

98. Paragraph 98 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 98.

99. Paragraph 99 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 99.

100. Paragraph 100 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 100.

**FIFTH COUNTERCLAIM**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – Bad Faith)**

101. Liberty reasserts and incorporates by reference each of the allegations alleged in the preceding paragraphs of these Counterclaims as though fully alleged herein.

102. Paragraph 102 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 102.

103. Paragraph 103 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 103.

104. Paragraph 104 of the Counterclaim contains conclusions and contentions of law to which no response is required. To the extent a response is required, Liberty denies the allegations in paragraph 104.

105. Paragraph 105 of the Counterclaim contains conclusions and contentions of law to which no response is

required, Liberty denies the allegations in paragraph 105.  Answering further, Liberty refers to the Liberty Policies for an accurate representation of their contents.

106.    Paragraph 106 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required.  Liberty denies the allegations in paragraph 106.

107.    Paragraph 107 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 107.

108.    Paragraph 108 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 108.

109.    Paragraph 109 of the Counterclaim contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies the allegations in paragraph 109.

## PRAYER FOR RELIEF

Paragraphs 1-5 of the Prayer for Relief contain conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies that Hausys is entitled to the relief sought in these paragraphs as against Liberty.

## JURY DEMAND

The Jury Demand contains conclusions and contentions of law to which no response is required.  To the extent a response is required, Liberty denies that Hausys is entitled to a trial by jury in this action.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Liberty, and without admitting that Counterclaimant suffered any loss, damage, or injury, or is entitled to any relief sought in these Counterclaims, Liberty alleges the following defenses

to these Counterclaims.  By designating the following as affirmative defenses, Liberty does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein.  Liberty also does not, by alleging any affirmative defense, admit that it has the burden of proof for those defenses.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Counterclaimant's allegations.  These defenses are pleaded in the alternative and are raised to preserve Liberty's rights to assert such defenses, and are without prejudice to its ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

(Silica Exclusion)

Coverage under the Liberty Policies for the Underlying Lawsuits may be barred, in whole or in part, by any of the Liberty Policies' silica exclusions.

## SECOND AFFIRMATIVE DEFENSE

(Total Pollution Exclusion)

Coverage under the Liberty Policies for the Underlying Lawsuits may be barred, in whole or in part, by any of the Liberty Policies' total pollution exclusions.

## THIRD AFFIRMATIVE DEFENSE

(Non-Cumulation)

To the extent that coverage might otherwise exist under the Liberty Policies, Liberty's obligations under the Liberty Policies are limited by the "other insurance" condition, any deductible, any per occurrence, per person, or aggregate limits of liability, and any other policy provisions precluding the stacking or accumulation of multiple policy limits of liability, including any Non-Cumulation of Limits provision.

---

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

## FOURTH AFFIRMATIVE DEFENSE

### (No Coverage for Non-Covered Entities)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that the Underlying Lawsuits for which Hausys seeks coverage are asserted against entities that are not insureds under the Liberty Policies, or were not insureds under the Liberty Policies for some or all of the relevant period.

## FIFTH AFFIRMATIVE DEFENSE

### (No Coverage Outside Covered Period)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that the Underlying Lawsuits do not allege, and Hausys' liability does not arise from damages that took place during any policy period in which Liberty insured Hausys.

## SIXTH AFFIRMATIVE DEFENSE

### (Expected or Intended Injury)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that the Bodily Injury Lawsuits seek damages for injuries that were expected or intended by Hausys.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contribution)

To the extent that the sums allegedly incurred by Hausys are covered by the Liberty Policies, other insurers may be obligated to pay the sums, reimburse Liberty for its payments, or contribute to Liberty's payments.

## EIGHTH AFFIRMATIVE DEFENSE

### (Underlying Limits)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that Hausys cannot prove that any applicable underlying limits have been properly exhausted.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

## NINTH AFFIRMATIVE DEFENSE

### (No Impairment of Rights)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that Hausys has impaired or prejudiced Liberty's rights to subrogation, indemnity, contribution and/or settlement.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that Hausys failed to mitigate its alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Policy Obligations)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that Hausys has failed to perform all of its obligations under the Liberty Policies.

## TWELFTH AFFIRMATIVE DFENSE

### (Non-Cooperation)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Hausys has not cooperated with Liberty in its investigation, settlement, or defense of any purported "claim," "suit," "event" or "occurrence."

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Amend)

To the extent that the Hausys' Counterclaims do not describe the events or claims alleged in it with sufficient particularity to enable Liberty to determine what defenses may exist to such events or claims, Liberty reserves the right to amend this answer, to assert additional affirmative defenses, and to supplement, alter, or change this answer and these defenses upon discovery and investigation in this matter.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

21

**WHEREFORE**, Liberty respectfully requests that the Counterclaimant take nothing by way of its Counterclaims; that the Court dismiss the Counterclaimant's Counterclaims with prejudice; that the Court issue a declaration that Liberty owes no coverage obligation under the Liberty Policies, for which the Counterclaimant seeks coverage in this action; that the Court award Liberty attorneys' fees, costs, and expenses; and that the Court grant Liberty such other and further relief as the Court may deem just and proper.

Dated: December 5, 2025                    Respectfully submitted,


/s/ Lawrence A. Tabb
Lawrence A. Tabb
*l.tabb@musickpeeler.com*
Danica Lam
*d.lam@musickpeeler.com*


– and –


CHOATE, HALL & STEWART LLP
Robert Kole
Caroline Trusty

*Counsel for Liberty Mutual Fire
Insurance Company and Liberty
Insurance Corporation*

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**