UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                    Not Present

Proceedings:       (IN CHAMBERS) - PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 31, filed on January 12, 2026)

## I.    INTRODUCTION

On August 5, 2025, plaintiffs Liberty Mutual Fire Insurance Company ("LM Fire") and Liberty Insurance Corporation ("LIC") (collectively, "Liberty") filed this action against defendant LX Hausys America, Inc. ("Hausys"). Plaintiffs assert two claims for relief: (1) declaratory judgment that Liberty has no duty to defend Hausys; (2) declaratory judgment that Liberty has no duty to indemnify Hausys. Dkt. 1 ("Compl.").

On October 16, 2025, Hausys filed an answer to plaintiffs' complaint and filed two counterclaims against plaintiffs, asserting claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Dkt. 23.

On December 5, 2025, plaintiffs filed an answer to Hausys' counterclaims. Dkt. 29.

On January 12, 2026, plaintiffs filed the instant motion for judgment on the pleadings. Dkt. 31 ("Mot."). On February 26, 2026, defendant filed an opposition. Dkt. 57 ("Opp."). On March 9, 2026, plaintiffs filed a reply. Dkt. 58 ("Reply").

On March 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|----------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

## II.    BACKGROUND

Plaintiffs allege the following in their complaint:

### A.    Parties

Plaintiff Liberty Mutual Fire Insurance Company is organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts.  Compl. ¶ 8.

Plaintiff Liberty Insurance Corporation is organized under the laws of Illinois with its principal place of business in Boston, Massachusetts.  Id. ¶ 9.

Defendant LX Hausys America, Inc. is organized under the laws of New Jersey with its principal place of business in Adairsville, Georgia.  Id. ¶ 10.

### B.    The LM Fire Policies

LM Fire issued commercial general liability policies to LG Hausys America, Inc. (the "LM Fire Primary Policies").  Id. ¶ 15.

The LM Fire Primary Policies contain a Commercial General Liability Coverage Form (CG 00 01 12 07) that states, in relevant part, as follows:

**SECTION I – COVERAGES COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. …

Id. ¶ 16 (emphasis in original).

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Each of the LM Fire Primary Policies contains a Silica Exclusion Endorsement:

**SILICA EXCLUSION ENDORSEMENT**

This insurance does not apply to any liability, damages, loss, injury, demand, claim or "suit" any part of which is caused by, or allegedly caused by, silica, either alone or in combination with other substances or factors, whether included in a product or otherwise.

Id. ¶ 17 (emphasis in original).

Each of the LM Fire Primary Policies also contains a "Total Pollution Exclusion With A Hostile Fire Exception," via Endorsement CG 21 55 09 99, which states, in relevant part, as follows:

TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION

This insurance does not apply to:

    f.  **Pollution**

        (1)  "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

           This exclusion does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated [from] ….

Id. ¶ 18 (emphasis in original).

**C.    The LIC Umbrella Policies**

LIC issued the following umbrella excess liability policies to LG Hausys America, Inc., (the "LIC Umbrella Policies"). Id. ¶ 19.

The Insuring Agreement of the LIC Umbrella Policies provides, in relevant part, as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

### SECTION I – COVERAGES

**1. Insuring Agreement**

a. We will pay on behalf of the insured those sums in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of:

(1) "Bodily injury"

(2) "Property damage"; or

(3) "Personal and advertising injury:'

to which this insurance applies.

…

This insurance does not apply to:

**i. Pollution**[1]

(1) "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time, whether included in a product or otherwise.

Paragraph (1) of this exclusion does not apply to coverage described in (a) through (e) below if the "bodily injury" or "property damage" is covered by "underlying insurance"….

(2) "Pollution cost or expense".

This exclusion **i.** applies regardless of whether such discharge, dispersal, seepage, migration, release or escape occurs inside or outside a building or

---

[1] This Pollution Exclusion is contained in the LIC Umbrella Policies issued for the policy periods of 8/1/2011-8/1/2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

whether such "pollutant" has any function in your business, operations, premises, site or location.

Id. ¶ 20 (emphasis in original).

Similarly, the LIC Umbrella Policy effective August 1, 2009 to August 1, 2010 contains a Total Pollution Exclusion With A Hostile Fire Exception, via Endorsement TH 26 03 01 07, that provides, in relevant part, as follows:

**TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION**

This endorsement modifies insurance provided under the following:

UMBRELLA EXCESS LIABILITY POLICY

A. Exclusion d of Section I – Coverage – Excess Liability is replaced by the following:

   i. Pollution

> (1). **Bodily injury**, **property damage**, **personal injury** and **advertising injury** which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time, whether included in a product or otherwise.

> This paragraph (1) does not apply to **bodily injury** or **property damage** arising out of heat, smoke or fumes from a **hostile fire** unless that **hostile fire** occurred or originated [from] ….

Except with respect to the **hostile fire** exception described above, this exclusion applies regardless of whether such discharge, dispersal, seepage, migration, release or escape occurs inside or outside a building or whether such **pollutant** has any function in your business, operations, premises, site or location. …

Id. ¶ 24 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Each of the LIC Umbrella Polices contains one or more Silica Exclusions. The LIC Umbrella Policies effective during the period August 1, 2011 to August 1, 2017 include a Silica or Silica-Related Dust Exclusion, via Endorsement LCU 21 19 11 10, which provides, in relevant part, as follows:

### SILICA OR SILICA-RELATED DUST EXCLUSION

**A.** The following exclusion is added to Paragraph **2. Exclusions of SECTION I - COVERAGES**:

**2. Exclusions**

This insurance does not apply to:

**Silica or Silica-Related Dust**

(1) "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust"

…

Id. ¶ 21 (emphasis in original).

The LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011, include a Silica Exclusion Endorsement, via Endorsement LG 3133 TH 07 03, which provides, in relevant part, as follows:

### SILICA EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

UMBRELLA EXCESS LIABILITY POLICY

This insurance does not apply to **bodily injury, property damage, personal injury** or **advertising injury** any part of which is caused by, or allegedly caused by, silica, in any form or any substance containing silica, either alone, or in combination with other substances or factors, whether included in a product or otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|----------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Id. ¶ 22 (emphasis in original).

The LIC Umbrella Policies effective during the period August 1, 2009 to August 1, 2011 also contain a California Silica Exclusion Endorsement, via Endorsement LG 3125 TH 07 03, which provides, in relevant part, as follows:

### CALIFORNIA - SILICA EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

UMBRELLA EXCESS LIABILITY POLICY

This insurance does not apply to bodily injury, property damage, personal injury or advertising injury any part of which is caused by, or allegedly caused by, the inhalation of or exposure to silica at any time, in any form or any substance containing silica, either alone, or in combination with other substances or factors, whether included in a product or otherwise.

Id. ¶ 23 (emphasis in original).

### D.    The Underlying Actions

Hausys has been named as one of a number of defendants in more than one hundred lawsuits brought by plaintiffs alleging exposure to silica and other contaminants contained in defendants' -- including Hausys's -- stone products (the "silica lawsuits" or "underlying actions"). Most of the silica lawsuits contain similar, if not identical, allegations. Additionally, most of the silica lawsuits were filed and are pending in state courts in California. Id. ¶ 26.

The silica lawsuits allege injuries, including principally silicosis, caused by plaintiffs' exposure to the defendants' silica-containing stone products. The complaints in the silica lawsuits contain numerous specific allegations relating to the dangers of silica, the defendants' knowledge of the dangers of silica, and the defendants' use of silica-containing products despite such knowledge. In short, the silica lawsuits all allege bodily injury that was caused by exposure to silica, either alone or in combination with other substances. The silica lawsuits also allege bodily injury that would not have occurred, in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," including silica and other contaminants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

contained in Hausys's stone products, that were then ingested or inhaled by plaintiffs.  Id. ¶ 27.

One of these silica lawsuits is <u>Cesar Manuel Gonzales Quiroz v. American Marble & Onyx Co., Inc.</u>, No. 24STCV01477 (Los Angeles Sup. Ct.) (the "<u>Quiroz</u> Action").  The complaint in the <u>Quiroz</u> Action was filed by the Metzger Law Group, the law firm that has filed the vast majority of silica lawsuits against Hausys.  Plaintiffs' complaint alleges that "[the <u>Quiroz</u> Action] therefore serves as a good exemplar complaint for the silica lawsuits.  <u>Id.</u> ¶ 28.

The allegations of the <u>Quiroz</u> complaint are alleged by plaintiffs to fall squarely within the Silica and Pollution Exclusions.  The complaint includes a section entitled "Stone Slab Products And Their Toxic Constituents," which describes the contaminants contained in the defendants' products, with a heavy focus on crystalline silica.  It details plaintiffs' injuries caused by "exposure to silica, metals and other toxins," resulting in "silica-related diseases."  It includes dozens of paragraphs describing the dangers of silica, the stone industry's knowledge of those dangers, and the stone industry's use of silica-containing stone products despite that knowledge.  The remainder of the <u>Quiroz</u> complaint describes in detail each defendant's use of "artificial stone products containing approximately 95% crystalline silica that caused or contributed to [the <u>Quiroz</u> Action's] Plaintiff's silicosis, pulmonary fibrosis, progressive massive fibrosis, and other injuries."  As with the other defendants, the section of the <u>Quiroz</u> complaint addressed to Hausys focuses on its use of, and knowledge of the dangers of, crystalline silica.  <u>Id.</u> ¶ 29.

### E.    Hausys' Request for Insurance Coverage

Hausys has sought defense and/or indemnity from Liberty for all of the silica lawsuits.  Hausys first sought coverage from Liberty for the silica lawsuits in late 2024.  <u>Id.</u> ¶ 30.

By letter dated November 8, 2024, Liberty denied coverage for the first group of silica lawsuits submitted by Hausys, relying principally on the Silica Exclusion and the Pollution Exclusion in the Liberty Policies.  <u>Id.</u> ¶ 31.

Hausys did not object or otherwise respond to Liberty's coverage denial at that time.  <u>Id.</u> ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|------------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

On March 18, 2025, Liberty sent a supplemental denial letter to Hausys addressing additional silica lawsuits that were sent by Hausys to Liberty after Liberty's November 8, 2024 coverage denial. The silica lawsuits addressed in Liberty's March 18, 2025 supplemental denial letter were not substantively different from the silica lawsuits for which Liberty had already denied coverage. As a result, Liberty reiterated its prior denial based principally on the Silica Exclusion and the Pollution Exclusion. Id. ¶ 33.

On March 17, 2025, Hausys, via a letter from its outside counsel, Eric Little, demanded that Liberty fund the settlement of one of the silica lawsuits. Although the letter mistakenly referenced two different silica lawsuits, it appears to have intended to apply to the Quiroz Action. Id. ¶ 33.

On March 21, 2025, Liberty's counsel responded to Mr. Little's letter, and reiterated Liberty's denial of coverage. Liberty's counsel also requested Mr. Little to provide any additional information that Hausys believed was pertinent to its coverage position and offered to review it. Id. ¶ 34.

On March 27, 2025, in a separate case, another court in this District found that two insurance companies did not have a duty to defend an insured in underlying silica lawsuits because the commercial general liability insurance policies at issue in that case contained silica exclusions. See Hanover Am. Ins. Co. v. Francini Inc., No. 2:23-cv-10047-MRA-MAA, 2025 U.S. Dist. LEXIS 70996, at *5 (C.D. Cal. Mar. 27, 2025) (the "Francini Litigation"). Id. ¶ 35.

On June 19, 2025, Mr. Little wrote to Liberty again, continuing to dispute Liberty's coverage position. Mr. Little's letter did not acknowledge or reference the Court's decision in the Francini Litigation. Id. ¶ 36.

## III.  LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

## IV.   DISCUSSION

Plaintiffs seek a Court declaration that Liberty has no duty to defend or indemnify Hausys in the underlying actions; plaintiffs also seek a judgment dismissing Hausys' counterclaims. Mot. at 2.

Plaintiffs argue that "[t]he silica exclusions in the [LM Fire Primary Policies and the LIC Umbrella Policies (collectively, the "Policies")[2]] unambiguously exclude coverage for bodily injuries allegedly caused at least in part by silica, even if those injuries were allegedly also caused by other factors." Mot. at 9. Plaintiffs argue that "the Primary Policies expressly exclude coverage for "injury … *any part* of which is caused by, or allegedly caused by silica." Id. at 9 (emphasis in original). Plaintiffs also argue that "[t]he same conclusion applies to the silica exclusion in the Umbrella Policies," which exclude coverage for "'bodily injury arising, *in whole or in part*, out of the actual, *alleged*, threatened or suspected inhalation of, or ingestion of 'silica' or 'silica-related-dust.'" Id. at 9 (emphasis in original) (quoting Umbrella Policies).

Plaintiffs argue that, in the Quiroz Third Amended Complaint ("TAC"), "the Plaintiff … alleges that '[a]s a result of his use of, and exposure to, the stone products of

---

[2] Because they contain similar language with minor differences that do not affect the Court's analysis, the silica exclusions and the total pollution exclusions in the Policies are referred to, respectively, as the "Silica Exclusions" and the "Total Pollution Exclusions." In their briefing, the parties similarly do not distinguish between the various Silica Exclusions and Total Pollution Exclusions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

[LX Hausys and other defendants], Plaintiff inhaled silica, metal dust, and other toxins from said products that were released' and that '[a]s a direct and proximate result of his exposure to silica, metals and other toxins within said stone products … Plaintiff . . . developed lung disease . . . silicosis' and 'other silica-related diseases.'"  Id. at 10 (quoting Quiroz TAC ¶¶ 112-15 (emphasis added)).  Plaintiffs argue that although the Quiroz TAC references injuries caused by metals and other toxins," the Silica Exclusions still apply because the alleged injuries were caused at least "in part" by silica.  Id. Accordingly, plaintiffs argue that there is no duty to defend or indemnify under the Policies.

Plaintiffs argue that other courts have reached this conclusion.  Id. at 11 (citing Hanover Am. Ins. Co. v. Francini, Inc., 2025 U.S. Dist. LEXIS 70996, at *13-14 (C.D. Cal. Mar. 27, 2025) ("Francini"); Atain Specialty Ins. Co. v. Bay Stone Depot, Inc., Case No. 24-cv-07541, dkt. 48, at 11 (May 19, 2025) ("Bay Stone"); Mt. Hawley Ins. Co. v. Wright Materials, Inc., 2005 U.S. Dist. LEXIS 25315, at *4, 10 (N.D. Tex. Oct. 27, 2005)).  Plaintiffs argue that "[t]hose decisions further recognize that the silica exclusion applies to lawsuits like the [u]nderlying [actions], even where the alleged injuries are also caused by other factors."  Id. at 11.

Plaintiffs further argue that the Court should disregard the district court's "flawed" decision in Sompo Am. Ins. Co. v. LX Hausys Am., Inc., Case No. 2:25-cv-02832, dkt. 47 (C.D. Cal. Dec. 22, 2025) ("Sompo"), which declined to apply a silica exclusion to the Quiroz complaint on a motion to dismiss.  Mot. at 13.  Plaintiffs argue that the Sompo decision ignores that "[t]he Quiroz [c]omplaint *never* alleges that the Plaintiff was exposed to products that do not contain silica," and misapplies the "independent concurrent causation" doctrine.  Id. at 14-17 (emphasis in original).

Plaintiffs also argue that the Policies' Total Pollution Exclusions independently bar coverage for the underlying actions against Hausys.  Mot. at 17.  Plaintiffs contend that "[u]nder California law, the Total Pollution Exclusion bars coverage for bodily injuries caused by 'irritants and contaminants commonly thought of as pollution,' and that "California courts further recognize that the total pollution exclusion is *not* limited to bodily injuries caused by 'wholesale environmental degradation.'"  Id. at 18 (quoting Garamendi v. Golden Eagle Ins. Co., 127 Cal. App. 4th 480, 485-86 (2005)).  Plaintiffs argue that the underlying actions here allege bodily injuries caused by irritants and contaminants released as a by-product of industrial stone fabrication operations.  Id. at 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|------------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

(citing Quiroz TAC ¶¶ 89, 100, 133). Accordingly, plaintiffs argue that under California law, such alleged bodily injury caused by the release of irritants or contaminants—including metals, volatile organic compounds ("VOCs"), and silica—in this manner qualifies as pollution and is barred from coverage by the Total Pollution Exclusions. Id.

In opposition, Hausys argues that the underlying actions seek to hold Hausys "liable not only for silicosis or bodily injury caused by exposure to "silica" and "silica-related dust" but also for a host of other bodily injuries (including but not limited to pulmonary fibrosis, hypersensitivity pneumonitis, kidney disease, and autoimmune disorders) allegedly caused by exposure to VOCs, gases, metals, fumes, mists, sprays and products that do not even contain any silica." Opp. at 6.

Hausys argues that "the plain language of the Silica Exclusion[s] … do[] not apply to bodily injuries caused by exposure to VOCs, gases, metals, mists, fumes, or products that do not contain silica like the HIMACS[3] products." Id. at 8. Hausys argues that it would be unreasonable to interpret the Silica Exclusions broadly to preclude coverage for allegations of injuries resulting from exposures to non-silica or non-silica dust contaminants; alternatively, because it is at least reasonable to interpret the Silica Exclusion to not cover alleged injuries resulting from exposures to non-silica or non-silica dust contaminants, the Silica Exclusions must be narrowly construed this way and against plaintiffs. Id. (citing cases). Moreover, Hausys argues that even if plaintiffs' interpretation of the Silica Exclusions were the only reasonable interpretation, plaintiffs must establish that the Silica Exclusions "specifically" preclude[] all potential for coverage for each and every claim of injury asserted in the underlying actions; Hausys argues that plaintiffs have failed to do so because they have failed to "conclusively establish" that each alleged injury, "including those at the cellular level," is caused by "silica" or "silica-related dust," given that "the underlying plaintiffs allege that their injuries were caused by exposures to products that do not contain silica, VOCs, metals, and other substances including resins, fumes, mists and sprays." Id. at 9.

Hausys argues that plaintiffs' cited caselaw is distinguishable and should not be relied on by this Court, in part because those courts concluded that the recovery sought

---

[3] HIMACS is an "acrylic solid surface product[]" manufactured by Hausys. Quiroz TAC ¶ 977. HIMACS does not appear to be an acronym.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|------------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

against those insureds was "solely" based on bodily injuries, sickness, or disease caused by silica or silica-related dust. Id.s at 10-11 (citing Francini and Bay Stone).

Hausys argues that this case is analogous to Sompo. Hausys argues that the Sompo court did not "ignore" the fact that the Quiroz complaint "never identifies HIMACS as a product that does not contain silica"; rather, Hausys argues that "the Sompo court acknowledged that the Quiroz complaint describes the HIMACS product as an "acrylic solid surface product[]" rather than a stone product containing silica … which the Sompo court found not only consistent with the allegations of [Hausys'] Counterclaims but also sufficient to indicate the potential for coverage." Id. at 12 (citing Sompo at *2 n.2). Hausys also argues that Sompo court correctly applied the concurrent causation doctrine. Id. at 13-14.

Hausys argues that the Policies' Total Pollution Exclusions do not preclude coverage. Id. at 14. Hausys argues that the Total Pollution Exclusions have been interpreted by California courts to encompass only "traditional environmental pollution," which must be something a "layperson" would view as "environmental pollution," involve widespread dispersal from containment into the environment, and not result from "ordinary acts of negligence involving harmful substances." Id. at 15 (quoting MacKinnon v. Truck Ins. Exch., 31 Cal.4th 635, 649-54 (2003)). Hausys argues that to constitute a "pollutant," silica must be regulated under state and federal environmental laws; however silica is not a "toxic pollutant" under the Clean Water Act, nor is it a "hazardous air pollutant[]" under the federal Clean Air Act. Id. at 15. Hausys further argues that "the underlying plaintiffs allege exposures while working with LX Hausys' products in confined workspaces like residential kitchens and bathrooms," and that "[c]ourts in California have … concluded that pollution exclusions do not apply when, as here, the underlying plaintiffs allege harm by exposure to the insured's products." Id. at 16 (citing cases). Hausys also argues that "an insured in LX Hausys' position would not reasonably expect the [Total] Pollution Exclusion[s] to preclude coverage for bodily injury claims at a construction site." Id. (citation omitted). Hausys further argues that because the underlying lawsuits do not allege exposures to "widespread" dispersal of silica, metals, VOCs, or other allegedly injurious substances, such pollution does not constitute environmental population within the meaning of the Total Pollution Exclusions. Id. at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|------------------------|------|-----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

In reply, plaintiffs argue that the Silica Exclusions unambiguously and "expressly bar coverage for injuries 'any part of which' are caused by silica, or injuries 'arising, in whole or in part, out of the inhalation or ingestion' of silica." Reply at 3 (quoting Silica Exclusions). Here, plaintiffs argue that because the underlying actions "allege injuries caused by or arising out of silica even "partially," "in some degree," or "to some extent," alongside other substances, the Silica Exclusions still bar coverage." Id. at 4. Plaintiffs argue that under the plain language of the Silica Exclusions, coverage is barred even without any "extensive medical evidence" or "fact intensive inquiries" as to the cause of the injuries. Id. at 5. Plaintiffs further argue that "Hausys' argument that the Silica Exclusions' in 'part' language is 'unenforceable' under the 'efficient proximate cause doctrine' has no merit" because "[u]nder California law, the efficient proximate cause doctrine only applies to first-party insurance, not third-party insurance like the Policies." Id. at 6.

Plaintiffs argue that Hausys fails to identify a single allegation from the underlying actions that supports Hausys' claim that the underlying actions allege some injuries "caused by many substances *other than* 'silica'" or "*not* silica." Id. at 6. They argue that the underlying actions are not "mixed actions" of "covered claims" and "uncovered claims"; rather, "all the underlying plaintiffs' claims and injuries are inextricably linked; there are no alleged injuries caused separate and apart from plaintiffs' alleged exposure to silica." Id. at 8.

Plaintiffs further argue that Hausys mischaracterizes the holdings and precedential authority of Francini and Bay Stone. Id. at 9-10. They further argue that Sompo is unpersuasive because the court there improperly "relied on … Hausys' claim that its HIMACS product contains no silica," even though this assertion "directly contradicts the Quiroz [c]omplaint, which expressly identifies HIMACS as a stone product containing silica, and *never* alleges that HIMACS does *not* contain silica. Quiroz TAC ¶¶93, 105." Id. at 11 (emphases in original). Plaintiffs further argue that the Sompo court should not have applied the "independent concurrent causation doctrine" because the underlying actions "do not allege 'concurrent causes, each originating from an independent act of negligence [that] simultaneously join together to produce an injury.'" Id. at 12.

Plaintiffs repeat that the Policies' Total Pollution Exclusions also bar coverage. Plaintiffs argue that "at the very least, the total pollution exclusion applies to and bars coverage for any injuries alleged in the Underlying Lawsuits caused by volatile organic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|----------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

compounds, gases or metals, which are the only substances other than silica that are alleged to have contributed to plaintiffs' injuries." Id. at 15-16. Plaintiffs argue that "even if the underlying plaintiffs' exposure to toxic substances *in addition* to silica fell outside the scope of the Silica Exclusions (which it plainly does not), it is still excluded by the total pollution exclusion." Id. at 17-18 (emphasis in original).

### A.      Duty to Defend

An insurer "faces an uphill battle from the beginning because the duty to defend in California is extensive." Hudson Ins. Co. v. Colony Ins. Co., 624 F.3d 1264, 1267 (9th Cir. 2010). Under California law, "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity. . . . [T]he carrier must defend a suit which *potentially* seeks damages within the coverage of the policy." Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 299 (1993) (emphasis in original) (citation omitted). Thus, a defense is excused only when "the third party complaint can *by no conceivable theory raise a single issue* which could bring it within the policy coverage." Id. at 295 (emphasis in original). See also Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:520 (An insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy.") (emphasis in original).

"To determine whether the insurer owes a duty to defend, the court must compare the allegations of the underlying complaint with the terms of the policy." Reese v. Travelers Ins. Co., 129 F.3d 1056, 1060 (9th Cir. 1997) (citing Montrose, 6 Cal.4th at 295). Any ambiguity in the insurance policy, including in the exclusions, must be resolved in favor of finding coverage; and "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." Montrose, 6 Cal.4th at 299-300.

Even when a single claim among several claims is potentially covered, "the insurer ordinarily must defend the entire action." Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:530 (citing Buss v. Superior Court, 16 Cal.4th 34, 48 (1997)). The Ninth Circuit's opinion in Pension Trust Fund, 307 F.3d 944 at 951-52, is instructive with respect to this issue. In reversing a district court's grant of summary judgment in favor of an insurer, the Ninth Circuit considered whether the record demonstrated a potential claim in an underlying action that could give rise to a duty to defend. The Ninth Circuit noted that the "duty to defend does not usually turn on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

whether facts supporting a covered claim predominate or generate the claim," and that "[i]nstead, California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." Pension Trust Fund, 307 F.3d 944 at 951 (citations omitted).  As such, in order to determine whether an insurer has a duty to defend, the proper inquiry concerns the potential for liability as alleged in the underlying complaint, and not just the potential for liability as demonstrated in the titles of the claims alleged.  See Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1084 (1993), as modified on denial of reh'g (May 13, 1993) (observing that in determining the duty to defend, "[w]e look not to whether noncovered acts predominate in the third party's action, but rather to whether there is any potential for liability under the policy"); Barnett v. Fireman's Fund Ins. Co, 90 Cal. App. 4th 500 (2001) (noting that "the duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the technical legal cause of action pleaded by the third party").

As an initial matter, the Court notes that the parties do not dispute that the alleged conduct by Hausys in the underlying actions and claims took place during the applicable coverage periods under the Policies.  Moreover, the parties do not dispute that the Quiroz Action is representative of the over one hundred underlying actions against Hausys. Accordingly, the Court finds it appropriate to resolve the instant motion by determining whether the claims asserted in the Quiroz Action are potentially covered under the applicable Policies.  See Sompo, 2025 WL 4061607, at *1 n.1 (C.D. Cal. Dec. 22, 2025) (noting that "[t]he parties agree that the allegations of the Third Amended Complaint in [the Quiroz Action] are typical of the allegations in the Underlying Lawsuits.").

The Court also notes that the parties do not dispute that the Quiroz TAC alleges conduct that falls within the Policies' initial grant of coverage.  The Quiroz TAC alleges that as a result of his "exposure to [Hausys'] stone products, silica metals and other toxins, the Quiroz plaintiff suffered "specific illnesses, to wit, silicosis, pulmonary fibrosis, and related medical conditions." Dkt. 33-1, Quiroz TAC ¶¶ 1306-08.  These allegations at least potentially fall within Liberty's "duty to "defend [Hausys] against any 'suit' seeking … damages" because of "bodily injury," which is defined in part as "bodily injury, sickness or disease sustained by a person …." See, e.g., dkt. 31-3 at 19, 50 (LM Fire Primary Policy for period of August 1, 2009 to August 1, 2010); Montrose, 6 Cal.4th at 299.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

For the reasons explained below, the Court further finds that neither the Policies' Silica Exclusions nor the Total Pollution Exclusions apply to eliminate Hausys' duty to defend here. Under California law, "exclusionary clauses are interpreted narrowly against the insurer." White v. Western Title Ins. Co., 40 Cal.3d 870, 881 (1985). "[A]n insurer that wishes to rely on an exclusion has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1039 (2002). "An exclusionary clause must be 'stated precisely and understandably, in words that are part of the working vocabulary of the average layperson.'" My Choice Software, LLC v. Travelers Cas. Ins. Co. of Am., 823 F. App'x 510, 511 (9th Cir. 2020) (quoting Haynes v. Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004)). "Moreover, 'exclusionary language must be construed in the context of the policy as a whole,' and the purpose of liability insurance is to provide protection from claims brought against the insured." Id. (quoting S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co., 186 Cal. App. 4th 383, 397 (2010)). "'[A]mbiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer) in order to protect the insured's reasonable expectation of coverage.'" Id. (quoting La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co., 9 Cal. 4th 27, 37 (1994)).

    1.    Silica Exclusions

The Silica Exclusions exclude coverage for:

> any liability, damages, loss, injury, demand, claim or "suit"[4] any part of which is caused by, or allegedly caused by, silica, either alone or in combination with other substances or factors, whether included in a product or otherwise.

See, e.g., dkt. 31-3 at 12.

The plain language of the Silica Exclusions exclude from coverage "any … injury … any part of which is … allegedly caused by … silica, either alone or in combination with other substances or factors." However, interpreting the Silica Exclusions narrowly against Liberty, the Court finds that the Silica Exclusions do not unambiguously eliminate coverage for bodily injuries allegedly caused by substances or factors other

---

[4] "'Suit' means a civil proceeding in which damages because of an act, error or omission *to which this insurance applies* are alleged." Dkt. 31-3 at 35 (emphases added). The definition of "suit" is self-referential and assumes that the policy applies to the suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | | |

than silica.[5]  In other words, Liberty has a duty to defend if there is at least some ambiguity as to whether the allegations claim that the bodily injuries were caused by substances or factors other than silica.  Having reviewed the Quiroz TAC, the Court finds that such an ambiguity exists; accordingly, the Silica Exclusions do not relieve Liberty of its duty to defend here.

The Quiroz TAC alleges that Hausys manufactured "acrylic solid surface products under the tradename 'HIMACS.'"  Quiroz TAC ¶ 977.  The TAC alleges that HIMACS contains silica.[6]  The TAC further alleges that as a result of Hausys' actionable conduct that resulted in his "exposure to [Hausys'] stone products, silica metals and other toxins, the plaintiff suffered "specific illnesses, to wit, silicosis, pulmonary fibrosis, and related medical conditions."  Quiroz TAC ¶¶ 1306-08.  Given these allegations, there is ambiguity as to whether the Quiroz TAC alleges that the silica allegedly contained Hausys' HIMACS products caused plaintiff's injuries.  In other words, there is ambiguity as to whether the Quiroz plaintiff alleges that he suffered bodily injuries (including "pulmonary fibrosis, and related medical conditions") that were *not* caused by silica but

---

[5] At oral argument, counsel for plaintiffs argued that the Silica Exclusions unambiguously exclude from coverage any lawsuit that alleges an injury that is caused at least in part by silica.  The Court is unpersuaded.  The language of the Silica Exclusions is ambiguous and can reasonably be understood to not exclude insurance coverage for injuries caused by substances or factors other than silica.  For example, for the Silica Exclusions to apply, must the product in question contain silica, and must the silica in that product be the cause, at least in part, of the bodily injury?  Here, the claims asserted in the Quiroz TAC appear to allow for the possibility that other substances or factors caused the entirety of a specific kind or specific kinds of bodily injury.

[6] As counsel for plaintiffs noted at oral argument, paragraph 93 of the Quiroz TAC alleges that "[a]ll stone products contain crystalline silica in varying concentrations from the lowest concentration of about 3-5% in marble to about 93-95% in traditional artificial stone," and paragraph 105 alleges that "HIMACS" is a "stone product[] at issue in this case."  Quiroz TAC ¶¶ 93, 105.  It follows that the Quiroz TAC alleges that HIMACS contains silica.  See id.  The Court notes, however, that in its countercomplaint against plaintiffs, Hausys alleges that its "HIMACS stone products do not contain any silica." Dkt. 23 at 20.  This fact issue is not appropriate for resolution on the instant motion for judgment on the pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

rather by other chemicals or toxins contained, for example, in Hausys' HIMACS products. This ambiguity exists even if HIMACS allegedly contains silica. Because the Quiroz TAC alleges an injury that is potentially not excluded by the Silica Exclusions, the Silica Exclusions do not relieve Liberty of its duty to defend Hausys in the Quiroz Action.[7] The Court reaches this conclusion by comparing the Policies to the underlying Quiroz Action and without seeking to resolve the merits of Hausys' allegation in its countercomplaint that "HIMACS stone products do not contain any silica." Dkt. 23 at 20. See Reese v. Travelers Ins. Co., 129 F.3d 1056, 1060 (9th Cir. 1997) ("To determine whether the insurer owes a duty to defend, the court must compare the allegations of the underlying complaint with the terms of the policy."); Scottsdale Ins. Co. v. MV Transportation, 36 Cal. 4th 643, 654, 115 P.3d 460, 466 (2005) ("Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy.").

Liberty relies on Garvey v. State Farm Fire & Casualty Co., 770 P.2d 704, 705 (1989), for the proposition that the "independent concurrent causation" doctrine "only" applies when "true concurrent causes, each originating from an independent act of negligence, simultaneously join together to produce an injury." Where applicable, that doctrine extends "coverage under a liability insurance policy… to an insured whenever an insured risk constitutes simply *a* concurrent proximate cause of the injuries." State Farm Mut. Auto. Co. v. Partridge, 10 Cal.3d 94, 104-05 (1973); see also State of California v. Allstate Ins. Co., 45 Cal.4th 1008, 1032 (2009) ("[L]iability coverage exists whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause." (citing Partridge, 10 Cal.3d at 105-106).

Liberty argues that the doctrine does not apply here because the Quiroz TAC does not allege any causes of plaintiff's injuries that can be "disassociated" from silica, and silica unquestionably "played an active role" in the plaintiff's injuries. Mot. at 16. That may be a possible interpretation of the Quiroz TAC; however, at this stage of the

---

[7] Contrary to Liberty's argument, to avoid application of the Silica Exclusions, Hausys need not demonstrate that the Quiroz TAC affirmatively alleges that plaintiff was exposed to products that do not contain silica. See mot. at 14. Rather, Liberty "has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1039 (2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

litigation, the Court cannot conclude that the Quiroz plaintiff concedes that his exposures to silica and other toxins could not be found to be concurrent causes of his injuries. See Sompo Am. Ins. Co. v. LX Hausys Am., Inc., No. CV 25-2832-JFW(MAAX), 2025 WL 4061607, at *4 (C.D. Cal. Dec. 22, 2025). This is so because it is reasonable to construe the Quiroz TAC to allege that Hausys negligently manufactured HIMACS by including non-silica chemicals or toxins that caused the Quiroz plaintiff's injury. In such case, the "independent concurrent causation" doctrine would apply and extend coverage to the allegations in the Quiroz TAC because "both silica and silica-related dust, as well as other toxins … [are alleged] to be concurrent proximate causes of the underlying plaintiffs' injuries." See id. at *4; see also State of California v. Allstate Ins. Co., 45 Cal.4th 1008, 1032 (2009).

Moreover, it is unclear whether resolving whether the independent concurrent causation doctrine applies is necessary to resolving the instant dispute over potential coverage. As discussed, the Quiroz TAC can be reasonably interpreted to allege distinct injuries—silica-related injuries and non-silica-related injuries—and that one of the injuries was caused entirely by non-silica substances or factors. See Quiroz TAC ¶¶ 1306-08. Interpreted as such, the Quiroz TAC does not implicate the independent concurrent causation doctrine, which applies only in the context of two or more substances causing a "single" and "indivisible" injury. See Allstate Ins. Co., 45 Cal. 4th at 1036 (2009).

Liberty's citation to Francini is likewise unpersuasive. In Francini, the district court held that similarly worded silica exclusions relieved the insurer of its duty to defend the insured against underlying actions alleging that "*other* harmful chemicals, not just silica, caused underlying plaintiffs' injuries." Francini, 2025 WL 1090925, at *4. In reaching its conclusion, the Francini court emphasized that "the primary injuries alleged in the underlying state actions are silicosis (which is caused by silica inhalation) and resulting complications from that lung disease—that is, silica is not alleged as merely one of many potential chemicals causing the underlying plaintiffs' injuries, but as the *main* chemical contributing to their injuries." Id. While a close question, the Court disagrees with Francini to the extent that the court's analysis in that case differs from the analysis here. However, the court in Francini also relied on the fact that the "primary injuries" alleged in the underlying actions in that case could only have been caused by exposure to silica, a distinction that applies here. See id. (emphasis in original). To determine whether an exclusion applies, "an insurer that wishes to rely on an exclusion has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1039 (2002). In other words, the insurer must demonstrate that the underlying action unambiguously alleges that the excluded risk—here, silica—caused the injury, and that there is no potential that the underlying action alleges that non-excluded risks caused the underlying injury. See Anthem Elecs., Inc. v. Pac. Emps. Ins. Co., 302 F.3d 1049, 1054 (9th Cir. 2002) ("[O]nce the insured has established potential liability by reference to the factual allegations of the complaint, the terms of the policy, and any extrinsic evidence upon which the insured intends to rely, the insurer must assume its duty to defend unless and until it can *conclusively* refute that potential.") (emphasis in original) (quoting Montrose, 6 Cal.4th at 299). As discussed, Liberty has not met this burden here and thus cannot rely on the Silica Exclusions to deny Hausys a defense in the Quiroz Action.

        2.     Total Pollution Exclusions

The Total Pollution Exclusions exclude coverage for:

"Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

See, e.g., dkt. 31-3 at 39.

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Id. at 64.

Under California law, Total Pollution Exclusions bar coverage for bodily injuries caused by "irritants and contaminants *commonly thought of as pollution* and not as applying to every possible irritant or contaminant imaginable." Garamendi v. Golden Eagle Ins. Co., 127 Cal. App. 4th 480, 485 (2005) (emphases in original) (quoting MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635 (2003)). "[California] courts recognize that 'pollution' is not just a class of substances (i.e., 'smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste'), but also a mechanism of harm." Nat'l Foam, Inc. v. Zurich Am. Ins. Co., 768 F. Supp. 3d 1009, 1017 (N.D. Cal. 2025) (citing MacKinnon, 31 Cal. 4th at 640 (2003)). A substance is an "irritant" or "contaminant" if it "comes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

within the broad definition" of "pollutant" under the Policies, i.e., "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste." Garamendi, 127 Cal. App. 4th at 485-86, 487 n.5. "[T]here need not be 'wholesale environmental degradation, such as occurred at, for example, Love Canal …' to constitute pollution." Id. at 486.

Here, the Total Pollution Exclusions bar coverage only if the Quiroz TAC alleges that the release or discharge of "pollutants" caused the Quiroz plaintiff's bodily injury. The Quiroz TAC alleges bodily injuries caused by the release of various toxic substances through "industrial" operations. See Quiroz TAC ¶¶ 89. It alleges that plaintiff was exposed to such substances when he worked as a "laborer" and "cutter" at a fabrication shop for stone products and while he installed such products "[as] countertops in kitchens and bathrooms." Id. ¶¶ 106-115. On the one hand, it is possible to interpret the Total Pollution Exclusions to encompass allegations of bodily injuries caused by "pollutants" released as a by-product of industrial stone fabrication operations, including those of Hausys. See Quiroz TAC ¶¶ 89, 100, 133. On the other hand, it is also possible to interpret the Total Pollution Exclusions to encompass allegations of bodily injuries resulting only from "pollutants" that were dispersed more widely into the environment, and *not* those released in more confined spaces such as an industrial fabrication shop, kitchen, or bathroom. See Quiroz TAC ¶¶ 106-115; MacKinnon, 31 Cal. 4th at 645 ("The pollution exclusion has been, and should continue to be, the appropriate means of avoiding '"the yawning extent of potential liability arising from the gradual or repeated discharge of hazardous substances *into the environment*. We think it improper to extend the exclusion beyond that arena."') (emphasis in original) (citation omitted). The Court need not resolve which interpretation is more reasonable, given that Hausys has made a showing that the Total Pollution Exclusions do not conclusively apply to bar coverage for the Quiroz plaintiff's alleged injuries. In other words, there is a potential for coverage here because an "average layperson" could reasonably understand that the release of toxic substances from Hausys' products, in the vicinity of their fabrication or installation, does *not* constitute "traditional environmental pollution" within the meaning of the Total Pollution Exclusions. MacKinnon, 31 Cal. 4th at 644; My Choice Software, LLC v. Travelers Cas. Ins. Co. of Am., 823 F. App'x 510, 511 (9th Cir. 2020) (quoting Haynes v. Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004)).

Although Liberty cites to cases suggesting that the Total Pollution Exclusions apply "whether or not the pollution was [more] widespread" than alleged in the Quiroz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

TAC, reply at 17, this argument is unavailing given that Hausys' contrary interpretation is reasonable.[8]  Thus, the Total Pollution Exclusions does not clearly eliminate coverage for the alleged injuries.  See Nat'l Foam, 768 F. Supp. 3d at 1017; MacKinnon, 31 Cal. 4th at 635 ("Coverage will therefore be found unless the pollution exclusion conspicuously, plainly and clearly apprises the insured that certain acts of ordinary negligence … will not be covered.").

Because the injuries alleged in the Quiroz TAC potentially fall within the Policies' initial grant of coverage and do not conclusively fall within the Policies' Silica Exclusions or Total Pollution Exclusions, plaintiffs have not demonstrated as a matter of law that they are relieved of their contractual duty to defend Hausys in the underlying actions.

Accordingly, the Court **DENIES** plaintiffs' motion for judgment on the pleadings for a declaration that they have no duty to defend Hausys in the underlying actions.

Because plaintiffs have a duty to defend Hausys in the underlying actions, the Court **DENIES** plaintiffs' motion to dismiss Hausys' counterclaims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing that are predicated on plaintiffs' alleged failure to defend Hausys in the underlying actions. Dkt. 23 ¶¶ 71-77; 85-92; 101-109.

---

[8] MacKinnon, 31 Cal. 4th at 655 ("[W]e must nonetheless affirm the trial courts' finding of coverage so long as there is any other reasonable interpretation under which recovery would be permitted in the instant cases.") (citation omitted).  Hausys' interpretation is certainly reasonable, and several court decisions support Hausys' reading of the Total Pollution Exclusions.  See Nat'l Fire Ins. Co. of Hartford v. Martinelli, 2008 WL 2725070, *11 (E.D. Cal. July 11, 2008) ("flooding of a substantial amount of saltwater/brine from a commercial process pond onto adjacent agricultural land" was "environmental pollution" because it was "widespread"); Am. Zurich Ins. Co. v. James N. Gray Co., No. SACV131966AGJPRX, 2014 WL 11430928, at *5 (C.D. Cal. July 25, 2014) (pollution exclusion inapplicable because "confined release of dust … may not be commonly thought of as pollution"); Great Am. Assurance Co. v. MS Indus. Sheet Metal, 2012 WL 13018550, at *4 (C.D. Cal. Jan. 31, 2012) (pollution exclusions inapplicable where plaintiffs were exposed to toxic chemicals in "localized area").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|------------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

### B.    Duty to Indemnify

"The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved." Buss v. Superior Ct., 16 Cal. 4th 35, 45 (1997). "[T]he duty to defend is broader than the duty to indemnify." Montrose, 6 Cal. 4th at 299. "Where there is a duty to defend, there may be a duty to indemnify; but where there is no duty to defend, there cannot be a duty to indemnify." Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal.4th 945, 103 (2001). The duty to indemnify "arises only after liability is established and as a result thereof." Aerojet-Gen. Corp. v. Transp. Indem. Co., 17 Cal. 4th 38, 56 919 (1997).

Because plaintiffs have a duty to defend Hausys in the underlying actions, they may have a duty to indemnify Hausys in the event that Hausys is found liable for claims that are actually covered by the Policies. Lloyd's of London, 24 Cal.4th at 103; Aerojet-Gen. Corp., 17 Cal. 4th at 56. However, because the record does not indicate that Hausys has been found liable for claims that are actually covered by the Policies, the issue of plaintiffs' duty to indemnify Hausys is not ripe for decision. See Clark v. Travelers Cas. Ins. Co. of Am., No. CV14-08248, 2015 WL 5096418, at *3 (C.D. Cal. Aug. 28, 2015) (holding that the issue of whether the insurer had a duty to indemnify issue was "not yet ripe for decision" where the underlying action remained "unresolved and no final decision ha[d] been made regarding the extent and scope of [the insured's] liability"); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seagate Techs., Inc., 466 Fed.Appx. 653, 656 (9th Cir. 2012) ("Because we have concluded that the duty to defend did not terminate, there may be a duty to indemnify. Accordingly, the district court properly concluded that the question of indemnity is not ripe for consideration."). The Ninth Circuit has suggested that the issue of ripeness in this context is prudential and not constitutional. See Am. States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) ("[T]here is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court.").

The Court **DENIES** plaintiffs' motion for judgment on the pleadings with regard to its duty to indemnify Hausys in the underlying actions, as this issue can only be decided after consideration of the factual record in the underlying actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | March 31, 2026 |
|----------|----------------------|------|----------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

The Court further **DENIES** plaintiffs' motion to dismiss Hausys' counterclaims for declaratory relief and breach of contract that are predicated on plaintiffs' alleged failure to indemnify Hausys in the underlying actions.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion for a declaration that plaintiffs have no duty to defend Hausys in the underlying actions.

The Court **DENIES** plaintiffs' motion to dismiss Hausys' counterclaims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing that are predicated on plaintiffs' alleged failure to defend Hausys in the underlying actions.

The Court **DENIES** plaintiffs' motion for a declaration that plaintiffs have no duty to indemnify Hausys in the underlying actions.

The Court **DENIES** plaintiffs' motion to dismiss Hausys' counterclaims for declaratory relief and breach of contract that are predicated on plaintiffs' alleged failure to indemnify Hausys in the underlying actions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |