MUSICK, PEELER & GARRETT LLP
LAWRENCE A. TABB (State Bar No. 141471)
*l.tabb@musickpeeler.com*
DANICA LAM (State Bar No. 266710)
*d.lam@musickpeeler.com*
333 South Hope Street
Suite 2900
Los Angeles, CA 90071
Telephone: (213) 629-7797

CHOATE, HALL & STEWART LLP
Robert Kole *(pro hac vice)*
Caroline Trusty *(pro hac vice)*
rkole@choate.com
ctrusty@choate.com
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000

*Counsel for Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.),<br><br>Defendant. | Case No.: 2:25-cv-07207<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b), AND REQUEST FOR STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Judge: Hon. Christina A. Snyder<br>Magistrate Judge: Hon. Karen L. Stevenson<br><br>Date: July 6, 2026<br>Time: 10:00 a.m.<br>Place: Zoom |

**MEMORANDUM OF POINTS AND AUTHORITIES - CASE NO.: 2:25-CV-07207**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................1

BACKGROUND ...............................................................................................2

LEGAL STANDARD.........................................................................................4

ARGUMENT.....................................................................................................4

I.    THE ORDER SATISFIES THE REQUIREMENTS FOR
      INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)......................
      ...........................................................................................................4

      A.    The Order Presents a Controlling Question of Law. ..........................4

      B.    The Order Raises Substantial Ground for Difference of
            Opinion.........................................................................................6

      C.    An Immediate Appeal of the Order Could Materially
            Advance the Ultimate Termination of the Litigation.........................9

II.   THIS CASE SHOULD BE STAYED PENDING APPEAL..........................
      .........................................................................................................11

III.  IN THE ALTERNATIVE, LIBERTY REQUESTS AN ORDER
      APPEALABLE UNDER 28 U.S.C. § 1292(a)(1).......................................
      .........................................................................................................12

CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizona Tile, LLC v. Travelers Prop. Cas. Co. of Am.*,
No. 25STCV02521 (Cal. Super. Ct.)................................................................10

*Atain Specialty Ins. Co. v. Bay Stone Depot, Inc.*,
No. 24-cv-07541-NW, ECF 48 (N.D. Cal. May 19, 2025)........................6, 7, 8

*C & C N. Am., Inc. v. ACE Prop. & Cas. Ins. Co.*,
No. 24STCV18642 (Cal. Super. Ct.)................................................................10

*Caesarstone USA, Inc. v. Allied World Assur. Co. (U.S.) Inc.*,
No. 2:25-cv-09582-MRA-MAA (C.D. Cal.)....................................................10

*Certain Underwriters at Lloyd's of London v. Superior Ct.*,
16 P.3d 94 (Cal. 2001)........................................................................................5

*Clinton v. Jones*,
520 U.S. 681 (1997)..........................................................................................11

*EOS Surfaces, LLC v. Peerless Indem. Ins. Co.*,
No. 25STCV24833 (Cal. Super. Ct.)................................................................10

*Gon v. First State Ins. Co.*,
871 F.2d 863 (9th Cir. 1989)............................................................................13

*Hanover Am. Ins. Co. v. Francini, Inc.*,
2025 U.S. Dist. LEXIS 70996 (C.D. Cal. Mar. 27, 2025), *rev'd on rehearing*, No. 2:23-cv-10047-MRA-MAA, ECF 96 (C.D. Cal. Mar. 31, 2026) ..........................................................................6, 7, 8, 10

*Hartford Cas. Ins. Co. v. Gramar Stone Ctr., Inc.*,
No. 8:23-cv-02395-JFW-DFM (C.D. Cal.)......................................................10

*Horace Mann Ins. Co. v. Barbara B.*,
846 P.2d 792 (Cal. 1993)....................................................................................5

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022).............................................................................9

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982)........................................................................4, 5

*Jerry Beeman & Pharm. Servs. v. Anthem Prescription Mgmt.*,
    No. EDCV 04-407-VAP(SGLx), 2007 U.S. Dist. LEXIS 103221
    (C.D. Cal. Aug. 2, 2007) ................................................................................9

*John v. United States*,
    247 F.3d 1032 (9th Cir. 2001) ......................................................................9

*Kaufman v. Chubb Ltd.*,
    386 F. Supp. 3d 1270 (C.D. Cal. 2019), *aff'd*, 809 F. App'x 461
    (9th Cir. 2020) ..............................................................................................5

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*,
    727 F. Supp. 2d 887 (E.D. Cal. 2010) ........................................................12

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) ......................................................................6

*Lomes v. Hartford Fin. Servs. Grp.*,
    105 Cal. Rptr. 2d 471 (Cal. Ct. App. 2001) .................................................5

*Love v. Fire Ins. Exch.*,
    271 Cal. Rptr. 246 (Cal. Ct. App. 1990) ......................................................5

*Mineworkers' Pension Scheme v. First Solar Inc.*,
    881 F.3d 750 (9th Cir. 2018) ........................................................................4

*Mont. Wildlife Fed'n v. Haaland*,
    127 F.4th 1 (9th Cir. 2025) ..........................................................................13

*Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*,
    No. 2:25-cv-04370-MRA-MAA (C.D. Cal.) .............................................10

*Preferred Prof'l Ins. Co. v. McGee*,
    2020 U.S. App. LEXIS 32933 (9th Cir. Oct. 19, 2020) .............................13

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ................................................................6, 8, 9

*Regent Ins. Co. v. Cambria Enters.*,
    No. 2:25-cv-04142-MRA-MAA, ECF 119 (C.D. Cal. Mar. 31,
    2026) .....................................................................................................6, 7, 8

*Regent Ins. Co. v. Stone Source, LLC*,
    No. 2:25-cv-06702-MRA-MAA (C.D. Cal.) .............................................10

*Scottsdale Ins. Co. v. MV Transportation*,
115 P.3d 460 (Cal. 2005) ............................................................................. 10

*Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*,
No. 2:25-cv-02832-JFW-MAA, ECF 47 (C.D. Cal. Dec. 22, 2025) ............. 9, 10

*Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*,
No. 2:25-cv-02832-JFW-MAA, ECF 65, at 1-2 (C.D. Cal. April
30, 2026) .......................................................................................................... 7, 8

*Su v. Siemens Indus. Inc.*,
No. 12-cv-03743-JST, 2014 U.S. Dist. LEXIS 80349 (N.D. Cal.
June 10, 2014) ..................................................................................................... 5

*Surface Warehouse, LP v. The Charter Oak Fire Ins. Co.*,
No. 2:25-cv-03895-MRA-MAA (C.D. Cal.) ...................................................... 10

*Tamrac, Inc. v. Cal. Ins. Guar. Ass'n*,
74 Cal. Rptr. 2d 338 (Cal. Ct. App. 1998) ........................................................ 10

*Travelers Prop. Cas. Co. of Am. v. Hyundai L&C USA, LLC*,
No. 2:26-cv-01582-MEMF-E (C.D. Cal.) ........................................................ 10

*United States v. Adam Bros. Farming Inc.*,
369 F. Supp. 2d 1180 (C.D. Cal. 2004) ...................................................... 9, 10, 11

*Waller v. Truck Ins. Exch., Inc.*,
44 Cal. Rptr. 2d 370 (Cal. 1995) ........................................................................ 5

*Watson v. Yolo Cnty. Flood Control & Water Conservation Dist.*,
No. 2:06-cv-1549 FCD DAD, 2007 U.S. Dist. LEXIS 84934 (E.D.
Cal. Nov. 16, 2007) ........................................................................................... 12

**Statutes**

28 U.S.C. § 1292(a)(1) ............................................................................ 2, 12, 13, 14

28 U.S.C. § 1292(b) .................................................................................... *passim*

## PRELIMINARY STATEMENT

This case asks whether the silica exclusions in Liberty's policies preclude a duty to defend LX Hausys in hundreds of silica-related lawsuits. That question is dispositive here: the determination that the silica exclusions preclude a duty to defend would resolve both parties' claims. This same question has also been presented in multiple other coverage actions in this Circuit, and the courts in those actions have already reached varied conclusions. For example, one district court determined that a silica exclusion bars coverage for the underlying lawsuits; another district court determined the same, only to reverse that decision a year later; and that same judge decided in another case that while certain silica exclusion language bars coverage, certain other language does not. In sum, the question of whether one or more of the silica exclusions at issue in this case bars coverage for silica-related underlying lawsuits remains an open issue in this Circuit.

Against this backdrop, on April 2, 2026, this Court issued an order (the "Order") concluding that the silica exclusions in the Liberty policies do *not* bar coverage for the underlying lawsuits and that Liberty has a duty to defend LX Hausys. This Order adds to an already divided body of decisions addressing the same dispositive legal issue. Given the need for efficiency in this litigation and consistency within this Circuit, the Order warrants immediate appellate review.

As demonstrated below, the Order meets all the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b). *First*, the Order concerns the duty to defend, which is a threshold "controlling question of law" in this case that, if resolved in Liberty's favor, will conclude the litigation. *Second*, it raises substantial grounds for disagreement, as other district court opinions have already reached a different conclusion under similar underlying lawsuits and policy language. *Third*, the Order's immediate appeal will materially advance the termination of this litigation, as an appeal will either resolve the litigation entirely, or otherwise streamline the remaining issues. Beyond this litigation, an immediate appeal of the

Order will also bring clarity from the Ninth Circuit to the multiple silica-related coverage disputes currently pending and settle the district courts' inconsistent approaches to the silica exclusions. Because the Order satisfies the requirements of § 1292(b), this Court may and should certify it for interlocutory appeal and stay these proceedings pending the outcome of that appeal.

Alternatively, if this Court declines to certify the Order for interlocutory appeal, Liberty respectfully asks this Court to issue an order directing Liberty to pay defense costs for LX Hausys in the Underlying Lawsuits. Such a ruling would be both consistent with the Court's Order and appealable as an injunction under 28 U.S.C. § 1292(a)(1).

## BACKGROUND

Liberty issued ten commercial general liability policies to LX Hausys, all of which exclude coverage for any bodily injuries caused at least in part by silica (the "Policies").[1] Specifically, the Primary Policies exclude from coverage "any liability, damages, loss, injury, demand, claim or 'suit' *any part of which* is caused by, or allegedly caused by, silica in any form or any substance containing silica, either alone or in combination with other substances or factors . . . ." ECF 31-3—31-4, Declaration of Lisa Donohue in Support of Plaintiffs' Motion for Judgment on the Pleadings ("Donohue Decl.") Exs. A-B (emphasis added). Similarly, the Umbrella Policies exclude from coverage bodily injury "arising, in *whole or in part*, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust'." ECF 31-7—31-8, 31-10—31-12, Donohue Decl. Exs. E-F, H-J (emphasis added).[2]

---

[1] The "Policies" collectively refers to the "Primary Policies" and the "Umbrella Policies" issued by Liberty to LX Hausys, spanning the period from August 1, 2009 to August 1, 2017. ECF 31-3—31-12, Declaration of Lisa Donohue in Support of Plaintiffs' Motion for Judgment on the Pleadings ("Donohue Decl.") Exs. A-J.
[2] As discussed in Liberty's Motion, the exact language of the silica exclusions in some of the Umbrella Policies varies slightly. *See* ECF 31-14, Plaintiffs'

LX Hausys sought coverage under the Policies for hundreds of underlying lawsuits (the "Underlying Lawsuits"). The Underlying Lawsuits allege bodily injuries that were all allegedly caused, at least in part, by silica. For example, the *Quiroz* Complaint was brought against LX Hausys by the plaintiff, a stone fabricator. ECF 33-1 ¶ 110 (the "*Quiroz* Complaint"). The *Quiroz* Complaint alleges that as a stone fabricator, the plaintiff worked with certain stone products, and that "[a]ll stone products contain crystalline silica in varying concentrations[.]" *Id.* ¶ 93. The *Quiroz* Complaint further alleges that "[a]s a result of [the plaintiff's] use of, and exposure to, the stone products of [LX Hausys and other defendants]," he "inhaled silica" and "inhaled silica-containing dust from Defendants' [including LX Hausys'] stone products." *Id.* at ¶¶ 106-109, 115. While the *Quiroz* Complaint references other toxic substances, including metals, dusts and gasses, it ties ***all*** of the plaintiff's injuries to silica, at least in part. *See, e.g., id.* at ¶ 112 ("As a direct and proximate result of his exposure to ***silica***, metals ***and*** other toxins within said stone products . . . Plaintiff . . . developed lung disease . . . silicosis, pulmonary fibrosis . . . and other forms of lung damage, and therefore has a significantly increased risk of developing other silica-related diseases[.]").[3]

Because the Policies bar coverage for any bodily injury caused at least in part by silica, Liberty denied coverage for the Underlying Lawsuits. On August 5, 2025, Liberty filed this declaratory judgment action, seeking a determination that it has no duty to defend or indemnify LX Hausys in the Underlying Lawsuits. Compl. ¶¶ 37-40; 41-45. In response, LX Hausys filed five counterclaims against Liberty, seeking a declaratory judgment regarding Liberty's duty to defend and indemnify as well as damages for breach of contract and bad faith. Countercl. ¶¶ 71-77, 78-84, 85-92,

---

Memorandum of Points and Authorities in Support of its Motion for Judgment on the Pleadings (the "Motion") at 3-4.

[3] The parties agree that the allegations in the *Quiroz* Complaint are substantively similar to the allegations in all the Underlying Lawsuits. Motion at 4.

93-100, 101-09.  On January 12, 2026, Liberty moved for judgment on the pleadings, arguing that because the silica exclusions bar coverage for the Underlying Lawsuits, there is no duty to defend, and therefore no duty to indemnify, and LX Hausys' counterclaims should be dismissed.  ECF 31-14, Plaintiffs' Memorandum of Points and Authorities in Support of its Motion for Judgment on the Pleadings at 1-2.  On April 2, 2026, this Court denied Liberty's Motion, holding that "plaintiffs have a duty to defend [LX] Hausys in the underlying actions[.]"[4]  Order at 24.  This Motion followed, in which Liberty asks this Court to certify the Order for interlocutory appeal, under 28 U.S.C. § 1292(b).

## LEGAL STANDARD

Under Section 1292(b), "litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982).  Section 1292(b) permits a district court to certify an order for interlocutory review where the order involves:  (1) a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) of which an immediate appeal may "materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b); *see Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 751, n.1 (9th Cir. 2018).  As demonstrated below, the Order satisfies each of these requirements.

## ARGUMENT

**I.    THE ORDER SATISFIES THE REQUIREMENTS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b).**

**A.    The Order Presents a Controlling Question of Law.**

An order presents a "controlling question of law" if it presents an issue that is a question of law and the "resolution of the issue on appeal could materially affect

---

[4] The Order was entered onto the docket on April 2, 2026.

the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

The Order plainly satisfies this factor. The Order concerns the duty to defend, which is a question of law. *Lomes v. Hartford Fin. Servs. Grp.*, 105 Cal. Rptr. 2d 471, 473 (Cal. Ct. App. 2001) ("Whether an insurance policy provides th[e] potential for coverage and, thus, a duty to defend exists, is a question of law for the court to decide."); *Kaufman v. Chubb Ltd.*, 386 F. Supp. 3d 1270, 1275 (C.D. Cal. 2019) (explaining that under California law, the "interpretation of an insurance policy is a question of law") (quoting *Waller v. Truck Ins. Exch., Inc.*, 44 Cal. Rptr. 2d 370, 378 (Cal. 1995)), *aff'd*, 809 F. App'x 461 (9th Cir. 2020).[5] And if the Ninth Circuit reverses the Order, that would materially affect the outcome of litigation in the district court, as it would resolve both Liberty's claims and LX Hausys' counterclaims: if there is no duty to defend, then there is no duty to indemnify, no breach of contract, and no bad faith. *See Certain Underwriters at Lloyd's of London v. Superior Ct.*, 16 P.3d 94, 102 (Cal. 2001) ("Where there is a duty to defend, there may be a duty to indemnify; but where there is no duty to defend, there *cannot* be a duty to indemnify."); *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 256 (Cal. Ct. App. 1990) ("[A] bad faith claim cannot be maintained unless policy benefits are due[.]"). Moreover, interlocutory reversal would also save the parties and this court the time and expense of further litigation in this case, which courts routinely recognize renders the question at issue "controlling." *See, e.g.*, *Su v. Siemens Indus. Inc.*, No. 12-cv-03743-JST, 2014 U.S. Dist. LEXIS 80349, at *5 (N.D. Cal. June 10, 2014) ("'A steadily growing number of decisions' have found 'that a question is controlling . . . if interlocutory reversal might save time for the district court, and

---

[5] Further, an immediate appeal of the Order will not require any determination of any disputed fact because, as LX Hausys concedes, the "duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993); ECF 64 ("Joint Report") at 4.

time and expense for the litigants.'"). Thus, the Order meets the first requirement under § 1292(b).

### B.    The Order Raises Substantial Ground for Difference of Opinion.

An order raises "substantial ground for difference of opinion" when it involves a novel issue over which reasonable judges might differ. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). In particular, the Ninth Circuit has acknowledged that this factor is met where "district courts confronted with similar facts have reached opposite conclusion[s]." *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (agreeing to hear an appeal certified under § 1292(b) in part because the district court decision differed from that of other district courts).

Here, the Order raises substantial ground for difference of opinion. The Order holds that the Policies' silica exclusions do not bar coverage for the Underlying Lawsuits because they allege injuries caused by silica and also other substances. Order at 16-21. The Ninth Circuit has not yet addressed this issue, and other reasonable judges could disagree with this holding. Indeed, multiple district courts have already reached different conclusions under similar facts. *See, e.g.*, *Regent Ins. Co. v. Cambria Enters.*, No. 2:25-cv-04142-MRA-MAA, ECF 119, at 18-21 (C.D. Cal. Mar. 31, 2026) ("*Cambria*"); *Atain Specialty Ins. Co. v. Bay Stone Depot, Inc*, No. 24-cv-07541-NW, ECF 48, at 10-12 (N.D. Cal. May 19, 2025) ("*Bay Stone*"); *Hanover Am. Ins. Co. v. Francini, Inc.*, 2025 U.S. Dist. LEXIS 70996, at *13-14 (C.D. Cal. Mar. 27, 2025) ("*Francini I*"), *rev'd on rehearing*, No. 2:23-cv-10047-MRA-MAA, ECF 96, at 8-11 (C.D. Cal. Mar. 31, 2026).

*Cambria* illustrates this disagreement. In *Cambria*, the court considered whether a silica exclusion barred coverage for injuries that were caused by silica and other substances. *Cambria*, No. 2:25-cv-04142-MRA-MAA, ECF 119, at 12-19. The *Cambria* court held that one version of an insurer's silica exclusion barred coverage because it applied to "***any claim or suit***" alleging injury arising out of silica exposure. *Id*. at 18 (emphasis added). The court emphasized that the "any claim or

suit" language is "broader" and "extend[s] to *any 'claim or suit'* alleging injuries arising from silica," even where other substances are also alleged. *Id.* (emphasis added).

That same reasoning applies to the Primary Policies. Like the *Cambria* exclusion, the Primary Policies exclude coverage for "*any . . . claim or 'suit'* any part of which is caused by, or allegedly caused by, silica[.]" ECF 31-3—31-4, Donohue Decl. Ex. A at 12, Ex. B at 12 (emphasis added). Thus, like the *Cambria* exclusion, the Primary Policies' silica exclusion extends to and bars coverage for *any claim or suit* that includes silica-related injuries, regardless of whether other substances are also alleged. *See* ECF 61, Plaintiffs' Notice of Supplemental Authority at 3-4. Therefore, under the court's reasoning in *Cambria*, the Primary Policies bar coverage for the Underlying Lawsuits. That conclusion conflicts with the Order in this case, illustrating that the Order raises substantial ground for difference of opinion.

The opinion in *Francini I* likewise conflicts with the Order's conclusion. *Francini I* held that similar silica exclusions bar coverage for nearly identical underlying lawsuits. 2025 U.S. Dist. LEXIS 70996, at *13-14. Although Judge Almadani reconsidered and reversed her decision from *Francini I*, the district court in *Bay Stone*, another silica-related coverage dispute, adopted the exact reasoning of *Francini I*, and that decision remains good law today. *Bay Stone*, No. 24-cv-07541-NW, at *10-11 ("Here, the Court finds the instant action comparable to [*Francini I*] . . . . The primary injuries alleged in the Underlying Actions are silicosis (caused by silica inhalation) and resulting complications from that disease.").

The court in *Sompo II* concluded that the *Francini I* reversal eliminated any substantial ground for disagreement, but the opposite is true. *See Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. 2:25-cv-02832-JFW-MAA, ECF 65, at 1-2 (C.D. Cal. April 30, 2026) (*"Sompo II"*) (denying certification for interlocutory appeal of its decision that the silica exclusion does not bar coverage for the underlying

lawsuits).[6]   That Judge Almadani ultimately disagreed with her own previous decision confirms that reasonable judges could disagree with the Order.   Indeed, when this Court disagreed with the decision in *Francini I*, it opined that the issue presented a "close question[.]"   Order at 20.[7]

Moreover, the "substantial ground for difference of opinion" requirement does not require *current* "contradictory precedent."   *Reese*, 643 F.3d at 688.   The Ninth Circuit has confirmed that "substantial ground for difference of opinion exists where reasonable jurists ***might disagree*** on an issue's resolution, not merely where they have already disagreed."   *Id.* (emphasis added).   It is safe to say that reasonable judges "might" disagree with the Order's conclusions where, as here, Judge Almadani already disagreed twice, once in *Cambria* (which remains good law) and once in *Francini* (where she reversed herself).   *See id.*

In any event, *Sompo II* is readily distinguishable.   The court in *Sompo II* considered only one version of the silica exclusion; it did not analyze the "any claim or suit" language contained in the Primary Policies at issue here, and therefore, the *Sompo* court did not consider whether the reasoning in *Cambria* creates substantial ground for difference of opinion, as it does in this case.   *See Sompo II*, No. 2:25-cv-02832-JFW-MAA, ECF 65, at 2; *supra* Part I.B at 6-7.   Ultimately, where, as here, multiple courts have reached different conclusions upon a similar set of facts, the Order plainly raises substantial ground for difference of opinion, sufficient to satisfy the second factor under § 1292(b)

---

[6] The *Sompo II* decision also failed to acknowledge that the *Bay Stone* decision differs from *Sompo I*, and thus shows that reasonable jurists could disagree.   *See Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. 2:25-cv-02832-JFW-MAA, ECF 65, at 1-2 (C.D. Cal. April 30, 2026) ("*Sompo II*"); *see supra* Part I.B at 7.

[7] To be sure, Liberty maintains that the Policies' silica exclusions clearly and unambiguously preclude a duty to defend and a duty to indemnify for the Underlying Lawsuits.   *See* Motion at 8-17.

### C. An Immediate Appeal of the Order Could Materially Advance the Ultimate Termination of the Litigation.

An order's immediate appeal "'may materially advance the ultimate termination of the litigation'" where "the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022); *see United States v. Adam Bros. Farming Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) ("The purpose of an interlocutory appeal is to 'facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later' in order to 'save the courts and the litigants unnecessary trouble and expense.'") (quoting *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001)). Courts apply "pragmatic considerations" in assessing this issue. *Jerry Beeman & Pharm. Servs. v. Anthem Prescription Mgmt.*, No. EDCV 04-407-VAP(SGLx), 2007 U.S. Dist. LEXIS 103221, at *9 (C.D. Cal. Aug. 2, 2007). For example, the Ninth Circuit has determined that if the "reversal" of an order "'may' take" some of the "claims . . . out of the case," that is "sufficient" to satisfy this factor. *Reese*, 643 F.3d at 688.

Here, immediate appeal of the Order would materially advance the termination of this litigation, as a reversal would take *all* the claims out of the case. *See supra* Part I.A at 4-5. But even if the Ninth Circuit were to affirm the Order, its decision would still help to clarify the legal principles governing the dispute. For example, in *Sompo I,* the court concluded that a duty to defend existed in part because of the concurrent proximate cause doctrine. *See Sompo I*, No. 2:25-cv-02832-JFW-MAA, ECF 47, at 4-5. By contrast, this Court in the Order stated that "it is unclear whether resolving whether the independent concurrent causation doctrine applies is necessary to resolving the instant dispute over potential coverage." Order at 20. Ninth Circuit guidance will clarify the governing legal principles at issue in this litigation, which will ultimately "'facilitate disposition of

the action[,]'" not to mention the disposition of the multiple silica-related coverage disputes currently pending in this Circuit. *Adam Bros.*, 369 F. Supp. 2d at 1182.[8]

Finally, there are no pragmatic considerations counseling against immediate interlocutory appeal here, where the parties have not set any discovery deadlines or trial-related dates, and therefore an appeal will not delay any existing case schedule. To the contrary, the pragmatic considerations strongly favor an interlocutory appeal, in at least two respects.

*First*, absent an immediate appeal, it may take years for this issue to reach the Ninth Circuit, especially if this Court grants LX Hausys' forthcoming motion to stay any indemnity-related proceedings. *See* ECF 64, Joint Report at 4 ("LX Hausys intends to file a motion to stay all proceedings in this litigation pending resolution of the Underlying Lawsuits, except for resolution of the issue of Liberty's duty to defend."). In the meantime, Liberty will incur substantial defense costs in hundreds of lawsuits that the Ninth Circuit may ultimately determine Liberty does not owe. That, in turn, would likely lead to yet more litigation, in which Liberty would seek to recoup those defense costs. *See Scottsdale Ins. Co. v. MV Transportation*, 115 P.3d 460, 468-471 (Cal. 2005) (holding that the insurer was entitled to reimbursement where the lower court erroneously found a duty to defend); *Tamrac,*

---

[8] *See, e.g.*, *Caesarstone USA, Inc. v. Allied World Assur. Co. (U.S.) Inc.*, No. 2:25-cv-09582-MRA-MAA (C.D. Cal.); *Travelers Prop. Cas. Co. of Am. v. Hyundai L&C USA, LLC*, No. 2:26-cv-01582-MEMF-E (C.D. Cal.); *Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. 2:25-cv-02832-JFW-MAA (C.D. Cal.); *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D. Cal.); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA (C.D. Cal.); *Surface Warehouse, LP v. The Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA-MAA (C.D. Cal.); *Regent Ins. Co. v. Stone Source, LLC*, No. 2:25-cv-06702-MRA-MAA (C.D. Cal.); *Regent Ins. Co. v. Cambria Enters.*, No. 2:25-cv-04142-MRA-MAA (C.D. Cal.); *Hartford Cas. Ins. Co. v. Gramar Stone Ctr., Inc.*, No. 8:23-cv-02395-JFW-DFM (C.D. Cal.); *Arizona Tile, LLC v. Travelers Prop. Cas. Co. of Am.*, No. 25STCV02521 (Cal. Super. Ct.); *C & C N. Am., Inc. v. ACE Prop. & Cas. Ins. Co.*, No. 24STCV18642 (Cal. Super. Ct.); *EOS Surfaces, LLC v. Peerless Indem. Ins. Co.*, No. 25STCV24833 (Cal. Super. Ct.).

---

*Inc. v. Cal. Ins. Guar. Ass'n*, 74 Cal. Rptr. 2d 338, 343 (Cal. Ct. App. 1998) (stating that an insurer can seek reimbursement of defense costs where a recent court decision outlawed the relief sought and thus there was never a potential for coverage). An immediate appeal makes far more sense under these circumstances.

*Second*, an appeal would not prejudice LX Hausys. Liberty has agreed to defend LX Hausys in the underlying lawsuits subject to a reservation of rights, pending the outcome of an appeal. *See* Kole Decl., Ex. 1 at 2. As noted above, LX Hausys is moving to stay this action. If that motion is granted, an appeal will not interfere with the progress of this case at all. And if nothing is going to happen in this case regardless, there is no logical reason to delay obtaining appellate guidance on the core issue in dispute while the stay is in place. In short, these pragmatic considerations further confirm that the Order satisfies the 'materially advance' requirement under § 1292(b).

* * *

The Order satisfies all three requirements for interlocutory appeal under § 1292(b). The Order presents a dispositive legal question, the outcome of which will materially shape the scope of this litigation, the multiple other silica-related coverage disputes, and insurance coverage for hundreds of silica-related underlying lawsuits. An order with such significant impact is a textbook example of an order that warrants immediate appellate resolution. Liberty's Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) therefore should be granted.

## II.     THIS CASE SHOULD BE STAYED PENDING APPEAL.

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay of proceedings is an appropriate mechanism for "'sav[ing] the courts and the litigants unnecessary trouble and expense'." *Adam Bros.*, 369 F. Supp. 2d at 1182. District courts in this Circuit routinely hold that a stay of proceedings pending an interlocutory appeal "promotes economy of time and effort both for the

court and the parties." *Watson v. Yolo Cnty. Flood Control & Water Conservation Dist.*, No. 2:06-cv-1549 FCD DAD, 2007 U.S. Dist. LEXIS 84934, at *10 (E.D. Cal. Nov. 16, 2007).

If this Court certifies the Order for interlocutory appeal under § 1292(b), all proceedings should be stayed until the Ninth Circuit resolves the appeal.[9]  A stay would be appropriate here for at least two reasons.  *First*, if the Ninth Circuit reverses the Order, and finds no duty to defend, this action will end.  *See supra* Part I.A at 4-5.  Where, as here, the parties' claims "are based upon the duty to defend, it would be a waste of judicial and party resources to proceed with these claims while the appeal [on the duty to defend] is pending." *Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010) (citation modified). *Second*, LX Hausys cannot argue that it would be harmed by a stay of this litigation. Indeed, LX Hausys "intends to file a motion to stay all proceedings in this litigation" except with respect to the duty to defend.  *See* ECF 64, Joint Report at 4.  And there is no current ripe dispute over the duty to defend, as Liberty has agreed to defend the underlying lawsuits per the Court's Order.  Accordingly, it makes good sense for the parties to proceed to an appeal on the duty to defend and to stay the proceedings while that appeal is pending.

## III. IN THE ALTERNATIVE, LIBERTY REQUESTS AN ORDER APPEALABLE UNDER 28 U.S.C. § 1292(a)(1).

If this Court declines to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b), Liberty respectfully asks the Court to issue an order on the duty to defend that is appealable under 28 U.S.C. § 1292(a)(1).   Under Section 1292(a)(1), a party may appeal any interlocutory order "granting . . . injunctions[.]" 28 U.S.C. § 1292(a)(1).  "In determining the appealability of an interlocutory order

---

[9] *See* 28 U.S.C. § 1292(b) (stating that application for appeal under Section 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

under § 1292(a)(1)," "whether an order is labeled as an 'injunction is not dispositive.'" *Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1, 27 (9th Cir. 2025). Instead, the Ninth Circuit "'look[s] to [the order's] substantial effect rather than its terminology.'" *Id.* In particular, if an order is "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion," then it may be defined as an injunction and is appealable under § 1292(a)(1). *Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989).

In this Circuit, an order that a duty to defend exists is not ordinarily appealable under § 1292(a)(1), unless it *also* directs the insurer to pay going forward defense costs. *See, e.g.*, *Preferred Prof'l Ins. Co. v. McGee*, 2020 U.S. App. LEXIS 32933 (9th Cir. Oct. 19, 2020) (stating that an order "concluding that plaintiff-appellant in this declaratory relief action has a duty to defend" "is not so appealable" because it was not "enforceable by contempt" and did not "direct[] the appellant insurer 'to pay defense expenses'"); *Gon*, 871 F.2d at 866. For example, in *Gon*, the Ninth Circuit reviewed an insurance company's appeal from a district court order finding that the insurance company had a duty to defend and directing the insurance company to "pay the legal expenses of certain of the insureds" pursuant to that duty. 871 F.2d at 865. While the insured argued that the order was not appealable, the Ninth Circuit confirmed that an order to "pay defense expenses" under a liability policy was appealable under § 1292(a)(1) because it "met the general definition of an injunction[.]" *Id.* at 865-66 ("An injunction may be defined as an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion.").

Here, while the Order finds that Liberty "ha[s] a duty to defend [LX] Hausys," Order at 24, it does not expressly confirm whether it intends to direct Liberty to pay defense costs for LX Hausys pursuant to that duty to defend. LX Hausys, however,

has indicated that it intends "to enforce Liberty's duty to defend" by way of this action. ECF 64, Joint Report at 5. If this Court intends to require Liberty to pay LX Hausys' defense costs, then such an order would be immediately appealable under § 1292(a)(1). Accordingly, if this Court declines to certify the Order for interlocutory appeal, Liberty respectfully requests that this Court issue an order, consistent with the Order finding a duty to defend, directing Liberty to pay LX Hausys' going forward defense costs under the duty to defend, so that Liberty may appeal the order under § 1292(a)(1).

## CONCLUSION

The Order satisfies all the requirements for interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, for the foregoing reasons, Liberty respectfully requests that this Court certify the Order for interlocutory appeal and stay these proceedings, pending resolution of an appeal. In the alternative, Liberty respectfully asks this Court to issue an order appealable under § 1292(a)(1), directing Liberty to pay defense costs for the Underlying Lawsuits, consistent with the Court's Order finding a duty to defend.

Dated: May 22, 2026                    Respectfully submitted,


                                       /s/ *Lawrence A. Tabb*
                                       Lawrence A. Tabb
                                       *l.tabb@musickpeeler.com*
                                       Danica Lam
                                       *d.lam@musickpeeler.com*
                                       333 South Hope Street
                                       Suite 2900
                                       Los Angeles, CA 90071
                                       Telephone: 213.629.7797


                                            – and –


                                       CHOATE, HALL & STEWART LLP
                                       Robert Kole *(pro hac vice)*
                                       Caroline Trusty *(pro hac vice)*
                                       Two International Place
                                       Boston, Massachusetts 02110
                                       Telephone: (617) 248-5000
                                       rkole@choate.com
                                       ctrusty@choate.com

                                       *Attorneys for Liberty Mutual Fire
                                       Insurance Company and Liberty
                                       Insurance Corporation*

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs and Counter Defendants Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation, certify that this brief contains 4,702 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 22, 2026                    Respectfully submitted,


                                       /s/ *Lawrence A. Tabb*
                                         Lawrence A. Tabb
                                         *l.tabb@musickpeeler.com*
                                         Danica Lam
                                         *d.lam@musickpeeler.com*
                                         333 South Hope Street
                                         Suite 2900
                                         Los Angeles, CA 90071
                                         Telephone: 213.629.7797


                                           – and –


                                       CHOATE, HALL & STEWART LLP
                                       Robert Kole *(pro hac vice)*
                                       Caroline Trusty *(pro hac vice)*
                                       Two International Place
                                       Boston, Massachusetts 02110
                                       Telephone: (617) 248-5000
                                       rkole@choate.com
                                       ctrusty@choate.com

                                       *Attorneys for Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation*

---

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**