REYNOLD L. SIEMENS (SBN 177956)
rsiemens@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant LX Hausys America, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.),<br><br>  Defendant. | Case No. 2:25-CV-07207-CAS-KSx<br><br>**DEFENDANT AND COUNTER-CLAIMANT LX HAUSYS AMERICA, INC.'S OPPOSITION TO LIBERTY'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Hearing Date:  July 6, 2026<br>Time:  10:00 a.m.<br><br>Action Filed:  August 5, 2025 |

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    LEGAL STANDARD .............................................................................................4

III.   ARGUMENT ..........................................................................................................5

    A.    Liberty's Motion Fails to Raise a Controlling Question of Law..........6

    B.    There Is No "Substantial Ground for Difference of Opinion" As to the
        Court's Well-Reasoned Order. ...........................................................8

    C.    An Immediate Appeal Would Not Materially Advance the Ultimate
        Termination of this Litigation............................................................14

    D.    Even If Liberty Could Satisfy Each Prong of § 1292(b) (It Cannot), the
        Court Should Nonetheless Deny Certification in Its Discretion. .......17

    E.    An Order Directing Liberty to Pay Costs Is Unwarranted. ................18

IV.    CONCLUSION .....................................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
2018 WL 2761855 (N.D. Cal. June 8, 2018) .............................................................. 13

*Atain Specialty Ins. Co. v. Bay Stone Depot. Inc.*,
Case No. 24-cv-07541, ECF 48 (May 19, 2025) .......................................... 8, 9, 12, 13

*Atmel Corp. v. St. Paul Fire & Marine Insurance Co.*,
426 F.Supp.2d 1039 (N.D. Cal. 2005) ......................................................................... 15

*Bada Int'l, Inc. v. ChungHo Nais, Co.*,
2014 WL 12965998 (C.D. Cal. Aug. 5, 2014) ............................................................... 2

*Banneck v. Fed. Nat'l Mortg. Ass'n*,
2018 WL 5603632 (N.D. Cal. Oct. 29, 2018) .............................................................. 17

*Belin v. Starz Ent., LLC*,
2024 WL 5185313 (C.D. Cal. Oct. 25, 2024) ............................................................... 7

*Buss v. Super. Ct.*,
16 Cal.4th 35 (1997) ....................................................................................................... 8

*Catlin v. United States*,
324 U.S. 229 (1945) ......................................................................................................... 4

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) .................................................................................. 4, 6, 7

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .................................................................................. *passim*

*DeLuca v. Farmers Ins. Exch.*,
2019 WL 4260437 (N.D. Cal. Sept. 9, 2019) .............................................................. 14

*Dillon v. Murphy & Hourihane*,
2014 WL 5408416 (N.D. Cal. Oct. 22, 2014) ............................................................... 3

*Federated Mut. Ins. Co. v. Weinstein*,
2025 WL 657913 (C.D. Cal. Jan. 16, 2025) ................................................................ 16

ii

*Garcia v. Benov*,
    2009 WL 10868488 (C.D. Cal. July 20, 2009) ............................................................... 4

*Hanover Am. Ins. Co. v. Francini, Inc.*,
    2026 WL 1020523 (C.D. Cal. Mar. 31, 2026) ................................................... 11, 12, 13

*Higginbottom v. Dexcom, Inc.*,
    2024 WL 4547017 (S.D. Cal. Oct. 22, 2024)................................................................. 15

*Horace Mann Ins. Co. v. Barbara B*,
    4 Cal.4th 1076 (1993)..................................................................................................... 18

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022)........................................................................................... 6

*Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*,
    2016 WL 5905935 (N.D. Cal. Oct. 11, 2016).................................................................. 2

*Jace v. Peterson*,
    2025 WL 2224023 (E.D. Cal. Aug. 5, 2025) ................................................................... 9

*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002)....................................................................................... 17

*Julian v. Hartford Underwriters Ins. Co.*,
    35 Cal.4th 747 (2005).................................................................................................... 11

*L. Off. of Robert B. Jobe, P.C. v. Zurich Am. Ins. Co.*,
    2025 WL 914311 (N.D. Cal. Mar. 5, 2025)................................................................... 18

*Larone v. Metro. Life Ins. Co.*,
    2022 WL 18357024 (C.D. Cal. Apr. 8, 2022)................................................................. 8

*Liberty Mut. Ins. Co. v. Blatt*,
    357 F. App'x 776 (9th Cir. 2009).................................................................................... 5

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005)....................................................................................... 16

*Loritz v. CMT Blues*,
    271 F.Supp.2d 1252 (S.D. Cal. 2003) ........................................................................... 17

*Mitchell v. Auto Club Life Ins. Co.*,
    2021 WL 5632713 (S.D. Cal. Dec. 1, 2021).................................................................... 8

*Moebius v. HB USA Holdings, Inc.*,
 2021 WL 9747608 (C.D. Cal. Sept. 3, 2021) ................................................................. 7

*Montrose Chem. Corp. v. Super. Ct.*,
 6 Cal.4th 287 (1993) ........................................................................................... 3, 5, 18

*Ocean S. v. Los Angeles Cnty.*,
 2024 WL 5298601 (C.D. Cal. Dec. 4, 2024) ................................................................ 17

*Parklyn Bay Co., LLC v. Liberty Ins. Corp.*,
 119 F.Supp.3d 1143 (N.D. Cal. 2015) ........................................................................... 3

*Ray v. California Dep't of Soc. Servs.*,
 2017 WL 10436062 (C.D. Cal. Nov. 30, 2017) .............................................................. 4

*Reese v. BP Exploration (Alaska) Inc.*,
 643 F.3d 681 (9th Cir. 2011) ....................................................................................... 12

*Regent Ins. Co. et al. v. Cambria Enters. et al.*,
 2026 WL 1455349 (C.D. Cal. Mar. 31, 2026) ................................................. 8, 9, 10, 11

*Rieve v. Coventry Health Care, Inc.*,
 870 F.Supp.2d 856 (C.D. Cal. 2012) ............................................................... 6, 7, 9, 14

*Rodriguez v. Lockheed Martin Corp.*,
 627 F.3d 1259 (9th Cir. 2010) ....................................................................................... 7

*Saarman Constr., Ltd v. Ironshore Specialty Ins. Co.*,
 201 F.Supp.3d 1136 (N.D. Cal. 2016) ......................................................................... 11

*Shen v. Tricolor California Auto Grp., LLC*,
 2021 WL 1153361 (C.D. Cal. Feb. 11, 2021) ................................................................ 4

*Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*,
 2006 WL 2085244 (E.D. Cal. July 25, 2006) ................................................................. 9

*State v. Pacific Indemnity Co.*,
 63 Cal.App.4th 1535 (1998) ......................................................................................... 15

*Strauss v. Sheffield Ins. Corp.*,
 2006 WL 6158770 (S.D. Cal. June 23, 2006) ................................................................. 9

*Swint v. Chambers Cnty. Comm'n*,
 514 U.S. 35 (1995) ...................................................................................................... 17

iv

*T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*,
    445 F.Supp.3d 665 (C.D. Cal. 2020) ................................................................. 4

*Thomas Weisel Partners LLC v. BNP Paribas*,
    2009 WL 55946 (N.D. Cal. Jan. 7, 2009) ........................................................ 7

*Tsyn v. Wells Fargo Advisors, LLC*,
    2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ............................................... 14

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) .................................................................. 3, 17

*VoIP Guardian Partners 1 v. Yoo*,
    2025 WL 2093119 (C.D. Cal. June 17, 2025) ............................................. 17

*Wang v. Zymergen Inc.*,
    759 F.Supp.3d 1002 (N.D. Cal. 2024) ............................................... 2, 6, 14

*Williams v. Alamdeda Cnty.*,
    657 F.Supp.3d 1250 (N.D. Cal. 2023) ........................................................ 6

**Statutes**

28 U.S.C. § 1291 .......................................................................................... 4

28 U.S.C. § 1292(b) ............................................................................. *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant and Counter-Claimant LX Hausys America, Inc. ("LX Hausys") filed its Counterclaims because Plaintiffs and Counter-Defendants Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation (collectively, "Liberty") repudiated their duty to defend and indemnify LX Hausys against hundreds of bodily injury lawsuits allegedly related to LX Hausys' products (the "Bodily Injury Lawsuits").

By Order dated March 31, 2026 ("Order"), the Court—after briefing and argument—denied Liberty's Motion for Judgment on the Pleadings.  In its Order, the Court rejected Liberty's arguments that a Silica Exclusion and a Pollution Exclusion contained in its liability insurance policies (the "Policies") preclude all potential for coverage of every claim alleged in the Bodily Injury Lawsuits, including the underlying plaintiffs' claims of injury from exposure to LX Hausys products that do not contain silica.

Liberty does not dispute the Order's conclusion that the Policies' Pollution Exclusion "does not clearly eliminate coverage for the [underlying plaintiffs'] alleged injuries."  ECF 62 at 23.  However, unhappy with the Order's identical finding with respect to the Silica Exclusion, Liberty now asks this Court to take the extraordinary measure of certifying that aspect of its Order for interlocutory review.

However, the Order does not satisfy the basic requirements for interlocutory review: it does not rest on a "controlling question of law" over which there are "substantial grounds for difference of opinion" and whose resolution would "materially advance the ultimate termination of this litigation."  28 U.S.C. § 1292(b).  Liberty's motion should therefore be denied.

To begin with, the question Liberty seeks to certify for interlocutory review— namely, whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys in the Bodily Injury Lawsuits—is not a "controlling question of law."  Mem. (ECF 70-1) at 5.  It is instead a mixed question of law and fact regarding how the Policy

1

language and the legal standards governing an insurer's duty to defend, including the concurrent causation doctrine, apply to the allegations in this case.  It is axiomatic that such questions are inappropriate for interlocutory review.  *See, e.g.*, *Wang v. Zymergen Inc.*, 759 F.Supp.3d 1002, 1010 (N.D. Cal. 2024) ("The application of a 'legal standard to the facts of the case[ ] is not … appropriate for certification.'") (citation omitted); *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, 2016 WL 5905935, at *3 (N.D. Cal. Oct. 11, 2016) ("permitting [interlocutory] appeal . . . would not be 'appropriate'" because the Court's ruling applied "the language of the particular insurance agreements at issue in this case" and therefore "involved a mixed question of fact and law"); *Bada Int'l, Inc. v. ChungHo Nais, Co.*, 2014 WL 12965998, at *2 (C.D. Cal. Aug. 5, 2014) (interlocutory review "is designed to deal with pure legal questions, not the application of well-settled legal standards to the specific facts of a particular case.").

Nor has Liberty identified any authority inconsistent with this Court's application of the Silica Exclusion to claims like those alleged against LX Hausys in the underlying Bodily Injury Lawsuits.  Instead, Liberty cites the district court's rulings in *Regent Insurance Co. v. Cambria Enterprises*, *Atain Specialty Insurance Co. v. Bay Stone Depot, Inc.*, and *Hanover American Insurance Co. v. Francini, Inc. ("Francini I")*.  But those rulings do not address the question whether the Policies' Silica Exclusion precludes all possibility of coverage for the claims against LX Hausys; instead, they applied similar policy terms to a different set of allegations as to a different insured.

Even so, none of those rulings conflicts with or contradicts this Court's Order finding that the Silica Exclusion did not eliminate Liberty's duty to defend given the underlying plaintiffs' allegations of injury caused by non-silica substances.  They are therefore not enough to establish the "substantial difference of opinion" required to support an interlocutory appeal.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010) (district court erred in certifying interlocutory appeal because movants "failed to demonstrate a substantial ground for difference of opinion" given that they "have not provided a single case that conflicts with the district court's construction or application of"

2

the law and their mere disagreement with the court's ruling was insufficient to make that showing).

Liberty has also failed to show that an interlocutory appeal would materially advance this litigation. Because Liberty does not seek to certify any legal question on which there is a substantial ground for difference of opinion, interlocutory review would unnecessarily complicate the proceedings, increase the parties' costs and expense, and delay rather than expedite resolution of the issue of Liberty's duty to defend.

Finally, recognizing that the Court's Order does not satisfy any of the prerequisites of § 1292(b) for interlocutory appeal, Liberty asks the Court in the alternative to issue a new order requiring Liberty to pay LX Hausys' defense costs. Liberty argues that such an order would be immediately appealable pursuant to § 1292(a)(1). But Liberty cites no authority (and LX Hausys is aware of none) that permits the Court at the party's request to issue an order for the sole purpose of purportedly establishing a basis for interlocutory review. Presumably, that is because such a tactic would be inconsistent with the purpose of interlocutory review, which is to "avoid protracted and expensive litigation," *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966), and "provide 'immediate appeal of interlocutory orders deemed pivotal and debatable,'" *Dillon v. Murphy & Hourihane*, 2014 WL 5408416, at *1 (N.D. Cal. Oct. 22, 2014) (citation omitted).

In any event, no such order is necessary. It is black-letter law in California that the mere potential for coverage entails that Liberty has a duty to defend LX Hausys against the Bodily Injury Lawsuits—and to pay the fees and costs that LX Hausys has incurred and will continue to incur to defend itself against the Bodily Injury Lawsuits. As such, no court order requiring Liberty to pay those costs is needed. To the contrary, Liberty must continue to pay LX Hausys' defense costs unless and until Liberty obtains summary judgment that there is *no* possibility of coverage for any claim in the Bodily Injury Lawsuits. *See, e.g.*, *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 301 (1993); *accord Parklyn Bay Co., LLC v. Liberty Ins. Corp.*, 119 F.Supp.3d 1143, 1147 (N.D. Cal. 2015). Thus, an order expressly requiring Liberty to pay defense costs is inappropriate.

3

In short, because Liberty's mere disagreement with this Court's reasoned Order does not warrant interlocutory review, Liberty's motion to certify an appeal should be denied.

## II. LEGAL STANDARD

The appellate jurisdiction of the federal court of appeals is generally limited to reviewing a district court's final judgment. 28 U.S.C. § 1291; *Catlin v. United States*, 324 U.S. 229, 233 (1945). Although 28 U.S.C. § 1292(b) permits litigants to petition a district court to certify certain interlocutory rulings for immediate appeal, this procedure is "highly disfavored," *Ray v. California Dep't of Soc. Servs.*, 2017 WL 10436062, at *2 (C.D. Cal. Nov. 30, 2017), "must be construed narrowly," and should be used "sparingly and only in exceptional cases," *T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F.Supp.3d 665, 668 (C.D. Cal. 2020) (citation omitted).

As the moving party, Liberty bears "the burden to show the presence of those exceptional circumstances." *Garcia v. Benov*, 2009 WL 10868488, at *2 (C.D. Cal. July 20, 2009) (citation omitted); *see also id.* ("A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" (citation omitted)). Specifically, Liberty must demonstrate the existence of (1) "a controlling question of law about which (2) there is substantial ground for difference of opinion, and (3) that an immediate appeal will 'advance the ultimate termination of the litigation.'" 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[E]ven if all three requirements in section 1292(b) are satisfied, 'a district court still has the discretion in deciding whether or not to grant a party's motion for certification.'" *Shen v. Tricolor California Auto Grp., LLC*, 2021 WL 1153361, at *2 (C.D. Cal. Feb. 11, 2021) (citation omitted). As explained in detail below, Liberty cannot satisfy all three prerequisites for § 1292(b) certification, and even if it could, the Court in its discretion should deny Liberty's motion because it does not involve any exceptional circumstances justifying the extraordinary relief of interlocutory review.

Moreover, where, as here, the underlying plaintiffs' claims are at least potentially

4

covered, the insurer has a duty to defend and pay its insured's defense costs as a matter of law. *See, e.g.*, *Montrose*, 6 Cal.4th at 295 (a liability insurer has a duty to defend if there is any "potential" for coverage); *Liberty Mut. Ins. Co. v. Blatt*, 357 F. App'x 776, 777 (9th Cir. 2009) (because Liberty Mutual had a duty to defend, it was "obligated to pay [the insured's] defense costs"). No separate order requiring the insurer to pay the insured's defense fees and costs is necessary, and the insurer must continue to pay unless and until it obtains summary judgment that there is no potential for coverage of any claim. *See, e.g.*, *Montrose*, 6 Cal.4th at 295, 301.

## III.    ARGUMENT

Liberty's motion for interlocutory review under § 1292(b) should be denied for three separate and independent reasons. *First*, Liberty's proposed interlocutory appeal does not present a "controlling question of law." The question whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys against the Bodily Injury Lawsuits is not a controlling question of law at all, as required for interlocutory review, but rather is a mixed question of law and fact that involves applying the Policy language and settled California law governing an insurer's defense duty to the allegations in this case. As such, it is not an appropriate question for interlocutory review. *Second*, Liberty fails to identify any authority that reached a result inconsistent with this Court's Order, and its mere disagreement with the Order is not a basis for interlocutory appeal either. *Third*, given that the other prerequisites for interlocutory review have not been met, an interlocutory appeal would delay and complicate, rather than materially advance, this litigation.

Additionally, Liberty's alternative request for an order directing it to pay defense costs and appealable under § 1292(a)(1) is unwarranted. Because Liberty has a duty to defend LX Hausys against the Bodily Injury Lawsuits, it is obligated as a matter of law to pay the fees and costs that LX Hausys has incurred and will continue to incur to defend itself against the Bodily Injury Lawsuits. No separate order directing Liberty to do what it is already legally obligated to do is necessary. The Court should reject Liberty's

5

alternative request.

### A. Liberty's Motion Fails to Raise a Controlling Question of Law.

Liberty's motion should be denied because the question it seeks to certify is not a "controlling question of law." The question whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys against the Bodily Injury Lawsuits is not a question of law, but is a mixed question of law and fact that requires application of the Policy language and governing law to the allegations in the underlying Bodily Injury Lawsuits. As such, it is not appropriate for interlocutory review.

As the Ninth Circuit has instructed, "[a] controlling question of law must be one of law—not fact …." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "A mixed question of law and fact, such as one that requires applying the legal standard to the facts of the case, is not … appropriate for certification." *Williams v. Alamdeda Cnty.*, 657 F.Supp.3d 1250, 1254 (N.D. Cal. 2023) (citation omitted); *see also Wang*, 759 F.Supp.3d at 1010–11 ("Interlocutory appeal is generally appropriate only for questions that 'the court of appeals [can] decide quickly and cleanly without having to study the record.'") (citation omitted); *see also Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856, 879 (C.D. Cal. 2012) ("'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted.") (citation omitted).

Contrary to Liberty's contention, the fact that the duty to defend presents a legal issue for this Court to decide in the first instance does not automatically render it a "controlling" question of law for purposes of § 1292(b). *See* Mem. (ECF 70-1) at 4–5 (wrongly arguing that an "order presents a 'controlling question of law' if it presents an issue that is a question of law"). Such an interpretation would impermissibly render the word "controlling" out of the statute. *See, e.g.*, *In re Cement Antitrust Litig.* 673 F.2d at 1027 (finding it improper to construe § 1292(b) without attributing meaning to "controlling").

Nor is it enough for the question to simply be potentially dispositive of the case.

6

Mem. (ECF 70-1) at 5.  As the Ninth Circuit has explained: "Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable," but it "chose to add the additional requirement that the issue for which review is sought must be a 'controlling question of law.'"  *In re Cement Antitrust Litig.* 673 F.2d at 1027 (interlocutory appeal under § 1292(b) unwarranted even if the district court's order "was erroneous and can be overturned immediately on appeal").

For an order to present a "controlling question of law," it must present an issue that can be answered "quickly and cleanly without having to study the record."  *Belin v. Starz Ent., LLC*, 2024 WL 5185313, at *4 (C.D. Cal. Oct. 25, 2024) (citation omitted).  The Court's Order does not present such an issue.  To the contrary, the Order and Liberty's question for certification —whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys against the Bodily Injury Lawsuits—is "a mixed question of law and fact not appropriate for certification."  *Id.* at *4 (citation omitted); *see also Rieve*, 870 F.Supp.2d at 879.  That is because "resolving that question requires applying the law to the facts."  *Belin*, 2024 WL 5185313, at *4.  Even Liberty admits that the question whether it has a duty to defend LX Hausys against the Bodily Injury Lawsuits is a fact-intensive assessment based on a comparison of the underlying allegations and the policy terms. Mem. (ECF 70-1) at 5, fn.5.  For that reason alone, interlocutory review is inappropriate.

It is clear that Liberty seeks certification for interlocutory review merely because it disagrees with the Court's Order and wants to challenge the Court's application of long-settled California insurance law regarding an insurer's duty to defend, and the concurrent causation doctrine, to the underlying facts in this case.  In short, Liberty simply wants "the Ninth Circuit to redo the [Court's] analysis."  *Belin*, 2024 WL 5185313, at *4 (citing *Moebius v. HB USA Holdings, Inc.*, 2021 WL 9747608, at *3 (C.D. Cal. Sept. 3, 2021)). That is "[t]he **antithesis** of a proper [interlocutory] appeal."  *Id.* (citation omitted) (emphasis added); *see also Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1266 (9th Cir. 2010) ("ruling [that] raises factual issues, rather than legal questions, … would not be reviewable on interlocutory appeal"); *Thomas Weisel Partners LLC v. BNP Paribas*, 2009

WL 55946, at *3 (N.D. Cal. Jan. 7, 2009) ("Despite defendants' heroic attempts to cast their argument as concerning a question of law, they merely challenge the court's application of well-settled law to the facts of this case," which is not subject to interlocutory review).

Accordingly, Liberty's certification motion should be denied.

**B.      There Is No "Substantial Ground for Difference of Opinion" As to the Court's Well-Reasoned Order.**

Because the question Liberty seeks to certify for interlocutory review is not a "controlling question of law," the Court cannot grant certification, and therefore, it can and should stop its analysis there. *See, e.g.*, *Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."); *see also Mitchell v. Auto Club Life Ins. Co.*, 2021 WL 5632713, at *1 (S.D. Cal. Dec. 1, 2021) ("Having failed to satisfy the first requirement, the Court need not address the other two factors."). But even if the presented question for certification were a "controlling question of law" (it is not), Liberty has not shown any substantial ground for judicial disagreement with this Court's decision—because it cannot.

In a failed attempt to do so, Liberty argues that a "substantial ground for difference of opinion" as to the Order exists because the district courts in three other cases—*Cambria*, *Bay Stone*, and *Francini I*—"reached different conclusions under similar facts." Mem. (ECF 70-1) at 6. That is demonstrably false, and Liberty's argument fails for at least the following five separate and independent reasons.

*First*, "[t]o determine if a 'substantial ground for difference of opinion' [exists] . . . courts must examine to what extent the controlling law is unclear." *Larone v. Metro. Life Ins. Co.*, 2022 WL 18357024, at *3 (C.D. Cal. Apr. 8, 2022) (quoting *Couch*, 611 F.3d at 633). But Liberty does not even try to argue—nor could it—that California insurance law regarding the duty to defend is "unclear." It has been settled for decades that an insurer like Liberty must provide its insured with a "complete" defense where, as here, the third-party claims against its insured contain *any* allegation that is even potentially covered.

8

*See, e.g.*, *Buss v. Super. Ct.*, 16 Cal.4th 35 (1997).  Where, as here, "the law at issue is clear, certifying an appeal under that section is improper."  *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*, 2006 WL 2085244, at *5 (E.D. Cal. July 25, 2006).

**Second**, because Liberty does not contend that controlling California insurance law regarding an insurer's duty to defend is unclear, its motion "presents nothing more than [its] disagreement with the Court's application of settled law to [its] case." *Jace v. Peterson*, 2025 WL 2224023, at *3 (E.D. Cal. Aug. 5, 2025).  But "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'" of opinion for the purpose of interlocutory review.  *Couch*, 611 F.3d at 633; *see also Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856, 880 (C.D. Cal. 2012) (holding that a party's dissatisfaction with the court's "analysis is not a strong enough argument to create the exceptional circumstances required for interlocutory appeal").  If it were, and "district courts certified an order for appeal in every instance in which a party disagreed with a court's opinion, the 'exceptional circumstances' requirement for interlocutory appeals would be rendered meaningless and piecemeal litigation would become commonplace." *Strauss v. Sheffield Ins. Corp.*, 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006).

**Third**, setting aside the fact that Liberty improperly seeks interlocutory review of an Order that it merely disagrees with, the rulings in *Cambria*, *Bay Stone*, and *Francini I* do not constitute a "substantial ground for difference of opinion" with the Court's Order.  That is because the rulings in those cases did not even address the question whether the Silica Exclusion precludes coverage for Liberty's duty to defend LX Hausys for the Bodily Injury Lawsuits.  Far from it, they each addressed whether a different insurer had a duty to defend a different insured based on different allegations as to that insured, as pled in that insured's pleadings.  Given these distinctions, those rulings could not possibly provide a "substantial ground for difference of opinion" with this Court's Order.

Far from conflicting with this Court's Order they are consistent with it.  In *Cambria*, the court held that an insurer's silica exclusions in its umbrella policies barred coverage for

9

its insured for the Bodily Injury Lawsuits. *Regent Ins. Co. et al. v. Cambria Enters. et al.*, 2026 WL 1455349, at *12 (C.D. Cal. Mar. 31, 2026) (discussing the Travelers Silica Exclusions II and III).[1] But, as the *Cambria* court acknowledged, those silica exclusions contained broad language that barred coverage for "(1) injuries arising from silica or silica-related dust, *and* (2) injuries arising from other substances that are part of any claim or suit that also alleges any injuries arising from silica or silica-related dust." *Id.* (emphasis added). Because "every [Bodily Injury Lawsuit] alleges injuries caused by toxic substances *and* by silica in a single action," the court reasoned that "these broader [silica] exclusions, which extend to 'any claim or suit' [also] alleging injuries arising from silica [and non-silica substances as stated in the exclusion], bar coverage for the [Bodily Injury Lawsuits]." *Id.*[2]

---

[1] The court in *Cambria* addressed the applicability of several silica exclusions, the precise language of each varied by policy. However, an example of the silica exclusion at issue in *Cambria* and relied on by Liberty in seeking interlocutory review states:

> This insurance does not apply to:
>
> 1. Bodily Injury . . . [arising] out of any actual, alleged or threatened: a absorption, ingestion or inhalation of silica in any form by any person; or b. existence of silica in any form.
> 2. Bodily Injury . . . [arising] out of any actual, alleged or threatened:
>    - a. Absorption, ingestion, or inhalation of any other solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and Waste, in any form by any person; or
>    - b. Existence of any such other irritant or contaminant in any form;
>
> and that are part of any Claim or Suit that also alleges any Bodily Injury, Property Damage, Personal Injury or Advertising Injury described in paragraph 1 of this exclusion above.

*Cambria*, 2026 WL 1455349, at *3–*4.

[2] The insured in *Cambria* did "not substantively address these specific exclusions or explain how they would not apply to the [Bodily Injury Lawsuits]." *Id.* at *18. Had this (continued…)

10

Here, the Silica Exclusion in Liberty's primary Policies is not so broad. It does not by its express terms apply to bodily injuries arising out of exposures to silica **and** "any other solid, liquid, gaseous or thermal irritant or contaminant" all alleged in one lawsuit— as the silica exclusion at issue in *Cambria* purports to do. *Id.* at *3. Rather, as this Court properly concluded, it only precludes coverage for "any liability, damages, loss, injury, demand, claim or 'suit' **any part of which** is caused by, or allegedly caused by, silica . . . ." Order at 3 (emphasis added).

The *Cambria* court likewise concluded that such exclusionary language does not bar coverage and preclude the insurer's duty to defend its insured for the Bodily Injury Lawsuits. *Cambria*, 2026 WL 1455349, at *8–*11 (discussing silica exclusions applying to bodily injury "'arising, in whole or in part,' out of silica or silica-related dust").[3]  Given that *Cambria* and this Court's Order reached the same conclusion regarding similar silica exclusions, *Cambria* cannot constitute a "substantial ground for difference of opinion."

Nor does the preliminary ruling in *Francini I* support Liberty's argument. The court in *Francini I* initially concluded that the silica exclusion in the policies at issue might bar coverage. But it subsequently revisited that ruling, and upon reconsideration, confirmed that its preliminary ruling was not the "correct judgment under law." *Hanover Am. Ins. Co. v. Francini, Inc.*, 2026 WL 1020523, at *6 (C.D. Cal. Mar. 31, 2026) ("*Francini II*")

---

issue been briefed, the court likely would have been made aware that an insurer "cannot contract around California law that requires insurers to defend the entire action if there is any potentially covered claim." *Saarman Constr., Ltd v. Ironshore Specialty Ins. Co.*, 201 F.Supp.3d 1136, 1149 (N.D. Cal. 2016), *order amended on reconsideration sub nom.* 230 F.Supp.3d 1068 (N.D. Cal. 2017); *see also Julian v. Hartford Underwriters Ins. Co.*, 35 Cal.4th 747, 754 (2005) ("Policy exclusions are unenforceable to the extent that they conflict with section 530 and the efficient proximate cause doctrine.").

[3] This is precisely the reason why Liberty does not argue that *Cambria* applies to the Silica Exclusion in its umbrella Policies: it recognizes that *Cambria* concluded that such silica exclusions do not eliminate coverage for the insured for the Bodily Injury Lawsuits for the same reasons set forth in this Court's Order. *Compare Cambria*, 2026 WL 1455349, at *8–*11 *with* Order at 17–21.

11

("With the benefit of additional briefing and argument from counsel, the Court recognizes that the First MJOP Order characterized silica as the "primary" or "main" cause of the Underlying Plaintiffs' injuries.  But whether silica "predominates" in the Underlying Actions' complaints is irrelevant to whether the Silica Exclusion precludes coverage. The dispositive question . . . is whether there is a 'bare potential or possibility' that the Underlying Plaintiffs' bodily injuries were caused by a non-excluded substance, and the Court concludes that there is.") (citations omitted).  Consequently, because it was based on an incorrect application of California law, and reversed by the court that issued it, *Francini I* cannot serve as a basis to satisfy the "substantial ground for difference of opinion" prerequisite of § 1292(b).[4]

The same is true of *Bay Stone*, which followed and applied the reasoning of *Francini I.  See Atain Specialty Ins. Co. v. Bay Stone Depot. Inc.*, Case No. 24-cv-07541, ECF 48, at 10 (May 19, 2025) (finding "the instant action comparable to [*Francini I*], not *American Zurich*" and that the "gravamen" of the allegations against that distributor "is on the dangers of exposure to crystalline silica that working with artificial stone presents").

---

[4] For this same reason, Liberty's argument that "Judge Almadani ultimately disagreed with her own previous decision confirms that reasonable judges could disagree with [this Court's] Order," Mem. (ECF 70-1) at 8 (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), is meritless.  Judge Almadani in *Francini II* did not "disagree" with her ruling in *Francini I*, which the Ninth Circuit has viewed as reaching a "contradictory conclusion" regarding the same facts based on correct applications of law. *Reese*, 643 F.3d at 688.  Rather, as Judge Almadani confirmed, *Francini I* cannot represent a genuine disagreement amongst jurists as it was not the "correct judgment under law" and should not be relied on.  *Francini II*, 2026 WL 1020523, at *6.  Regardless, because whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys for the Bodily Injury Lawsuits is not a "novel issue," *Reese* does not support Liberty's position here but instead contradicts it.  *Reese*, 643 F.3d at 688 ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

Given that *Francini I* is not the result of a "correct judgment under law," neither is *Bay Stone*. As such, it cannot constitute a "substantial ground for difference of opinion" with this Court's Order.

In any event, in *Bay Stone*, the court concluded that the "allegations against Bay Stone specifically concern the crystalline silica in Bay Stone's artificial stone product," and therefore, the "recovery sought against Bay Stone is based on bodily injuries, sickness, or disease caused by silica or silica-related dust." *Id.* at 11. By contrast, as explained in detail in this Court's Order, the underlying plaintiffs' allegations against LX Hausys include allegations of "bodily injuries (including 'pulmonary fibrosis, and related medical conditions that were *not* caused by silica but rather by other chemicals or toxins contained, for example, in Hausys' HIMACS products." Order (ECF 62) at 18–19 (emphasis in original) (citation omitted); *see id.* at 20 ("As discussed, the *Quiroz* TAC can be reasonably interpreted to allege distinct injuries—silica-related injuries and non-silica-related injuries—and that one of the injuries was caused entirely by non-silica substances or factors.") (citation omitted). Because of those allegations, the Court concluded that "the Silica Exclusions do not relieve Liberty of its duty to defend." *Id.* at 19. Thus, the facts in *Bay Stone* are readily distinguishable from this case, and even if they were not, the fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch,* 611 F.3d at 633; *see also id.* ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." (internal quotation marks omitted)).

*Fourth*, while "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point," *id.*, the "mere fact that other courts have taken a different approach does not demonstrate a substantial difference of opinion under the meaning of § 1292(b)," *Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 2761855, at *3 (N.D. Cal. June 8, 2018). Thus, that the district court in *Hanover* preliminarily reached a

13

different result on a related but different issue does not indicate that any ***substantial*** difference of opinion exists. *See, e.g.*, *DeLuca v. Farmers Ins. Exch.*, 2019 WL 4260437, at *7 (N.D. Cal. Sept. 9, 2019) ("The fact that different courts are reaching different conclusions on the administrative exemption issue is not a basis to … certify the [court's] Order for interlocutory appeal."); *see also Wang*, 759 F.Supp.3d at 1013 (denying defendants' motion to certify an order for interlocutory appeal because "a split on an issue among district courts . . . is rarely substantial enough on its own to justify interlocutory appeal."); *Tsyn v. Wells Fargo Advisors, LLC*, 2016 WL 1718139, at *4 (N.D. Cal. Apr. 29, 2016) ("simply because another district court reached a different decision in a broadly similar case" is insufficient to justify a §1292(b) appeal).

In sum, Liberty's motion "is one of mere disagreement and not a sharply divided issue about which reasonable minds could strongly disagree." *Rieve*, 870 F.Supp.2d at 880. Because Liberty articulates nothing more than an erroneous disagreement with the Court's thoughtful opinion, it cannot establish a substantial ground for difference of opinion to warrant certification of the Court's Order under § 1292(b). Accordingly, its motion should be denied.

### C. An Immediate Appeal Would Not Materially Advance the Ultimate Termination of this Litigation.

Liberty's motion should be denied for the additional reason that Liberty cannot demonstrate that interlocutory review of the Court's Order would "materially advance the ultimate termination of the litigation." § 1292(b).

Because the issue of whether the Silica Exclusion precludes Liberty's duty to defend LX Hausys in the Bodily Injury Lawsuits is not a "controlling" issue of law about which there is a substantial ground for difference of opinion, interlocutory review of that issue will not fully resolve and terminate this action. To the contrary, an immediate appeal of that issue at this stage—which could take more than a year to resolve—will only delay resolution of Liberty's duty to defend. While Liberty has now reluctantly agreed to defend LX Hausys subject to a reservation of rights, *see* ECF 68-8 at 2, Liberty has not paid any of

LX Hausys' defense fees and costs incurred to date, and more importantly, Liberty has only agreed to pay going forward a share of the amounts to be paid by LX Hausys' insurers who, unlike Liberty, agreed early on to defend LX Hausys subject to a reservation of rights, *see id.* ("We also have reached out to counsel for Sompo for purposes of discussing an appropriate cost sharing arrangement.").  But, under California law, Liberty cannot limit its defense to an apportioned share of the costs to be paid by LX Hausys' other insurers.  Rather, Liberty must pay the full costs of LX Hausys' defense, including any shortage unpaid by LX Hausys' other insurers, in light of its breach of its duty to defend.  *See, e.g.*, *State v. Pacific Indemnity Co.*, 63 Cal.App.4th 1535, 1549, 1556 (1998) (requiring insurer that failed to defend to pay full costs including defense counsel's "regular hourly rate"); *Atmel Corp. v. St. Paul Fire & Marine Insurance Co.*, 426 F.Supp.2d 1039, 1047–48 (N.D. Cal. 2005) (holding that an insurer that failed to defend "cannot avail itself of the protections and limitations set forth in §2860.").  Given this dispute (which is ripe for adjudication in this Court), LX Hausys is entitled to its resolution in the ordinary course of this litigation.  An immediate appeal of the Court's Order would only delay that resolution.

Not only will an interlocutory appeal of this single issue create unnecessary delay, it will also unnecessarily prolong the case, increase the cost of this litigation for the parties and the Court, and require the parties to spend their time and resources litigating an appeal. *See, e.g.*, *Higginbottom v. Dexcom, Inc.*, 2024 WL 4547017, at \*4 (S.D. Cal. Oct. 22, 2024) (granting an immediate appeal "would likely result in the unnecessary expenditure of judicial resources at the appellate level.") (citation omitted).  And "if the Ninth Circuit 'were to agree that [the Court's Order] was [correct]," that significant expenditure would have been for nothing, and "the litigation will not have been advanced by an immediate appeal but will have been considerably delayed."' *Id.*[5]

---

[5] Liberty also argues that interlocutory review will impact pending coverage actions concerning similar issues involving different parties and policies.  Mem (ECF 70-1) at 9–10.  But this § 1292(b) prerequisite concerns only the effect of interlocutory review on this
(continued…)

Liberty argues that "pragmatic considerations" regarding the purported prejudice to Liberty and lack of prejudice to LX Hausys favor immediate certification of the Court's Order for interlocutory review. Mem. (ECF 70-1) at 10. Specifically, Liberty claims that, "absent an immediate appeal," it will be required to pay "substantial defense costs in hundreds of lawsuits that the Ninth Circuit may ultimately determine Liberty does not owe." *Id.* But, Liberty has not made any payments towards LX Hausys' defense at this time, and even if it intends to make such payments, satisfaction of its contractual obligations—which Liberty promised to honor in exchange for substantial premiums LX Hausys paid—is neither an injury nor a hardship as "providing such a defense is part of an [Liberty's] obligation and cost of doing business." *Federated Mut. Ins. Co. v. Weinstein*, 2025 WL 657913, at *3 (C.D. Cal. Jan. 16, 2025); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'") (citation omitted). Conversely, as discussed above, an immediate appeal would substantially prejudice LX Hausys by delaying resolution of Liberty's duty to defend. Thus, contrary to Liberty's contention, "pragmatic considerations" do not counsel in favor of certification of the Court's Order for an immediate appeal.

In sum, because interlocutory appeal of the Court's Order will not conserve resources or promote judicial economy but instead facilitate piecemeal litigation with likely multiple appeals, this prong of §1292(b) is not satisfied.

---

litigation, not other pending actions, and Liberty has not cited to any Ninth Circuit precedent (and LX Hausys is aware of none) that permits the Court to consider the impact of interlocutory review of this Court's Order on other litigations. In any event, interlocutory review will not have the impact on other litigations as Liberty suggests. That is because whether or not a silica exclusion bars coverage requires a fact-intensive comparison of the applicable exclusionary language to the allegations of the Bodily Injury Lawsuits as to the insureds in those cases.

16

**D.      Even If Liberty Could Satisfy Each Prong of § 1292(b) (It Cannot), the Court Should Nonetheless Deny Certification in Its Discretion.**

"Certification is at the discretion of the district court." *Banneck v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 5603632, at *1 (N.D. Cal. Oct. 29, 2018) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)).  Thus, even if the Court concludes that all three statutory prerequisites of § 1292(b) are met, it would still have discretion not to certify an appeal.  *See, e.g.*, *Ocean S. v. Los Angeles Cnty.*, 2024 WL 5298601, at *4 (C.D. Cal. Dec. 4, 2024) ("Even where the statutory criteria of Section 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'" (citation omitted)).

The Court should decline to certify as a matter of discretion.  Interlocutory review is reserved only for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *Wright*, 359 F.2d at 785.  This case, however, is not one of those exceptional cases.  Quite the opposite, this case is a simple coverage case between one insurer and its insured, and the issue of whether Liberty has a duty to defend LX Hausys against the Bodily Injury Lawsuits is "better heard in the normal course of litigation, on a fully developed factual record and potentially in a motion for summary judgment, not in an interlocutory appeal of the denial of a motion to dismiss." *VoIP Guardian Partners 1 v. Yoo*, 2025 WL 2093119, at *2 (C.D. Cal. June 17, 2025).

Moreover, while Liberty has attempted to frame its motion as falling within the confines of § 1292(b), it essentially takes issue with the Court's ruling.  But Ninth Circuit case law is abundantly clear: interlocutory review is "not intended merely to provide review of difficult rulings in hard cases." *Wright*, 359 F.2d at 785; *see also id.* (finding simple contract litigation "unexceptional").  Nor was it intended to resolve "mere question[s] as to the correctness of [a] ruling," *Loritz v. CMT Blues,* 271 F.Supp.2d 1252, 1254 (S.D. Cal. 2003), or a party's disagreement with a court's ruling and analysis, *Couch*, 611 F.3d at 633.  Put simply, this is not the "rare circumstance" justifying "departure from the normal rule that only final judgments are appealable," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and, as such, Liberty has not cleared its high bar

17

of showing that interlocutory review is warranted.  Accordingly, the Court in its discretion should deny Liberty's certification request.[6]

### E.    An Order Directing Liberty to Pay Costs Is Unwarranted.

Recognizing that the Court's Order is not properly appealable under § 1292(b), Liberty pivots and in a last ditch effort asks this Court to issue an order directing it to pay LX Hausys' fees and costs incurred in defense of the Bodily Injury Lawsuits, so that Liberty may seek an appeal of *that* order pursuant to § 1292(a)(1).  *See* Mem. (ECF 70-1) at 12.  However, because such an order is unwarranted, Liberty's alternative request should be denied.

There is no need for the Court to issue an order directing Liberty to pay LX Hausys' defense fees and costs.  Because the Court's Order found that the Policies' Silica Exclusion did not preclude the possibility of coverage for every claim asserted in the Bodily Injury Lawsuits, *see* Order at 17, Liberty is required as a matter of law to defend LX Hausys against those actions.  *See Horace Mann Ins. Co. v. Barbara B*, 4 Cal.4th 1076, 1085 (1993) (if the facts suggest the possibility of coverage, the insurer has a duty to defend).  Liberty must do so unless and until it is able to obtain summary judgment that there is no possibility of coverage for any claim in the Bodily Injury Lawsuits.  *See, e.g.*, *Montrose*, 6 Cal.4th at 301.  Included in that duty to defend is the obligation to pay defense costs.  *See L. Off. of Robert B. Jobe, P.C. v. Zurich Am. Ins. Co.*, 2025 WL 914311, at \*5 (N.D. Cal. Mar. 5, 2025) ("Plaintiffs are correct that the duty to defend includes the payment of defense costs . . . .").  Thus, Liberty is already required as a matter of law to pay LX Hausys' defense costs, and it has already agreed to do so as a result of the Court's Order.  *See* ECF 68-8 at Page 3 of 5.  No further, separate order directing Liberty to pay LX

---

[6] Because Liberty has failed to satisfy all three prongs of § 1292(b) in order to justify the extraordinary relief of interlocutory review, its request for a stay of the proceedings in this case pending the resolution of appellate proceedings should be denied.  For the reasons set forth in LX Hausys' pending motion to stay, the Court should stay all proceedings in this matter, except for the issue of Liberty's duty to defend.  *See generally* ECF 68.

18

Hausys' defense costs is necessary.

## IV.    CONCLUSION

For the reasons set forth herein, the Court should deny Liberty's motion in its entirety.

Dated:  June 18, 2026                                Respectfully submitted,


COVINGTON & BURLING LLP


By:    /s/ *Reynold L. Siemens*
REYNOLD L. SIEMENS
HAKEEM S. RIZK
*Attorneys for Defendant LX Hausys America, Inc.*

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant and Counter-Plaintiff LX Hausys America, Inc., certifies that this brief contains 6,778 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 18, 2026                                Respectfully submitted,

COVINGTON & BURLING LLP

By:   */s/ Reynold L. Siemens*
        REYNOLD L. SIEMENS
        HAKEEM S. RIZK
        *Attorneys for Defendant LX*
        *Hausys America, Inc.*

20