REYNOLD L. SIEMENS (SBN 177956)
rsiemens@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant LX Hausys America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION,<br><br>Plaintiffs<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.),<br><br>Defendant. | Case No. 2:25-CV-07207-CAS-KSx<br><br>**DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE**<br><br>Hearing Date: July 6, 2026<br>Time:          10:00 a.m.<br><br>Action Filed:  August 5, 2025 |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................1

ARGUMENT ...................................................................................................................3

I.      Either Under California or Federal Law, a Stay of All Indemnity Proceedings in This Case Is Required. .....................................................3

        A.      Because the Coverage Issues in This Case Overlap with the Facts and Issues Being Litigated in the Bodily Injury Lawsuits, a *Montrose I* Stay of the Indemnity Proceedings in This Case Is Mandatory. ........................................................................................4

        B.      Even If Federal Law Applies, LX Hausys Has Met Its Burden of Demonstrating That Its Requested Stay Is Appropriate Under *Landis*. ..........................................................................................5

                1.      Liberty's Claim That It Would Be Prejudiced By a Stay of All Indemnity Proceedings in This Case Is Groundless. ........................6

                2.      Liberty Concedes That Litigating Coverage Defenses Will Prejudice LX Hausys, Justifying the Imposition of a Stay. ...............7

                3.      Liberty Fails to Show That a Stay of All Indemnity Proceedings in This Case Would Not Serve the Orderly Course of Justice. ..........8

II.     Certification of the Court's Order for Interlocutory Review Is Inappropriate. .....10

CONCLUSION ..............................................................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AIU Ins. Co. v. McKesson Corp.*,
   2021 WL 3565440 (N.D. Cal. Aug. 12, 2021) ................................................................3

*Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*,
   426 F.Supp.2d 1039 (N.D. Cal. 2005)................................................................11

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ................................................................1

*Dependable Highway Exp. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007) ................................................................8, 13

*Great Am. Alliance Ins. Co. v. Village Gardens HOA*
   2023 WL 5504989, at *3 (C.D. Cal. July 19, 2023)................................................................7

*Haskel, Inc. v. Super. Ct.*,
   33 Cal.App.4th 963 (1995) ................................................................7

*L. Off. of Robert B. Jobe, P.C. v. Zurich Am. Ins. Co.*,
   2025 WL 914311 (N.D. Cal. Mar. 5, 2025) ................................................................11

*Landis v. North American Co.*,
   299 U.S. 248 (1936)................................................................*passim*

*Montrose Chem. Corp. v. Super. Ct.*,
   25 Cal.App.4th 902 (1994) ................................................................*passim*

*Montrose Chem. Corp. v. Super. Ct.*,
   6 Cal.4th 287 (1993) ................................................................*passim*

*MS Amlin Corp. Member, Ltd. v. Bottini*,
   2020 WL 5966612 (S.D. Cal. Oct. 8, 2020)................................................................1, 9, 10

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Rudolph & Sletten, Inc.*,
   2020 WL 4039370 (N.D. Cal. July 17, 2020) ................................................................6

*Riddell, Inc. v. Super. Ct.*,
   14 Cal.App.5th 755 (2017) ................................................................2, 5, 6, 10

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx

*RLI Ins. Co. v. ACE Am. Ins. Co.*,
  2020 WL 1322955 (N.D. Cal. Mar. 20, 2020) ................................................................ 2

*Scottsdale Ins. Co. v. Grant & Weber*,
  2016 WL 7469636 (C.D. Cal. Apr. 21, 2016) ................................................................ 5

*Sentry Select Ins. Co. v. Quaid Harley Davidson, Inc.*,
  2022 WL 1681695 (C.D. Cal. Jan. 18, 2022) ................................................................ 2

*Sierra Pac. Indus. v. Am. States Ins. Co.*,
  2012 WL 2401297 (E.D. Cal. June 22, 2012) ................................................................ 5

*State v. Pacific Indemnity Co.*,
  63 Cal.App.4th 1535 (1998) ................................................................ 11

*United Specialty Ins. Co. v. Bani Auto Grp., Inc.*,
  2018 WL 5291992 (N.D. Cal. Oct. 23, 2018) ................................................................ 9

*Zurich Am. Ins. Co. v. Omnicell, Inc.*,
  2019 WL 570760 (N.D. Cal. Feb. 12, 2019) ................................................................ 6, 7, 8

**Statutes**

28 U.S.C. § 1292(b) ................................................................ 1, 11

**INTRODUCTION**

Liberty does not dispute (and therefore concedes) that litigation of its coverage defenses—including that the underlying Bodily Injury Lawsuits allege "non-accidental" injury caused by "silica," "silica-related dust," or "pollutants" as those terms are defined in its Policies—overlaps with the facts and issues being litigated in the Bodily Injury Lawsuits themselves.  For that reason alone, a stay under *Montrose I* and *Landis*, which "incorporates the *Montrose*" analysis, is required to avoid prejudice to the its insured, LX Hausys. *MS Amlin Corp. Member, Ltd. v. Bottini*, 2020 WL 5966612, at \*4 (S.D. Cal. Oct. 8, 2020) (imposing a *Landis* stay due to the overlap in facts between coverage action and underlying action while citing to prejudice considerations from *Montrose I*).

Moreover, while Liberty acknowledges that a stay of this coverage action is appropriate, it says it will only "agree" to a stay if the stay is based on its own terms and conditions.  Specifically, for Liberty to "agree" to a stay, the Court must grant Liberty's pending motion for certification for § 1292(b) interlocutory review of the Court's March 31, 2026 Order denying its motion for judgment on the pleadings ("Order").

But it is irrelevant whether or not Liberty agrees to a stay that is required as a matter of law.  Moreover, as explained in detail in LX Hausys' opposition to Liberty's pending certification motion, the Court cannot grant Liberty's motion because it does not satisfy any of the prerequisites of § 1292(b) for interlocutory appeal.  Liberty's proposed interlocutory appeal (1) does not present any "controlling question of law"; (2) fails to identify any authority that reached a result inconsistent with this Court's Order; and (3) in light of these deficiencies, it would only delay and complicate, rather than materially advance, this litigation.  *See* 28 U.S.C. § 1292(b).  Interlocutory review of the Order is therefore not appropriate.  *See, e.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.").

Recognizing that the Court cannot grant its certification motion, Liberty proposes a modified stay, once again on its own terms.  Despite the admitted overlap between the

broad, fact-based coverage defenses it continues to assert in this action, on the one hand, and the contested factual issues in the Bodily Injury Lawsuits, on the other, Liberty proposes to voluntarily stand down from litigating some of those defenses if the Court allows it to litigate others including the timing, nature and cause of the alleged injuries of the very few underlying plaintiffs who have settled, and to continue to do so on a rolling basis as the lawsuits conclude. But this is precisely what *Montrose* and *Landis* do not countenance.

Resolving such issues in this coverage case now would force LX Hausys to do battle with its own insurer over factual claims it continues to defend itself against in the remaining Bodily Injury Lawsuits, including general causation and liability, potentially creating adverse findings that LX Hausys might be collaterally estopped from relitigating in those suits. That "obvious" risk of prejudice to LX Hausys, *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 302 (1993) ("*Montrose I*"), is exactly what a stay is designed to avoid and why a stay is mandatory, *see Montrose Chem. Corp. v. Super. Ct.*, 25 Cal.App.4th 902, 910 (1994) ("*Montrose II*") (describing the "prejudice" that "occurs when the insured is compelled to fight a two-front war" against the underlying plaintiffs and its insurer on overlapping issues in separate but parallel litigations); *Riddell, Inc. v. Super. Ct.*, 14 Cal.App.5th 755, 765 (2017) ("[I]f the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, the trial court **must** stay the declaratory relief action.") (emphasis added); *see also Sentry Select Ins. Co. v. Quaid Harley Davidson, Inc.*, 2022 WL 1681695, at *5 (C.D. Cal. Jan. 18, 2022) (*Landis* stay warranted in part because of the prejudice the insured will face "by being forced to litigate on two fronts").

Furthermore, Liberty also fails to identify any reason that coverage litigation should proceed **now**. Paying for the defense that Liberty promised to its insured (and has now belatedly agreed to provide) is not prejudice; it is the business of an insurance company. *See, e.g., RLI Ins. Co. v. ACE Am. Ins. Co.*, 2020 WL 1322955, at *4 (N.D. Cal. Mar. 20, 2020) (stay of coverage litigation does not prejudice insurer because

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx

"advancing defense costs is part of an insurer's obligation and costs of doing business"). Unlike Liberty's proposed approach of forcing its insured to fight a two-front war against its own insurer and the third-party plaintiffs against whom that insurer is supposed to be defending, a stay would serve the orderly course of justice because the delay is required by law, its length will be proportional to the complexity of the Bodily Injury Lawsuits, and the resolution of those cases will answer key questions in this action, thereby promoting efficiency and judicial economy.

The Court is well within its authority to order the parties to refrain from all coverage litigation over the Bodily Injury Lawsuits, except for the duty to defend issue. Indeed, LX Hausys respectfully submits that such a stay is required until the Bodily Injury Lawsuits are resolved.

## **ARGUMENT**

**I.   Either Under California or Federal Law, a Stay of All Indemnity Proceedings in This Case Is Required.**

It does not matter whether the Court applies California's mandatory stay doctrine pursuant to *Montrose I*—which it should—or the federal stay doctrine from *Landis v. North American Co.*, 299 U.S. 248 (1936), which is informed by California law applying *Montrose I.  See, e.g., AIU Ins. Co. v. McKesson Corp.*, 2021 WL 3565440, at *2 (N.D. Cal. Aug. 12, 2021) ("California cases articulating the hardship or inequity that an insured may suffer from being required to go forward in an action like this inform the Court's analysis of the second *Landis* factor.").  Either way, the prejudice that LX Hausys would face if it were forced to litigate overlapping factual issues on two fronts, as Liberty proposes, far outweighs any supposed "prejudice" Liberty will face from merely honoring its duty to defend its insured or having to wait a reasonable amount of time for the Bodily Injury Lawsuits to conclude to resolve its indemnity coverage issues.

Liberty admits that it ultimately seeks to avoid coverage by proving the same facts against LX Hausys as the underlying plaintiffs also seek to prove against LX Hausys. *See* Opp. (ECF 72) at 13 (Liberty seeks to adjudicate whether the *Quiroz* Plaintiff's

injuries were caused by excluded "silica" or "pollutants").  Consequently, Liberty's proposal to stand down on litigation of some of its indemnity disputes while pushing forward on others is unworkable and impermissible.  Liberty likewise fails to show that it would suffer prejudice as a result of a stay, or that a stay would not serve the orderly course of justice.  LX Hausys, on the other hand, would suffer substantial prejudice from having to defend simultaneous, overlapping litigation with the Bodily Injury Lawsuit plaintiffs on the one hand and its own insurer on the other.  A stay of all proceedings in this insurance coverage litigation, except for the issue of Liberty's duty to defend, is required.

> **A.    Because the Coverage Issues in This Case Overlap with the Facts and Issues Being Litigated in the Bodily Injury Lawsuits, a *Montrose I* Stay of the Indemnity Proceedings in This Case Is Mandatory.**

Liberty argues that a *Montrose I* stay of all the indemnity issues in this case is inappropriate because some of its coverage defenses "can be adjudicated without any necessary factual overlap with [the] pending Underlying Lawsuits."  Opp. (ECF 72) at 16 (identifying only one coverage defense regarding the *Quiroz* Action that recently settled).  Liberty's own arguments confirm that Liberty's position is patently incorrect.

For instance, Liberty claims that "whether the *Quiroz* Plaintiff was injured by silica during the Policies' policy periods is an indemnity-related issue that is 'logically unrelated' to any other Plaintiff's case against LX Hausys [and] will not determine LX Hausys' liability in any other case."  *Id.*  But, as LX Hausys explained in its motion to stay, resolution of that precise issue will force LX Hausys into making a choice between (a) admitting liability to the other underlying plaintiffs and (b) losing coverage.  *See* Mot. (ECF 68) at 12–13.  That is because the issue Liberty is trying to advance now requires a determination of the *Quiroz* plaintiff's alleged discrete bodily injuries, and specifically what caused each of them, which is a factual determination that other underlying plaintiffs will undoubtedly use to LX Hausys' detriment.  Indeed, if LX Hausys counters Liberty's silica argument by arguing that the *Quiroz* plaintiff's injuries were caused by

other exposures not excluded under the Policies, the other underlying plaintiffs would use that to prove LX Hausys' liability in their cases.  On the other hand, if LX Hausys proves in this case that it is not liable at all, it could risk losing the very indemnity coverage it might need in case of subsequent inconsistent determinations in the other underlying cases.  Either way, LX Hausys is prejudiced, which California courts have consistently sought to avoid.  *See* Mot. (ECF 68) at 9–13.  Notably, that is a concrete reality that Liberty does not even attempt to dispute.[1]  *Cf. Riddell,* 14 Cal.App.5th at 767 (stay required because "extent and timing" of insured's "knowledge" and injuries are facts that overlap with and are "at issue in the third party actions").

Because Liberty has failed to identify any coverage issues that are "logically unrelated to the issues" to be adjudicated in the Bodily Injury Lawsuits, *see* Opp. (ECF 72) at 15 (citing *Montrose II,* 25 Cal.App.4th at 904), a stay of this action is mandatory. *See Riddell*, 14 Cal.App.5th at 765 ("[I]f the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, the trial court must stay the declaratory relief action.").

**B.    Even If Federal Law Applies, LX Hausys Has Met Its Burden of Demonstrating That Its Requested Stay Is Appropriate Under *Landis*.**

Because the imposition of a stay under *Montrose I* is a substantive issue governed by California law, the Court need not apply or consider federal procedural law.  But even

---

[1] For this reason, the cases Liberty cites as support for its position are inapposite.  *See* Opp. (ECF 72) at 16 (citing *Scottsdale Ins. Co. v. Grant & Weber*, 2016 WL 7469636, at *1 (C.D. Cal. Apr. 21, 2016) and *Sierra Pac. Indus. v. Am. States Ins. Co.*, 2012 WL 2401297, at *4 (E.D. Cal. June 22, 2012)).  Both of those cases did not involve coverage issues that overlapped with the underlying cases.  *See Scottsdale Ins. Co.*, 2016 WL 7469636 at *5 (no overlap because the issues required "considerably different proof," and therefore, the insureds failed to identify "any examples of factual issues in the Underlying Action that would be determinative of factual issues in this action"); *Sierra Pac. Indus. v. Am. States Ins. Co.*, 2012 WL 2401297, at *3–5 (because the insured, which instituted the coverage action, had been receiving an "unqualified defense" from its insurer, the "overlapping issue" concern was negated).

if federal procedural law applied here (and it does not), the result would be the same, and a stay would be appropriate. As explained in detail below, Liberty fails to show that all three *Landis* factors weigh against a stay of indemnity proceedings in this case until the Bodily Injury Lawsuits conclude, and thus, the Court should grant LX Hausys' motion.

> **1.      Liberty's Claim That It Would Be Prejudiced By a Stay of All Indemnity Proceedings in This Case Is Groundless.**

A stay is "mandatory" under California law without a finding of prejudice. *Riddell, Inc. v. Super. Ct.*, 14 Cal.App.5th 755, 770–71 (2017). Moreover, LX Hausys disputes that a weighing of prejudice under *Landis* is necessary here because Liberty cannot make out "even a fair possibility" of cognizable harm—the gating issue for the balancing test in *Landis*. 299 U.S. at 255. But even if *Landis* applies and the Court weighs the prejudice to Liberty, the result is the same: a stay is required.

Liberty argues that a stay of all indemnity proceedings in this case is prejudicial because such a stay "would leave Liberty with [a lack of clarity] on its indemnity obligations as the Underlying Lawsuits continue to resolve." Opp. (ECF 72) at 11. But such harm, if any, "is not the kind of prejudice which should move a court to deny a requested postponement." *Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019). That is because "delaying a determination of whether an insurer owes an insured party coverage does not substantially harm the insurer." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Rudolph & Sletten, Inc.*, 2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020) (internal quotation marks and citation omitted); *see also Zurich*, 2019 WL 570760, at *4 (granting a stay of the coverage action and rejecting the argument that a stay would prejudice the insurer by delaying a potential no-coverage determination). Even if it did, that minimum harm certainly does not outweigh the substantial prejudice to LX Hausys in having to "fight a two-front war, litigating not only with the underlying claimant[s], but also expending precious resources fighting an insurer

over coverage questions." *Haskel, Inc. v. Super. Ct.*, 33 Cal.App.4th 963, 979 (1995).[2]

*Great American Alliance Insurance Company v. Village Gardens HOA* does not support Liberty's position but expressly contradicts it.  In that case, the court concluded that this "*Landis* factor weighed against granting a stay" because the rescission issue in that coverage action turned on what the key witnesses "knew and said during the underwriting process."  2023 WL 5504989, at *3 (C.D. Cal. July 19, 2023).  Thus, according to the court, "[s]taying the case create[d] a significant risk that [those] witnesses' memories could fade before the [insurers] are able to depose them," ran the "risk that relevant evidence could be lost," *id.* at *3 (noting "the urgency of [the insurers'] claims presented to the court"), and created the possibility that "the insurers would be left not knowing whether [their] Policies may [] apply to the Underlying Action as well as any future claims brought against [the insured]," *id.* at *2.  Here, by contrast, Liberty's claims for declaratory relief are neither urgent nor hinge on the memories of key witnesses.  Nor is there a risk that relevant evidence supporting those claims could be lost if a stay is granted.  Thus, *Village Gardens HOA* is inapposite.

### 2. Liberty Concedes That Litigating Coverage Defenses Will Prejudice LX Hausys, Justifying the Imposition of a Stay.

Next, Liberty does not dispute that LX Hausys will suffer prejudice if a stay is not granted.  Instead, Liberty argues that LX Hausys' "clear case of hardship or inequity in being required to go forward," is "an exaggeration," because there are "indemnity issues

---

[2] Liberty speculates that LX Hausys will use the alleged lack of clarity in Liberty's indemnity coverage obligations "to threaten Liberty with additional bad faith claims and pressure Liberty to contribute to any settlements of the Underlying Lawsuits."  Opp. (ECF 72) at 11.  Such speculation is baseless.  LX Hausys' Counterclaims already include bad faith claims against Liberty for failure to honor its coverage obligations under the Policies, including its failure to pay any settlements of the Bodily Injury Lawsuits.  Counterclaim (ECF 23) ¶¶ 10, 28, 49, 58–70, 101–09.  LX Hausys does not need to either threaten Liberty with, or assert any new bad faith claims against Liberty, as Liberty contends here.

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx

that can be litigated in this action that will have no impact on the defense of the pending Underlying Lawsuits." Opp. (ECF 72) at 12–13 (arguing that "(a) the timing of the *Quiroz* Plaintiff's injuries; and (b) the nature of his injuries, *i.e.*, whether they were caused by silica or pollutants" can be litigated now). But as discussed above, that is simply not accurate. *See supra* Section I.A. The timing, nature, and extent of the *Quiroz* Plaintiff's injuries are facts that bear on and overlap with the facts being litigated in the other underlying plaintiffs' cases. If Liberty is permitted to litigate those facts now, it would force LX Hausys to litigate what caused the underlying plaintiffs' injuries prematurely. That will in turn cause LX Hausys either to admit liability to the other underlying plaintiffs or run the risk of potentially creating adverse findings that it may be collaterally estopped from relitigating in the Bodily Injury Lawsuits. That scenario— "having to fight a 'two-front war,'" as LX Hausys would be forced to do—is precisely what a *Landis* stay is designed to prevent. *Zurich*, 2019 WL 570760, at *6

Accordingly, it is plain that LX Hausys faces a "clear case of hardship or inequity" if coverage litigation is permitted to proceed while Liberty faces none. *Landis*, 299 U.S. at 255. This factor weighs in favor of granting LX Hausys' requested stay.

### 3. Liberty Fails to Show That a Stay of All Indemnity Proceedings in This Case Would Not Serve the Orderly Course of Justice.

Liberty asserts that "LX Hausys' proposed stay would undermine the orderly course of justice," cause undue delay, and result in an "indefinite delay of all indemnity proceedings" in this case. Opp. (ECF 72) at 13 (citing *Dependable Highway Exp. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). But the stay LX Hausys seeks cannot cause undue delay because (1) it is both mandatory as a matter of California law and necessary to prevent prejudice, (2) the Bodily Injury Lawsuits will conclude in a reasonable time relative to their size and complexity, and (3) the resolution of the Bodily Injury Lawsuits will inform the parties' insurance coverage dispute.

Liberty suggests that *Dependable Highway Express* stands for the proposition that issuing a stay is improper when the underlying litigation is lengthy or complex. Not so.

There, the Ninth Circuit held that the district court's stay pending the resolution of an insurer's concurrent coverage arbitration was a legal error because the court had no "indication that it would last only for a reasonable time." *Id.* at 1067. Critical to the court's conclusion was that "[i]n the nearly two years that have passed since the order issued, we have received no indication that any arbitration proceedings have commenced in England—let alone concluded." *Id.* In contrast, the Bodily Injury Lawsuits are well underway, and this Court has every indication that they will resolve without a so-called "indefinite" delay. Opp. (ECF 72) at 13. In fact, given this Court's jurisdiction and discretion to control its own docket, it has the power to ensure that the delay would be neither undue nor unreasonable.

Further, resolution of the Bodily Injury Lawsuits would provide clarity on the overlapping coverage issues—which, again, Liberty concedes exist—and therefore expedite litigation of the insurance dispute. *See* Opp. (ECF 72) at 12–13; *see also Bottini*, 2020 WL 5966612, at *8 (granting insured's motion to stay and finding that the orderly course of justice would be served because the underlying litigation would resolve key issues in the coverage litigation); *United Specialty Ins. Co. v. Bani Auto Grp., Inc.*, 2018 WL 5291992, at *7 (N.D. Cal. Oct. 23, 2018) (same). For example, a determination in the Bodily Injury Lawsuits that LX Hausys did not intend or expect its products to injure the stoneworkers or that the stoneworkers' injuries are not caused by silica or "pollutants" as defined in the Policies would invalidate certain of Liberty's coverage defenses, allowing for efficient summary judgment on the indemnity issues. That is certainly more efficient than Liberty's proposed piecemeal litigation approach of addressing indemnity issues as they arise as each underlying case concludes. *See* Opp. (ECF 72) at 14.

In short, the stay LX Hausys seeks would not cause undue delay because it is required by law and would ultimately promote judicial economy by preventing unnecessary duplication of litigation.

//

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx

## II.  Certification of the Court's Order for Interlocutory Review Is Inappropriate.

Liberty further argues that LX Hausys' requested stay is "unnecessary" because the Court can alternatively grant Liberty's pending motion for certification of the Court's Order for interlocutory review under § 1292(b), which, according to Liberty, will "achieve the same core relief that LX Hausys seeks in its Motion to Stay: a stay of all indemnity issues, while the resolution of the duty to defend issue proceeds." Opp. (ECF 72) at 5. For at least four independent reasons, Liberty is wrong, and its "second bite at the apple" attempt to reargue its certification motion should be rejected.

*First*, as explained above, LX Hausys' requested stay is "mandatory [and] not discretionary." *Riddell*, 14 Cal.App.5th at 771. Liberty seeks findings on the merits of its coverage defenses that are identical to or overlap with the findings that the underlying plaintiffs seek to prove in their liability lawsuits against LX Hausys, Liberty's insured. *See* Opp. (ECF 72) at 12–13 (not disputing the overlap in issues but wrongly arguing that some indemnity-related issues could nonetheless be resolved without impact on the other Bodily Injury Lawsuits). These are exactly the same overlapping issues that *Riddell* held required a mandatory stay of the parallel coverage action in that case. *See* 14 Cal.App.5th at 767 (insurers could not obtain discovery in insurance coverage action about "extent and timing" of insured's "knowledge" of the "risks" of playing football wearing helmets at issue because those are "facts at issue in the third party actions"). Thus, a stay is necessary to avoid the substantial prejudice to the policyholder of being "compelled to fight a two-front war, doing battle [in the underlying] litigation while at the same time devoting its money and [other] resources to litigating coverage issues with its carrier[]" on overlapping issues. *Montrose II*, 25 Cal.App.4th at 910; *see also Bottini*, 2020 WL 5966612, at *4 (imposing a *Landis* stay due to the overlap in facts between coverage action and underlying action while citing to prejudice considerations from *Montrose I*).

*Second*, for the reasons set forth in LX Hausys' opposition to Liberty's certification motion, each of which LX Hausys does not reiterate herein but incorporates

by reference, the Court cannot grant Liberty's certification motion.  *See* LX Hausys' Opp. (ECF 71) at 1–17.  The Order does not satisfy any of the basic requirements for interlocutory review: it does not rest on a "controlling question of law" over which there are "substantial grounds for difference of opinion" and whose resolution would "materially advance the ultimate termination of this litigation."  28 U.S.C. § 1292(b).  As such, the Order is not appropriate for interlocutory review, and Liberty's motion should be denied.

*Third*, even assuming *arguendo* that § 1292(b) interlocutory review of the Court's Order were appropriate (it is not), an immediate appeal at this stage—which could take more than a year to resolve—will only delay resolution of Liberty's duty to defend. Liberty does not dispute that the duty to defend issue remains contested despite the Court's Order.  *See* Opp. (ECF 72) at 5–6.  Presumably, that is because, while Liberty has recently agreed to defend LX Hausys, it has done so under a reservation of rights.  *See* ECF 68-8 at 2.  More importantly, Liberty has not paid any of LX Hausys' defense fees and costs incurred to date, and has only offered to pay on a going forward basis a share of the amounts already being paid by LX Hausys' insurers who, unlike Liberty, agreed early on to defend LX Hausys.  *See id.* ("We also have reached out to counsel for Sompo for purposes of discussing an appropriate cost sharing arrangement.").  But under California law, having breached its own duty to defend, Liberty is now liable to pay the full remaining costs of LX Hausys' defense, including amounts in excess of the "panel" rates its other insurers agreed to pay.  *See, e.g.*, *State v. Pacific Indemnity Co.*, 63 Cal.App.4th 1535, 1549, 1556 (1998) (insurer that failed to honor its duty to defend in timely fashion must pay the full defense costs actually incurred by its insured, including the portion of defense counsel's "regular hourly rate" that exceeds panel rates the insurer might otherwise pay); *accord Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 426 F.Supp.2d 1039, 1047–48 (N.D. Cal. 2005).  Because Liberty's duty to defend includes a duty to make timely payment of the defense costs it owes, *see L. Off. of Robert B. Jobe, P.C. v. Zurich Am. Ins. Co.*, 2025 WL 914311, at *5 (N.D. Cal. Mar. 5, 2025) ("Plaintiffs are

correct that the duty to defend includes the payment of defense costs . . . ."), and Liberty's failure to make such payment prejudices its insured, *see Montrose I*, 6 Cal.4th at 295–96 (obtaining a prompt defense from its insurer "is, in all likelihood, typically as significant a motive for the purchase of insurance as is the wish to obtain indemnity for possible liability"), LX Hausys is entitled to resolution of this ripe dispute in the ordinary course of this litigation, and because an immediate appeal will only delay that resolution, it would only further prejudice LX Hausys.[3]

*Finally*, for this reason, this coverage action will not be "stopped indefinitely, making no progress on either defense or indemnity," as Liberty contends.  Opp. (ECF 72) at 5.  LX Hausys' requested stay will allow the parties to resolve the parties' disputes regarding the scope of Liberty's defense obligation.  Moreover, LX Hausys is not asking the Court for an "indefinite" stay of all the indemnity proceedings in this case.  To the contrary, the Bodily Injury Lawsuits are in active discovery and litigation, and the parties to those litigations are vigorously working to resolve them in a reasonable amount of time.  *Cf. Quiroz* Action docket, Los Angeles Superior Court Case No. 24STCV01477 (action concluded within 2 years after being filed).  Indeed, as an example, the Bodily Injury Lawsuits coordinated in California before the Judicial Council Coordination Proceedings ("JCCP"), *see* ECF 69-1 at 2–6, have been streamlined rapidly through the JCCPs' rulings, which have identified several lead cases for trial this year, *see* JCCP Case No. 5378.  Once those cases conclude, the remaining cases will resolve efficiently soon thereafter.  LX Hausys' proposed stay will promote judicial economy and give those lawsuits (and the other Bodily Injury Lawsuits) a reasonable amount of time to conclude

---

[3] Liberty faults LX Hausys for not identifying the "procedural mechanism for resolving" the duty to defend issue.  Opp. (ECF 72) at 5.  But there was no need to do so.  As LX Hausys explained, resolution of the duty to defend issue should come in the ordinary course of this litigation, which, given the posture of this case, is at summary judgment.

and resolve key facts and issues that also bear directly on this coverage litigation.[4]

In sum, LX Hausys' requested stay is not "unnecessary." To the contrary, it is mandatory as a matter of California law and necessary to prevent substantial prejudice to LX Hausys under *Landis*.

### CONCLUSION

For the foregoing reasons, LX Hausys respectfully requests that this Court grant its Motion, stay all proceedings at this stage in this litigation (other than that relating to the issue of Liberty's duty to defend), and suspend the parties from pursuing determinations regarding Liberty's indemnity obligations under the Policies pending resolution of the Bodily Injury Lawsuits.

Dated:  June 29, 2026

Respectfully submitted,

COVINGTON & BURLING LLP

By:   /s/*Reynold L. Siemens*
　　　REYNOLD L. SIEMENS
　　　HAKEEM S. RIZK
　　　*Attorneys for Defendant LX Hausys America, Inc.*

---

[4] In any event, the timing is not a basis to deny LX Hausys' requested stay. The Court can in its order granting LX Hausys' motion provide a "specific deadline for when the stay will terminate." *Dependable Highway Exp., Inc.* 498 F.3d at 1067.

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant and Counter-Plaintiff LX Hausys America, Inc., certifies that this brief contains 4,263 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 29, 2026                         Respectfully submitted,

                                                                COVINGTON & BURLING LLP

                                                                By:   /s/ *Reynold L. Siemens*
                                                                        REYNOLD L. SIEMENS
                                                                        HAKEEM S. RIZK
                                                                        *Attorneys for Defendant LX*
                                                                        *Hausys America, Inc.*

REPLY ISO MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE; Case No. 2:25-CV-07207-CAS-KSx