UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | | Date | July 6, 2026 |
|---|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Danica Lam
Caroline Trusty
Robert Kole

Attorneys Present for Defendants:

Hakeem Rizk

Proceedings:     DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S MOTION TO STAY PROCEEDINGS UNTIL UNDERLYING ACTIONS CONCLUDE (Dkt. 68, filed on May 21, 2026)

PLAINTIFFS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B), AND REQUEST FOR STAY OF PROCEEDINGS PENDING APPEAL (Dkt. 70, filed on May 22, 2026)

## I.     INTRODUCTION

On August 5, 2025, plaintiffs Liberty Mutual Fire Insurance Company ("LM Fire") and Liberty Insurance Corporation ("LIC") (collectively, "Liberty") filed this action against defendant LX Hausys America, Inc. ("Hausys"). Plaintiffs assert two claims for relief: (1) declaratory judgment that Liberty has no duty to defend Hausys; and (2) declaratory judgment that Liberty has no duty to indemnify Hausys. Dkt. 1 ("Compl.").

On October 16, 2025, Hausys filed an answer to plaintiffs' complaint and filed two counterclaims against plaintiffs, asserting claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Dkt. 23.

On December 5, 2025, plaintiffs filed an answer to Hausys' counterclaims. Dkt. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

On January 12, 2026, plaintiffs filed a motion for judgment on the pleadings. Dkt. 31 ("Mot."). On March 31, 2026, the Court denied plaintiffs' motion. Dkt. 62 ("March 31, 2026 Order" or the "Order").

On May 21, 2026, Hausys filed the instant motion to stay proceedings until the underlying actions against Hausys are resolved. Dkt. 68 ("Mot. stay"). On June 18, 2026, plaintiffs filed an opposition. Dkt. 72 ("Opp. to mot. stay"). On June 29, 2026, Hausys filed a reply. Dkt. 73 ("Reply to mot. stay").

On May 22, 2026, plaintiffs filed the instant motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) and a request for a stay of proceedings pending appeal. Dkt. 70 ("Mot. appeal"). On June 18, 2026, Hausys filed an opposition. Dkt. 71 ("Opp. to mot. appeal"). On June 29, 2026, plaintiffs filed a reply. Dkt. 74 ("Reply to mot. appeal").

On July 6, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The background of this case is known to the parties and described in the Court's March 31, 2026 Order. Dkt. 62.

This case involves claims by Liberty, Hausys' commercial general liability insurer, that Liberty has no duty to defend and indemnify Hausys with respect to more than one hundred lawsuits brought by plaintiffs alleging injuries caused by their exposure to silica and other contaminants contained in defendants in Hausys' stone products (the "silica lawsuits" or "underlying actions"). See id. at 7.

On March 31, 2026, the Court found that Liberty has a duty to defend Hausys in the underlying actions. Id. at 25. The Court found that neither the Silica Exclusions nor the Total Pollution Exclusions, contained in Liberty's insurance policies issued to Hausys (the "Policies"), relieved Liberty of its duty to defend Hausys. Id. at 17-23. The Court found that the Silica Exclusions—which exclude coverage for "any ... injury ... any part of which is ... allegedly caused by ... silica, either alone or in combination with other substances or factors"—did not relieve Liberty of its duty to defend because the underlying actions against Hausys contained allegations that were ambiguous as to whether the plaintiffs "suffered bodily injuries … that were *not* caused by silica but rather

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

by other chemicals or toxins contained, for example, in Hausys' HIMACS products." <u>Id.</u> at 18-19. The Court found that the Total Pollution Exclusions—which exclude coverage for "'[b]odily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time—did not relieve Liberty of its duty to defend because "an 'average layperson' could reasonably understand that the release of toxic substances from Hausys' products, in the vicinity of their fabrication or installation, does not constitute 'traditional environmental pollution' within the meaning of the Total Pollution Exclusions." <u>Id.</u> at 22.

## III.   LEGAL STANDARD

### A.   Interlocutory Appeal

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); <u>In re Cement Antitrust Litig.</u>, 673 F.3d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." <u>Id.</u> at 1026; 28 U.S.C. § 1292(b). An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." <u>Id.</u> "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." <u>In re Cement Antitrust Litig.</u>, 673 F.3d at 1026 (citing <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966)); <u>Fukuda v. County of Los Angeles</u>, 630 F. Supp. 228, 299 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978)).

### B.   Discretionary Stay

A district court has discretionary power to stay proceedings. <u>See Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Among the interests to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "'[I]f there is even a fair possibility that the stay … will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

**IV.   DISCUSSION**

**A.   Motion for Interlocutory Appeal**

Plaintiffs "move the Court under 28 U.S.C. § 1292(b) for an order certifying for immediate interlocutory appeal of the Court's [March 31], 2026 Order denying Plaintiffs' Motion For Judgment on the Pleadings." Mot. appeal at 2.

First, Liberty argues that the Order presents a controlling question of law because the resolution of the issue on appeal could materially affect the outcome of litigation in the district court. Id. at 4-5. Liberty argues that "if the Ninth Circuit reverses the Order, that would materially affect the outcome of litigation in the district court, as it would resolve both Liberty's claims and LX Hausys' counterclaims: if there is no duty to defend, then there is no duty to indemnify, no breach of contract, and no bad faith." Id. at 5.

Second, Liberty argues that the Order raises substantial ground for difference of opinion because other reasonable judges could disagree with the Court's holding that the "Policies' silica exclusions do not bar coverage for the Underlying Lawsuits because they allege injuries caused by silica and also other substances." Id. at 6. Liberty argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

multiple district courts have already reached different conclusions under similar facts." Id. (citing Regent Ins. Co. v. Cambria Enters., No. 2:25-cv-04142-MRA-MAA, ECF 119, at 18-21 (C.D. Cal. Mar. 31, 2026) ("Cambria"); Atain Specialty Ins. Co. v. Bay Stone Depot, Inc, No. 24-cv-07541-NW, ECF 48, at 10-12 (N.D. Cal. May 19, 2025) ("Bay Stone"); Hanover Am. Ins. Co. v. Francini, Inc., 2025 U.S. Dist. LEXIS 70996, at *13-14 (C.D. Cal. Mar. 27, 2025) ("Francini I"), rev'd on rehearing, No. 2:23-cv-10047- MRA-MAA, ECF 96, at 8-11 (C.D. Cal. Mar. 31, 2026) ("Francini II").

Third, Liberty argues that an immediate appeal of the Order could materially advance the ultimate termination of the litigation because "a reversal would take all the claims out of the case." Id. at 9.  Moreover, Liberty argues that "even if the Ninth Circuit were to affirm the Order, its decision would still help to clarify the legal principles governing the dispute," including the issue of whether the independent concurrent causation doctrine is necessary to resolve the instant dispute over potential coverage. Id. Liberty argues that "there are no pragmatic considerations counseling against immediate interlocutory appeal here, where the parties have not set any discovery deadlines or trial-related dates, and therefore an appeal will not delay any existing case schedule." Id. Liberty argues that pragmatic considerations strongly favor an interlocutory appeal. Liberty argues that "absent an immediate appeal, it may take years for this issue to reach the Ninth Circuit" and result in prejudice to Liberty.  Liberty argues that an appeal would not prejudice Hausys because Hausys has moved for a stay of this action, and if that motion is granted, an appeal will not interfere with the progress of this case at all. Id. at 11.

In opposition, Hausys argues that there is no basis for certifying the Court's March 31, 2026 Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Opp. to mot. appeal at 6.  First, Hausys argues that the question Liberty seeks to certify is not a "controlling question of law." Id. at 6.  Rather, Hausys argues that the "[t]he question whether the Policies' Silica Exclusion precludes Liberty's duty to defend LX Hausys against the Bodily Injury Lawsuits … is a mixed question of law and fact that requires application of the Policy language and governing law to the allegations in the underlying Bodily Injury Lawsuits" and is not appropriate for interlocutory review. Id. at 6 (citing cases).  Hausys contends that, for a court order to present a "controlling question of law," it must present an issue that can be answered "quickly and cleanly without having to study the record." Id. at 7 (quoting Belin v. Starz Ent., LLC, 2024 WL 5185313, at *4 (C.D. Cal. Oct. 25, 2024)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Second, Hausys argues that there is no substantial ground for difference of opinion as to the Court's Order because Liberty makes no argument that California insurance law regarding the duty to defend is "unclear"; rather, Hausys argues that "[i]t has been settled for decades that an insurer like Liberty must provide its insured with a "complete" defense where, as here, the third-party claims against its insured contain *any* allegation that is even potentially covered." Id. at 8 (emphasis in original). Hausys further argues that the rulings in Cambria, Bay Stone, and Francini I do not constitute a "substantial ground for difference of opinion" with the Court's Order. Id. at 9-13. Hausys argues that the "mere fact that other courts have taken a different approach does not demonstrate a substantial difference of opinion under the meaning of § 1292(b)." Id. at 13 (citing Arista Networks, Inc. v. Cisco Sys. Inc., 2018 WL 2761855, at *3 (N.D. Cal. June 8, 2018)).

Third, Hausys argues that an immediate appeal would not materially advance the ultimate termination of this litigation because it would cause unnecessary delay, prolong the case, increase the cost of this litigation for the parties and the Court, and require the parties to spend their time and resources litigating an appeal. Id. at 15.

In reply, Liberty argues that the Court's March 31, 2026 Order presents a controlling question of law because the issue of whether an exclusion precludes a duty to defend under an insurance policy is a "pure" question of law, not one of law and fact. Reply to mot. appeal at 3 (citing cases holding that the issue of whether a particular insurance policy provides a potential for coverage is a question of law). Second, Liberty repeats that there are substantial grounds for difference of opinion on "the proper interpretation of the unambiguous Silica Exclusions as a matter of law." Id. at 5. Liberty argues that because the court in Francini I reversed its decision in Francini II, this demonstrates substantial ground for difference of opinion on the issue, given that "[the] Court clearly struggled in analyzing the question, issuing two orders that reached opposite conclusions." Id. at 7-8 (quoting Mehedi v. View, Inc., No. 21-CV-06374-BLF, 2024 WL 3748012, at *2 (N.D. Cal. Aug. 8, 2024)). Third, Liberty argues that an immediate appeal of the Court's Order may materially advance the ultimate termination of litigation not only in this case but "more broadly," given that multiple other district courts in the Ninth Circuit have or are considering the interpretation of silica exclusions. Id. at 11-12.

The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met: "(1) there is a controlling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.3d at 1026; 28 U.S.C. § 1292(b).

Here, the Court finds that certification of its March 31, 2026 Order is not appropriate at least because the second prong of the § 1292(b) certification standard is not satisfied: There are not substantial grounds for difference of opinion with respect to the Order. Substantial grounds for a difference of opinion are present where an order "'involves an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for a difference of opinion' on the issue." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir.2010) (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)).

The Court's March 31, 2026 Order found that the underlying actions "can be reasonably interpreted to allege distinct injuries—silica-related injuries and non-silica-related injuries—and that one of the injuries was caused entirely by non-silica substances or factors." March 31, 2026 Order at 20. The Court explained:

> [The underlying actions] allege[] that as a result of Hausys' actionable conduct that resulted in [plaintiffs'] "exposure to [Hausys'] stone products, silica metals and other toxins,["] the plaintiff suffered "specific illnesses, to wit, silicosis, pulmonary fibrosis, and related medical conditions." … Given these allegations, there is ambiguity as to whether the [underlying actions] allege[] that the silica allegedly contained Hausys' HIMACS products caused plaintiffs injuries. In other words, there is ambiguity as to whether the [plaintiffs in the underlying actions] allege[] that [they] suffered bodily injuries (including "pulmonary fibrosis, and related medical conditions") that were *not* caused by silica but rather by other chemicals or toxins contained, for example, in Hausys' HIMACS products. This ambiguity exists even if HIMACS allegedly contains silica. Because the [underlying actions] allege[] an injury that is potentially not excluded by the Silica Exclusions, the Silica Exclusions do not relieve Liberty of its duty to defend Hausys in the [underlying actions].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Id. at 18-19.

The Court finds that there are not substantial grounds for difference of opinion as to the "controlling question" at issue—whether the Silica Exclusions relieve Liberty of the duty to defend its insured in the underlying actions. To be sure, it is challenging to ascertain whether the allegations in the underlying actions[1] allege silica-related injuries distinct from non-silica-related injuries. However, it is not difficult to answer the controlling question at issue—whether the allegations *potentially* allege non-silica-related injuries and therefore impose a defense duty. In other words, while reasonable judges might differ on the best interpretation of whether the underlying actions allege silica-related injuries distinct from non-silica-related injuries, reasonable judges would *not* differ as to the question of whether the underlying actions *potentially* allege an injury that is not caused by silica. Because this question of *potential* coverage under the Policies is not a novel and difficult legal question of first impression, Liberty has not met its burden of demonstrating that the Court's March 31, 2026 Order is appropriate for certification under § 1292(b). California law makes clear that any ambiguity as to the potential for coverage by virtue of a coverage exclusion must be construed against the insurer. See Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1039 (2002) ("[A]n insurer that wishes to rely on an exclusion has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds."); Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 299-300 (1993) ("Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor.").

Liberty's citations to caselaw, which interpret silica exclusions in other insurance policies that are similar to those in this case, are unavailing. Liberty relies on Cambria, in which the court found that one version of an insurer's silica exclusion relieved the insurer of its duty to defend because the exclusion applied to "any Claim or Suit that also alleges any Bodily Injury," defined as an injury arising "out of any actual, alleged or threatened: a. absorption, ingestion or inhalation of silica in any form by any person; or b. existence of silica in any form." Cambria, Dkt. 119 at 5, 18. The Cambria court reasoned that the

---

[1] Specifically, the allegation that, "[a]s a result of [plaintiffs'] exposure to [Hausys'] stone products, silica, metals and other toxins entered [plaintiffs] and caused [plaintiffs] to suffer from specific illnesses, to wit, silicosis, pulmonary fibrosis, and related medical conditions," Dkt. 33-1 ¶ 1306, does not clearly allege silica-related injuries distinct from non-silica-related injuries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|----------|----------------------|------|--------------|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

insurer had no duty to defend because the underlying actions against the insured alleged
"injuries arising from other substances that are *part of any claim or suit* that also alleges
any injuries arising from silica or silica-related dust." Id. at 18 (emphasis added).
However, the language of the silica exclusions in Cambria is distinguishable from the
language of the Silica Exclusions in this case.  In this case, the Silica Exclusions exclude
coverage for:

> any liability, damages, loss, injury, demand, claim or "suit" any part of which is
> caused by, or allegedly caused by, silica, either alone or in combination with other
> substances or factors, whether included in a product or otherwise.

Dkt. 31-3 at 12.

Importantly, unlike the silica exclusions in Cambria, the word "suit" is specifically
defined in the Policies in this case.  Under the Policies in this case, "'[s]uit' means a civil
proceeding in which damages because of an act, error or omission *to which this insurance
applies* are alleged." Dkt. 31-3 at 64 (emphases added).  However, this definition of
"suit" is self-referential and assumes the fact at issue—that the Policies apply to the
underlying actions.  Accordingly, the term "suit" defined in the Silica Exclusions here
cannot be relied on by Liberty to support its argument that the Silica Exclusions apply.
Therefore, Liberty's citation to Cambria as evidence of reasonable judges' disagreement
over the interpretation of silica exclusions is misplaced.

Liberty's citation to Francini I is likewise unpersuasive.  Francini I is
distinguishable from the instant case because the court there relied on the fact that the
"primary injuries" alleged in the underlying actions could only have been caused by
exposure to silica.  See Francini I at 4.  In this case, however, the underlying actions
potentially allege injuries not caused by silica.  See Dkt. 33-1 ¶ 1306.  Moreover,
although the Francini I court subsequently reversed its holding and concluded that the
insured "has demonstrated the existence of a potential for coverage -- i.e., the existence
of injuries in the Underlying Actions that would not fall within the scope of the Silica
Exclusion," Francini II at 8, such reversal alone does not demonstrate that "the
controlling law[2] is unclear" and appropriate for § 1292(b) certification.  See Couch v.

---

[2] Here, the controlling law is California law on the duty to defend, which is well-settled.
Ecology Works, Inc. v. Essex Ins. Co., 58 F. App'x 714, 715 (9th Cir. 2003) ("The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion."). See also Sompo Am. Ins. Co. v. LX Hausys Am., Inc., No. 2:25-cv-02832-JFW-MAA, ECF 65, at 1-2 (C.D. Cal. April 30, 2026) ("Sompo II") (denying certification for interlocutory appeal of the court's decision that a silica exclusion did not eliminate the potential for coverage under the insurance policy).

Liberty's citation to Bay Stone does not establish substantial grounds for difference of opinion as to the controlling question at issue, either. The Bay Stone court found that "[t]he recovery sought against Bay Stone is based on bodily injuries, sickness, or disease caused by silica or silica-related dust or arising out of bodily injuries, sickness, or disease caused by silica or silica-related dust. The Policy exclusion is clear: these injuries, sicknesses, or diseases are not covered." Bay Stone at 11. However, the Bay Stone court did not apply the controlling question at issue here, nor did the court provide an answer to such question that is contrary to the Court's March 31, 2026 Order.[3] Accordingly, Bay Stone does not support Liberty's contention that "reasonable judges might differ" as to the controlling question here.

Because Liberty has failed to establish that there are substantial grounds for difference of opinion as to the controlling question at issue—whether the Silica Exclusions relieve Liberty of the duty to defend its insured in the underlying actions—Liberty's motion to certify under § 1292(b) must be denied. See In re Cement Antitrust Litig., 673 F.3d at 1026 ("[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").

---

California law defining a liability insurer's duty to defend is 'well settled.'") (citation omitted). The Court's March 31, 2026 Order applied this controlling law with respect to the Policy and underlying actions at issue in this case.

[3] Although the Bay Stone court discussed the settled law—that "an 'insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy,'" id. at 8 (citing Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 299 (1993))—it did not apply this standard in holding that the insurer did not have a duty to defend. See Bay Stone at 11.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

### B.   Motion to Stay

Hausys moves for a Court order staying all proceedings in this action except for the issue of Liberty's duty to defend, until all of the underlying actions against LX Hausys have concluded. Mot. stay at 1. Hausys argues that under California law, proceedings in an insurance coverage action such as the instant action "must" be stayed until the underlying liability action against the insured is over. Id. at 9-11 (citing Montrose Chem. Corp. v. Super. Ct., 6 Cal. 4th 287, 301 (1993) ("Montrose I")). Hausys argues that California courts have mandated a stay in such circumstances— when the "factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation"—to prevent an insurer from effectively "join[ing] forces with the plaintiffs in the underlying action[] as a means to defeat coverage." Id. at 10 (citing cases). Hausys further argues that "the imposition of a stay under Montrose I is a substantive issue governed by California law," under which federal courts are bound. Id. at 8-9 (citing cases in which federal district courts have applied California law and the Montrose line of cases "in order to determine whether a stay is appropriate"). Here, Hausys argues that it would suffer prejudice absent a stay because it would have to expend resources to fight a "two front war" against Liberty and the plaintiffs in the underlying actions and because Hausys may be forced to litigate the complex issues of what caused the underlying plaintiffs' injuries prematurely, potentially creating adverse findings that Hausys may be collaterally estopped from relitigating in the underlying actions. See id. at 14-15.

Hausys further argues that even if a stay were not mandatory, the Court should exercise its discretion and issue a stay of proceedings except with respect to the duty to defend issue. Id. at 17. Hausys argues that Liberty would suffer minimal harm, if any, from a stay; that Hausys would suffer considerable hardship absent a stay; and that a stay would best serve the orderly course of justice because virtually all of the predicate facts bearing on Hausys' right to coverage will be developed through discovery and litigation in the underlying actions. Id. at 19.

In opposition, Liberty argues that "this Court has the discretion whether to stay the indemnity proceedings in this case, and the applicable law weighs against such a blanket, indefinite stay." Opp. to mot. stay at 5. Liberty argues that "[i]n a diversity action like this, on a motion to stay, federal procedural law (not state substantive law) applies because 'a stay of an action is procedural, not substantive.'" Id. at 7-8 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                      **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

Liberty argues that, under federal procedural law and the <u>Landis</u> factors, Hausys has failed to meet its burden of demonstrating that a stay is warranted. <u>Id.</u> at 9. Liberty argues that a categorical stay of all indemnity proceedings until all of the underlying actions conclude "would leave Liberty without any guidance on its indemnity obligations as the Underlying Lawsuits continue to resolve. That lack of clarity would enable LX Hausys to threaten Liberty with additional bad faith claims and pressure Liberty to contribute to any settlements of the Underlying Lawsuits even where Liberty believes them to be uncovered." <u>Id.</u> at 11. Liberty argues that Hausys would not suffer significant hardship from a stay because Liberty has already agreed to pay LX Hausys' defense costs and because, "at least for the Underlying Lawsuits that have already concluded, there are multiple ripe indemnity issues that can be litigated in this action that will have no impact on the defense of the pending Underlying Lawsuits." <u>Id.</u> at 12-13. Third, Liberty argues that "Hausys' proposed stay would undermine the orderly course of justice" because the requested "stay would be long and indefinite, likely lasting many years." <u>Id.</u> at 13-14.

In reply, Hausys argues that a stay would not prejudice Liberty because "delaying a determination of whether an insurer owes an insured party coverage does not substantially harm the insurer." Reply to mot. stay at 6 (citing cases). Hausys repeats that it would suffer considerable prejudice absent a stay, and that a stay would not cause undue delay. <u>Id.</u> at 8-9.

As an initial matter, whether a federal court, sitting in diversity, should stay an action is a question of federal law, not state law. As one district court has explained:

> Under the <u>Erie</u> doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. … [A] motion to stay is procedural, not substantive [because] "[t]he effect of a stay is simply to delay the trial for some period of time." … [A] stay [does] not create any "rights or obligations" of the parties, nor would it be outcome determinative since, if granted, it would merely delay the proceedings pending resolution of the Underlying Action."

<u>Federated Mut. Ins. Co. v. Weinstein</u>, No. 2:24-CV-04609-SPG-MAA, 2025 WL 657913, at *2 (C.D. Cal. Jan. 16, 2025) (cleaned up) (citing cases).

While some district court decisions in this Circuit have concluded that state law applies to the issue of a stay, the Court is unpersuaded by the reasoning of these cases. As the <u>Weinstein</u> court has explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

In <u>Atain Specialty Ins. Co. v. 20 Parkridge, LLC</u>, No. 15-CV-00212-MEJ, 2015
WL 2226356, at *5 (N.D. Cal. May 11, 2015), the court cited to <u>U.S. Fidelity and
Guaranty Co. v. Lee Investments LLC</u>, 641 F.3d 1126, 1133-34 (9th Cir. 2011), for
the proposition that "[a] federal court sitting in diversity over a state law claim
applies the law of the state where it is located in order to determine whether a stay
is appropriate." 2015 WL 2226356, at *5.  However … "no stay was requested or
at issue" in <u>U.S. Fidelity</u>. <u>AIU Ins. Co.</u>, 2021 WL 3565440, at *2. <u>See also</u>
<u>Scottsdale Ins. Co.</u>, 2016 WL 7469636 (concluding that <u>U.S. Fidelity</u> "does not
support this proposition or even involve a motion to stay"). Rather, the Ninth
Circuit in <u>U.S. Fidelity</u> concluded that state law applied to the question of whether
the California Workers' Compensation Act's exclusivity provisions would
preclude the court from hearing the insurer's claims—a distinct and clearly
substantive issue. <u>U.S. Fidelity</u>, 641 F.3d at 1133. All the cases cited by the
Insureds either rely on <u>U.S. Fidelity</u> or apply California law without discussion. …
Because the Court does not read <u>U.S. Fidelity</u> to require application of state law to
a motion to stay, the Court is unpersuaded by these decisions [that suggest that a
federal court sitting in diversity apply state law to determine whether a stay is
appropriate].

<u>Weinstein</u>, 2025 WL 657913, at *2.

In deciding whether to stay a pending proceeding "pursuant to its docket
management powers," courts in the Ninth Circuit weigh "three non-exclusive factors":
"(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship
or inequity which a party may suffer in being required to go forward'; and (3) 'the
orderly course of justice measured in terms of the simplifying or complicating of issues,
proof, and questions of law.'" <u>Ernest Bock, LLC v. Steelman</u>, 76 F.4th 827, 842 (9th Cir.
2023) (quoting <u>Lockyer</u>, 389 F.3d at 1110).

At this time, the Court finds it inappropriate to issue any stay in this action.
Hausys has been named as a defendant in more than one hundred lawsuits brought by
plaintiffs alleging exposure to silica and other contaminants contained in defendants'—
including Hausys'—stone products, and Hausys' proposal to stay all proceedings pending
the resolution of all of these underlying actions would likely delay resolution of this case
for many years.  Hausys' proposed stay would cause undue delay in this case, given
that—as Hausys itself acknowledges—the underlying actions are proceeding on multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

different schedules and future lawsuits are likely.  See Mot. stay at 5-6.  See <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.") (citation omitted).

Nor does the Court find it appropriate to stay proceedings on a case-by-case basis with respect to a given underlying action.  First, while a stay on a case-by-case basis would not result in meaningful damage or hardship to the parties, there is little to no benefit from imposing such a stay.  This is so because, as explained below, the Court's determination of Liberty's duty to indemnify in this action does not depend on the outcome of a specific underlying action; therefore, a case-by-case stay would serve little purpose.

Second, the Court finds that there would be little to no hardship in requiring the parties to go forward in this action absent a stay.  While Hausys contends that a stay is necessary to avoid the potential unfairness resulting from adverse factual findings in this case harming Hausys' defense in the underlying actions, the Court is unpersuaded by this argument because the Court in this case need not make any factual determinations as to Hausys' liability in any given underlying action.  Rather, in the interests of judicial economy, the Court may fashion a decision on the issue of Liberty's duty to indemnify Hausys in this case that is contingent on the outcome of a given underlying action.

Third, while the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law may be advanced by a stay, any such benefits would be undermined by the practical difficulties in administering a stay.  The Court finds that the need to resolve potential disputes as to the applicability of a case-by-case stay would likely become unmanageable and offset any efficiencies gained by a stay.  While some courts have indicated that a stay is justified where "virtually all of the predicate facts bearing on [insureds'] right to coverage . . . will be developed through discovery and litigation" in the underlying action against the insured, <u>Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.</u>, No. 20-CV-00810-HSG, 2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020),[4] such cases are distinguishable for two reasons.

---

[4]  See also <u>Sentry Select Ins. Co. v. Quaid Harley Davidson, Inc.</u>, No. 5:20-CV-02145-JWH-KKX, 2022 WL 1681695, at *5 (C.D. Cal. Jan. 18, 2022) (Absent a stay, "[t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-07207-CAS-KSx | Date | July 6, 2026 |
|---|---|---|---|
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

First, these cases involved situations in which the insured was subject to only one underlying action that would have resulted in one outcome; here, by contrast, Hausys faces over a hundred underlying actions which could result in different or possibly inconsistent outcomes. Accordingly, there is little benefit in staying this action in anticipation of one consistent outcome in the underlying actions. Second, as discussed, the Court in this action need not delve into the facts of the claims in the underlying actions or make determinations as to the cause or causes of plaintiffs' injuries in the underlying actions; the Court may resolve Liberty's indemnity claim by fashioning a decision that may be applied and enforced based on the factual findings in a given underlying action. Because a stay would not promote judicial economy or efficiency in this case, the Court declines to issue any stay at this time.

As the underlying actions proceed, the Court encourages the parties to stipulate to a sensible schedule for proceeding with Liberty's indemnity claims in this case, subject to the Court's review. Should a stay in this case with respect to a given underlying action become necessary for a specific reason, Hausys may renew its motion for a stay.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Liberty's motion to certify the Court's March 31, 2026 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

The Court **DENIES** Hausys' motion to stay proceedings, without prejudice.

IT IS SO ORDERED.

| | 00 | : | 18 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

Court will necessarily have to delve into the facts of the claims in the Underlying Lawsuit," and such overlap "risks wasted efforts or, worse, inconsistent judgments.").