UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07207-CAS-KSx | Date | November 2, 2026 |
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Danica Lam<br>Caroline Trusty | Hakeem Rizk |

Proceedings: **ZOOM HEARING RE:** PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION (Dkt. 81, filed on September 14, 2026)

## I. INTRODUCTION

On August 5, 2025, plaintiffs Liberty Mutual Fire Insurance Company ("LM Fire") and Liberty Insurance Corporation ("LIC") (collectively, "Liberty") filed this action against defendant LX Hausys America, Inc. ("Hausys"). Plaintiffs assert two claims for relief: (1) declaratory judgment that Liberty has no duty to defend Hausys; and (2) declaratory judgment that Liberty has no duty to indemnify Hausys. Dkt. 1 ("Compl.").

On October 16, 2025, Hausys filed an answer to plaintiffs' complaint and filed two counterclaims against plaintiffs, asserting claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Dkt. 23.

On December 5, 2025, plaintiffs filed an answer to Hausys's counterclaims. Dkt. 29.

On January 12, 2026, plaintiffs filed a motion for judgment on the pleadings. Dkt. 31. On March 31, 2026, the Court denied plaintiffs' motion (the "March 31, 2026 Order"). Dkt. 62.

On May 22, 2026, plaintiffs filed a motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) and a request for a stay of proceedings pending appeal. Dkt. 70. On July 6, 2026, the Court denied the motion (the "July 6, 2026 Order"). Dkt. 75.

On September 14, 2026,[1] plaintiffs filed the instant motion for reconsideration. Dkt. 81-1 (“Mot.”). On October 13, 2026, Hausys filed an opposition. Dkt. 89 (“Opp.”). On October 19, 2026, plaintiffs filed a reply. Dkt. 90 (“Reply”).

On November 2, 2026, the Court held a hearing. Having carefully considered the parties’ arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The background of this case is known to the parties and described in the Court’s March 31, 2026 Order. Dkt. 62.

This case involves claims by Liberty, Hausys’s commercial general liability insurer, that Liberty has no duty to defend and indemnify Hausys with respect to more than one hundred lawsuits brought by plaintiffs alleging injuries caused by their exposure to silica and other contaminants contained in defendants in Hausys’s stone products (the “silica lawsuits” or “underlying actions”). See id. at 7.

On March 31, 2026, the Court found that Liberty has a duty to defend Hausys in the underlying actions. See id. at 25. The Court found that neither the Silica Exclusions nor the Total Pollution Exclusions, contained in Liberty’s insurance policies issued to Hausys (the “Policies”), relieved Liberty of its duty to defend Hausys. Id. at 17-23.

The instant motion concerns the effect of the Silica Exclusions on Liberty’s duty to defend Hausys. See Mot. Both LM Fire and LIC issued policies to Hausys. See Compl. ¶¶ 15, 19. The LM Fire policies issued to Hausys contain the following Silica Exclusion (the “LM Fire Silica Exclusion”):

[1] Local Rule 7-18 requires movants to file a motion for reconsideration “no later than 14 days after the entry of the Order that is subject to the motion” unless there is good cause shown. C.D. Cal. L.R. 7-18. Plaintiffs argue that good cause exists for their late-filed motion because the motion relies on orders in related cases, which were not issued until August 27, 2026. Mot. at 3 n.2. Accordingly, plaintiffs argue that they could not file this motion within 14 days of the Court’s July 6, 2026 Order. Id. Hausys does not appear to dispute that good cause exists for plaintiffs’ late filing. See Opp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** ‘O’

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07207-CAS-KSx | Date | November 2, 2026 |
| Title | Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc. | | |

SILICA EXCLUSION ENDORSEMENT

> This insurance does not apply to any liability, damages, loss, injury, demand, claim or "suit" any part of which is caused by, or allegedly caused by, silica, either alone or in combination with other substances or factors, whether included in a product or otherwise.

Id. ¶ 17 (emphasis in original). The relevant LIC policies issued to Hausys contain the following Silica Exclusion (the “LIC Silica Exclusion”):

SILICA OR SILICA-RELATED DUST EXCLUSION

> A. The following exclusion is added to Paragraph **2. Exclusions of SECTION I -COVERAGES:**
>
> 2. Exclusions
>
> This insurance does not apply to:
>
> Silica or Silica-Related Dust
>
> (1) “Bodily injury” arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, “silica” or “silica-related dust”
>
> . . . .

Id. ¶ 21 (emphasis in original).

With respect to the Court’s March 31, 2026 Order denying plaintiffs’ motion for judgment on the pleadings, the parties and the Court interpreted the LM Fire and LIC Silica Exclusions coextensively. See Dkt. 62 at 10 n.2. The Court found that the Silica Exclusions—which exclude coverage for “any . . . injury . . . any part of which is . . . allegedly caused by . . . silica, either alone or in combination with other substances or factors”—did not relieve Liberty of its duty to defend because the underlying actions against Hausys contained allegations that were ambiguous as to whether the plaintiffs

“suffered bodily injuries . . . that were *not* caused by silica but rather by other chemicals or toxins contained, for example, in Hausys’ HIMACS products.” Id. at 18-19.

On July 6, 2026, the Court denied plaintiffs’ motion for certification for interlocutory appeal of the Court’s March 31, 2026 Order. Dkt. 75. The Court found that there were no substantial grounds for difference of opinion as to whether the Silica Exclusions relieve Liberty of the duty to defend Hausys in the underlying actions. See id. at 7. The Court explained:

> [W]hile reasonable judges might differ on the best interpretation of whether the underlying actions allege silica-related injuries distinct from non-silica-related injuries, reasonable judges would not differ as to the question of whether the underlying actions *potentially* allege an injury that is not caused by silica. Because this question of potential coverage under the Policies is not a novel and difficult legal question of first impression, Liberty has not met its burden of demonstrating that the Court's March 31, 2026 Order is appropriate for certification under § 1292(b).

Id. at 8.

## III. LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact or mistakes of law. “However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs.” Sanai v. Lawrence, No. CV 21-7745, 2022 WL 18214397, at *1 (C.D. Cal. May 25, 2022) (quoting San Luis & Delta-Mendota Water Auth. v. U.S. Dep’t of Interior, 624 F. Supp. 2d 1197 (E.D. Cal. 2009)).

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. “[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California.” Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 F. App’x 429, 430 (9th Cir. 2015) (affirming denial of a motion for reconsideration for failure to comply with Local Rule 7-18).

“Whether or not to grant reconsideration is committed to the sound discretion of the court.” Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

## IV. DISCUSSION

Plaintiffs argue that the Court should reconsider its July 6, 2026 Order denying plaintiffs’ motion for certification for interlocutory appeal in light of the fact that another court in this District recently certified for interlocutory appeal five orders in related cases with respect to whether various silica exclusions relieve insurance companies of the duty to defend their insured in the same silica-related underlying lawsuits (collectively, the “August 27, 2026 Orders”). See Mot. at 1-2 (citing Hanover Am. Ins. Co. v. Francini, Inc., No. 2:23-cv-10047, Dkt. 105 (C.D. Cal. Aug 27, 2026); Regent Ins. Co. v. Stone Source LLC, No. 2:25-cv-06702, Dkt. 80 (C.D. Cal. Aug 27, 2026); Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co., No. 2:25-cv-04370, Dkt. 118 (C.D. Cal. Aug 27, 2026); Surface Warehouse, LP v. Charter Oak Fire Ins. Co., No. 2:25-cv- 03895, Dkt. 72 (C.D.

Cal. Aug 27, 2026); Regent Ins. Co. v. Cambria Enters., No. 2:25-cv-04142, Dkt. 158 (C.D. Cal. Aug 27, 2026)).[2]

Plaintiffs argue that the August 27, 2026 Orders constitute "new material facts" that give rise to the need for reconsideration of this Court's July 6, 2026 Order. Id. at 3. Specifically, plaintiffs argue that these orders grant certification for interlocutory appeal to resolve an "apparent tension in California law between the concurrent causation doctrine, on the one hand, and the broad interpretation given to the phrase 'arising out of' as it applies to exclusions.'" Id. at 3 (quoting Pac. Shore Stones, No. 2:25-cv-06702, Dkt. 118 at 6) (citation modified). Because the LIC Silica Exclusion in the instant case contains the same "arising out of" language, plaintiffs argue that the "same 'tension' applies here." Id.

Plaintiffs further argue that granting certification for interlocutory appeal would materially advance the termination of this case. Id. at 4. Plaintiffs argue that while the August 27, 2026 Orders will require the Ninth Circuit to review "the exact language" of the LIC Silica Exclusion on interlocutory appeal, none of related cases involve the language contained in the LM Fire Silica Exclusion. Id. Accordingly, plaintiffs argue that "this Court could be left with a Ninth Circuit decision that does not resolve the specific issues presented here." Id. Finally, plaintiffs argue there is no prejudice to Hausys because in granting plaintiffs' motion for reconsideration, the Court can also grant a stay of the case, thereby "effectively granting the relief" that Hausys sought in separate motions for a stay of proceedings in this action. Id. (citing Dkt. 79).[3]

---

[2] Each of the August 27, 2026 Orders contains similar, if not identical, reasoning with respect to the "substantial grounds for difference of opinion" requirement set forth in § 1292(b). Accordingly, the Court cites and considers Hanover Am. Ins. Co. v. Francini, Inc., No. 2:23-cv-10047, Dkt. 105 (C.D. Cal. Aug 27, 2026), to be representative of every August 27, 2026 Order. The parties likewise reference the August 27, 2026 Orders collectively. See Mot.; Opp.

[3] On May 21, 2026, Hausys filed a motion to stay proceedings until the underlying actions against Hausys were resolved. Dkt. 68. On July 6, 2026, the Court denied Hausys's motion. Dkt. 75. On August 24, 2026, Hausys filed a motion to certify the Court's July 6, 2026 Order for interlocutory appeal. Dkt. 79. Hausys also requested a

In opposition, Hausys argues that the August 27, 2026 Orders "neither undermine this Court's March 31[, 2026] Order, nor supply the extraordinary circumstances required to revisit the Court's July 6[, 2026] Order denying certification." Opp. at 1. First, Hausys argues that the August 27, 2026 Orders do not constitute new material facts because the orders do not address whether Liberty's Silica Exclusions relieve Liberty of the duty to defend in the underlying cases at issue but instead ask "whether a silica exclusion in a different policy relieved a different insurer of its duty to defend a different insured based on different allegations as to that insured." Id. at 4. Second, Hausys argues that the August 27, 2026 Orders do not conflict with the Court's March 31, 2026 Order because the August 27, 2026 Orders certify questions involving the illusory coverage doctrine and the concurrent causation doctrine. Id. at 1, 4. Hausys argues that the Court did not address the illusory coverage doctrine in its March 31, 2026 Order. See id. at 1, 4. Moreover, Hausys argues that the Court concluded it was not necessary to resolve any concurrent causation issues in the instant matter because the underlying plaintiffs alleged injuries that may have been caused solely by HIMACS products, which may not contain silica. See id. at 1, 4-5; see also Dkt. 65 at 19-20. Hausys further argues that both the August 27, 2026 Orders and this Court's March 31, 2026 Order "reached consistent outcomes" because they both recognized that the concurrent causation doctrine could apply where injuries caused by silica and non-silica substances arise from the same artificial stone products. See Opp. at 5. Finally, Hausys argues that even if the August 27, 2026 Orders were inconsistent with the Court's March 31, 2026 Order, the orders simply present different applications of settled law, which does not establish a substantial ground for difference of opinion as required by § 1292(b). Id.

Hausys also argues that plaintiffs' arguments related to the practical efficiency of an interlocutory appeal are not proper grounds on which to grant a motion for reconsideration, pursuant to Local Rule 7-18. Id. at 6. Hausys further argues that plaintiffs improperly repeat arguments that the Court has already considered. Id. Hausys contends that, in any event, an interlocutory appeal would create unnecessary delays and expenses for both parties. Id. at 6-7. Finally, Hausys argues that a stay pending interlocutory appeal would not eliminate prejudice against Hausys. Id. at 7-8.

---

stay of the proceedings pending interlocutory appeal. Id. at 9-10. On October 5, 2026, the Court denied Hausys's motion. Dkt. 88.

In reply, plaintiffs argue that the "substantial ground for difference of opinion" prong of the § 1292(b) analysis does not require identical circumstances to exist between the instant case and the related cases, as Hausys suggests, but instead merely requires similar facts. Reply at 2. Second, plaintiffs argue that Hausys's distinction with respect to the illusory coverage doctrine is irrelevant, while Hausys misconstrues the role that the concurrent causation doctrine played in the Court's March 31, 2026 Order and the parties' briefing thereon. Id. at 2. Third, plaintiffs argue that they "do[] not contend that practical inefficiency independently justifies reconsideration," but instead direct the Court's attention to the ways in which the August 27, 2026 Orders give rise to new material facts that will impact the efficiency of resolving this action. Id. at 3. Plaintiffs contend that "Hausys does not—and cannot—refute that the [August 27, 2026 Orders] create a substantial risk of additional, protracted litigation in this case." Id. at 4.

As an initial matter, the Court is not convinced that plaintiffs have presented circumstances that warrant reconsideration under Local Rule 7-18. Plaintiffs rely on the August 27, 2026 Orders, which are nonprecedential decisions issued by another court in this District. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d] (3d ed. 2011))). "A nonprecedential decision does not present 'a material difference in fact or law from that presented to the Court' or 'a change of law occurring after the Order was entered'" under Local Rule 7-18. White v. Moore, No. 221CV06964, 2022 WL 17224678, at *1 (C.D. Cal. Feb. 4, 2022) (quoting C.D. Cal. L.R. 7-18); see also In re ZF-TRW Airbag Control Units Prods. Liab. Litig., No. LA ML19-02905, 2025 WL 2684021, at *33 (C.D. Cal. Aug. 15, 2025) ("[Movants' cited authority consists of] unpublished decisions by other district courts in this Circuit. Therefore, they do not constitute a 'change of law.'"); Fardig v. Hobby Lobby Stores Inc., No. SACV 14-00561, 2014 WL 4782618, at *4 (C.D. Cal. Aug. 11, 2014) (explaining that because movants rely on a state supreme court case "whose precedential value is persuasive instead of binding, the Court doubts whether reconsideration is even available under Local Rule 7–18"). It follows that nonprecedential decisions are also unlikely to constitute "new material facts" within the meaning of Local Rule 7-18. Accordingly, the August 27, 2026 Orders do not appear to provide sufficient grounds for reconsideration under Local Rule 7-18.

Even if the August 27, 2026 Orders qualify as “new material facts,” however, the Court finds no basis for reconsideration. The Court’s July 6, 2026 Order found that there are no substantial grounds for difference of opinion with respect to the March 31, 2026 Order. Dkt. 75 at 7. Specifically, the Court explained that the March 31, 2026 Order found that “the underlying actions ‘can be reasonably interpreted to allege distinct injuries-silica-related injuries and non-silica related injuries—and that one of the injuries was caused entirely by non-silica substances or factors.’” Id. at 7 (quoting Dkt. 62 at 20). The Court explained that “there is ambiguity” as to whether plaintiffs’ injuries were “*not* caused by silica but rather by other chemicals or toxins contained, for example, in Hausys’ HIMACS products.” Id. (quoting Dkt. 62 at 18-19) (emphasis in original). The Court further explained that “[t]his ambiguity exists even if HIMACS allegedly contains silica,” id. at 7-8 (quoting Dkt. 62 at 18-19), given that the underlying plaintiffs’ allegations “do not clearly allege silica-related injuries distinct from non-silica-related injuries.” Id. at 8 n.1. The Court concluded that “while reasonable judges might differ on the best interpretation of whether the underlying actions allege silica related injuries distinct from non-silica-related injuries, reasonable judges would *not* differ as to the question of whether the underlying actions *potentially* allege an injury that is not caused by silica.” Id. at 8 (emphasis in original).

Pursuant to § 1292(b), “[a] substantial ground for difference of opinion” exists “where reasonable jurists might disagree on an issue’s resolution.” Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). “Courts must examine to what extent the controlling law is unclear.” Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (citation modified). “Courts traditionally will find that a substantial ground for difference of opinion exists where ‘the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.’” Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

The August 27, 2026 Orders do not establish that there are substantial grounds for difference of opinion as to the controlling question at issue in the instant matter, i.e., “whether Liberty’s Silica Exclusions relieve Liberty of the duty to defend its insured in the underlying actions.” Dkt. 75 at 8. The August 27, 2026 Orders found that there are substantial grounds for difference of opinion as to the “tension” between (1) the concurrent causation doctrine, which provides that “coverage . . . cannot be defeated simply because a separate excluded risk constitutes an additional cause of injury,” State

Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal. 3d 94, 104-05 (1973), and (2) California courts' broad interpretation of "arising out of" language, which "connotes only a minimal causal connection or incidental relationship." See, e.g., Francini, Dkt. 105 at 5-6 (quoting Medill v. Westport Ins. Corp., 143 Cal. App. 4th 819, 830 (2006)).[4] In other words, to the extent that the underlying actions allege injuries stemming from a combination of silica-based and non-silica-based causes, the concurrent causation doctrine appears to call for a narrow application of the silica exclusions, thereby giving rise to an insurer's duty to defend in the underlying actions. See id. In contrast, the "arising out of" language may call for a broad interpretation of the silica exclusions that excludes coverage for claims related to the underlying plaintiffs' injuries caused by a combination of silica- and non-silica-based substances. See id.

However, the concurrent causation doctrine had little, if any, bearing on the Court's conclusion that Liberty has a duty to defend Hausys in the underlying actions. See Dkt. 62. In its March 31, 2026 Order, the Court explained that the underlying actions "can be reasonably interpreted to allege distinct injuries—silica-related injuries and non-silica-related injuries—and that one of the injuries was caused entirely by non-silica substances or factors." See id. at 20. Accordingly, the Court concluded that such an interpretation "does not implicate the independent concurrent causation doctrine, which applies only in the context of two or more substances causing a 'single' and 'indivisible' injury." Id. In other words, the Court found that the underlying actions *potentially* alleged injuries that were entirely independent of silica-related causes and therefore fell outside the scope of the concurrent causation doctrine. See id.

The August 27, 2026 Orders suggest that it is unclear how to interpret the exclusions' "arising out of" language with respect to injuries that are "independently caused by non-excluded substances." See Francini, Dkt. 105 at 6. However, the August 27, 2026 Orders do not explain how the concurrent causation doctrine could create any "tension"—or apply at all—in the context of alleged injuries caused by only a single, non-silica-based substance. See Allstate Ins. Co. v. Jones, 139 Cal. App. 3d 271, 275 (1983) (explaining that the concurrent causation doctrine applies "when *two,* independent, negligent acts concur to produce one injury" (emphasis added)). Moreover,

[4] Because neither party considers the illusory coverage doctrine to be relevant to the instant motion, the Court does not address the August 27, 2026 Orders' discussion of the illusory coverage doctrine. See Opp. at 1; Reply at 2.

the August 27, 2026 Orders observe that that even if the concurrent causation doctrine did not apply to the underlying plaintiffs' alleged injuries caused by a combination of silica- and non-silica-based substances, "there are allegations of injuries that can be caused *entirely* by non-excluded substances" that are "sufficient to deny the [i]nsurers' [m]otion for [j]udgment on the [p]leadings." Francini, Dkt. 105 at 6. In this respect, the August 27, 2026 Orders appear to be consistent with this Court's March 31, 2026 Order.

Moreover, even if the Court agreed with plaintiffs that the August 27, 2026 Orders constitute "a material change in circumstances," see Mot. at 2, such a change would not necessarily give rise to a "substantial ground for difference of opinion" within the meaning of § 1292(b). "The Ninth Circuit has never suggested a split between or among district courts establishes a substantial ground for difference of opinion for purposes of § 1292(b)." FERC v. Vitol Inc., No. 2:20-CV-00040, 2022 WL 583998, at *3 (E.D. Cal. Feb. 25, 2022). Instead, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the *circuits* are in dispute." See Couch, 611 F.3d 629 at 633 (emphasis added). Even assuming *arguendo* that the August 27, 2026 Orders constitute evidence of an intradistrict "split" on the question of whether insurers' silica exclusions negate their duty to defend Hausys and other defendants in the underlying actions, such evidence is insufficient to satisfy § 1292(b)'s requirements.

Because there remains no substantial ground for difference of opinion with respect to the Court's March 31, 2026 Order denying plaintiffs' motion for judgment on the pleadings, the Court need not reach the merits of plaintiffs' efficiency-related arguments.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Liberty's motion for reconsideration of the Court's July 6, 2026 order denying Liberty's motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) and request for stay of proceedings pending appeal.

IT IS SO ORDERED.

00 : 05

Initials of Preparer CMJ